James Bowles, Esq. (SBN 089383)
Hill, Farrer & Burrill
One California Plaza – 37th Floor
300 S. Grand Avenue
Los Angeles, CA 90071-3147
Telephone: (213) 620-0460
Facsimile: (213) 624-4840

Attorneys for
MAID BRIGADE, INC.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIRGINIA PEREZ, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MAID BRIGADE, INC., a Delaware Corporation, and BMJ LLC, a California Limited Liability Company,<br><br>Defendants. | Case No.: C-07-3473 (SI)<br><br>ANSWER AND DEFENSES OF DEFENDANT MAID BRIGADE, INC. |

NOW COMES Maid Brigade, Inc. (hereinafter referred to as "MBI" or "this defendant"), named as a defendant in the above-styled action, and makes and files its Answer and Defenses to the Complaint of Virginia Perez (hereinafter "plaintiff") and shows as follows:

## DEFENSES TO THE COMPLAINT AS A WHOLE

### FIRST DEFENSE

Plaintiff's Complaint, and each and every count thereof, fails to state a claim against MBI upon which relief can be granted.

### SECOND DEFENSE

Plaintiff's claims are barred by the doctrines of estoppel and/or waiver.

### THIRD DEFENSE

Plaintiff's claims are barred by applicable statutes of limitations.

### FOURTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by plaintiff's failure to mitigate her alleged damages.

### FIFTH DEFENSE

This Court lacks personal jurisdiction over MBI.

### SIXTH DEFENSE

Plaintiff's claims against MBI are subject to mandatory arbitration and are due to be dismissed on this basis.

### SEVENTH DEFENSE

Plaintiff is not a proper class or collective action representative because she is not similarly situated to the other members of the proposed class or collective action.

### EIGHTH DEFENSE

MBI was not plaintiff's employer and cannot be held liable to plaintiff for plaintiff's alleged unpaid wages.

### NINTH DEFENSE

MBI and BMJ LLC did not engage in a joint enterprise.

### TENTH DEFENSE

MBI cannot be held liable to plaintiff because MBI acted in good faith.

### ELEVENTH DEFENSE

MBI's actions did not constitute willful violations of the Fair Labor Standards Act.

### TWELFTH DEFENSE

Plaintiff may not simultaneously maintain class and collective actions given the inherent substantial differences between the two forms of action.

## THIRTEENTH DEFENSE

Process and service of process are defective as to MBI.

## FOURTEENTH DEFENSE

Plaintiff has failed to exhaust her administrative remedies before the California Labor Commissioner, which forum is more expeditious and efficient than the purported class action.

## FIFTEENTH DEFENSE

On information and belief, any unpaid work time was de minimis.

## SIXTEENTH DEFENSE

On information and belief, plaintiff has misrepresented her hours worked, meal periods, and breaks.

## SEVENTEENTH DEFENSE

Pursuant to 29 U.S.C. Sec. 207(i), plaintiff was exempt from overtime payments during some or all of the period for which she seeks recovery.

## EIGHTEENTH DEFENSE

This defendant answers each numbered paragraph of plaintiff's Complaint as follows:

1.

This defendant is without knowledge or information sufficient to form a belief as to the truth of plaintiff's allegations regarding her residence. This defendant admits, on information and belief, that plaintiff has been employed by defendant BMJ LLC in Marin County, California. This defendant denies the remaining allegations of paragraph 1 and specifically denies that plaintiff was employed by MBI.

2.

This defendant admits that defendant BMJ LLC does business in Marin County, California, as a franchisee of MBI, and that MBI is a Delaware corporation. MBI admits that it was incorporated in 1982, that it engages in interstate commerce, and that it offers various services to its franchisees. MBI denies that its annual sales exceed $50,000,000 and that it has more than 1,400 nationwide employees. MBI denies the remaining allegations of paragraph 2 and specifically denies that MBI and its franchisees constitute an enterprise within the meaning of the Fair Labor Standards Act.

3.

This defendant admits that this Court has federal question jurisdiction under 28 U.S.C. §1331 but denies that this Court's exercise of supplemental jurisdiction over plaintiff's state law claims would be appropriate. This defendant denies any remaining allegations of paragraph 3.

4.

This defendant admits, on information and belief, that plaintiff has been employed by its franchisee, defendant BMJ LLC. This defendant denies that plaintiff has ever been employed by MBI, and further states that MBI has no employment relationship with the employees of BMJ LLC. This defendant denies any remaining allegations of paragraph 4.

5.

This defendant admits, on information and belief, that plaintiff has been employed by defendant BMJ LLC as a maid. This defendant denies the remaining allegations of paragraph 5 and specifically denies that plaintiff was ever employed by MBI.

6.

This defendant denies that plaintiff was ever its employee. MBI is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 regarding plaintiff's work for BMJ LLC. MBI denies the remaining allegations of paragraph 6.

7.

This defendant denies the allegations of paragraph 7 except that MBI admits, on information and belief, that defendant BMJ LLC calculated plaintiff's compensation, in part, as a percentage of the receipts derived from plaintiff's cleaning services.

8.

Paragraph 8 is denied.

9.

Answering paragraph 9, MBI states that the statutory provisions quoted therein shall speak for themselves in all respects. MBI denies any remaining allegations of paragraph 9.

10.

Answering paragraph 10, MBI states that the statutory provisions quoted therein shall speak for themselves in all respects. MBI denies any remaining allegations of paragraph 10.

11.

This defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11 regarding BMJ LLC. To the extent any of the allegations in paragraph 11 are directed to MBI, they are denied.

12.

Answering paragraph 12, MBI states that the statutory provisions quoted and referred to therein shall speak for themselves in all respects. To the extent that any of the remaining allegations of paragraph 12 are addressed to MBI, MBI denies same.

13.

Answering paragraph 13, MBI states that the statutory provision quoted therein shall speak for itself in all respects. MBI denies any remaining allegations of paragraph 13.

14.

Answering paragraph 14, MBI states that the statutory provision quoted therein shall speak for itself in all respects. MBI denies any remaining allegations of paragraph 14.

15.

Answering paragraph 15, MBI states that the statutory provisions quoted and referred to therein shall speak for themselves in all respects. MBI denies the remaining allegations of paragraph 15.

16.

Answering paragraph 16, MBI states that the statutory provision quoted therein shall speak for itself in all respects. MBI denies any remaining allegations of paragraph 16.

17.

Answering paragraph 17, MBI states that the statutory provision quoted therein shall speak for itself in all respects. This defendant denies any remaining allegations of paragraph 17.

18.

Answering paragraph 18, MBI states that the statutory provision quoted therein shall speak for itself in all respects. MBI denies any remaining allegations of paragraph 18.

19.

Answering paragraph 19, MBI states that the statutory provision quote therein shall speak for itself in all respects. MBI denies the remaining allegations of paragraph 19.

**20.**

Answering paragraph 20, MBI states that the regulation quoted therein shall speak for itself in all respects. MBI denies the remaining allegations of paragraph 20.

**21.**

Answering paragraph 21, MBI states that the statutory provision quoted therein shall speak for itself in all respects. This defendant denies any remaining allegations of paragraph 21.

**22.**

This defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 regarding BMJ LLC. To the extent any of the allegations in paragraph 22 are directed to MBI, they are denied.

**23.**

Answering paragraph 23, this defendant states that the cited regulations shall speak for themselves in all respects. This defendant denies any remaining allegations of paragraph 23.

**24.**

Answering paragraph 24, this defendant states that the cited statutory provisions shall speak for themselves in all respects. This defendant denies any remaining allegations of paragraph 24.

**25.**

Paragraph 25 sets forth legal conclusions which require no response from this defendant. To the extent paragraph 25 contains factual allegations, they are denied.

**26.**

This defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26 regarding BMJ LLC. To the extent any of the allegations in paragraph 26 are directed to MBI, they are denied.

## PLAINTIFF'S CLASS-ACTION ALLEGATIONS

27.

Answering paragraph 27, this defendant acknowledges that plaintiff has described a class that she seeks to represent. To the extent plaintiff seeks to represent such a class against this defendant or any defendant, such a class is totally non-maintainable for numerous and substantial reasons. To the extent paragraph 27 contains factual allegations addressed to MBI, they are denied.

28.

To the extent paragraph 28 is addressed to MBI, it is denied.

29.

To the extent paragraph 29 is addressed to MBI, it is denied.

30.

To the extent paragraph 30 is addressed to MBI, it is denied.

31.

To the extent paragraph 31 is addressed to MBI, it is denied.

32.

To the extent paragraph 32 is addressed to MBI, it is denied.

33.

To the extent paragraph 33 is addressed to MBI, it is denied.

## FLSA COLLECTIVE ACTION ALLEGATIONS

34.

Answering paragraph 34, this defendant acknowledges that plaintiff has described a collective grouping of persons on a national basis but denies that such grouping is maintainable for numerous and substantial reasons. MBI denies any remaining allegations of paragraph 34.

35.

MBI denies the allegations of paragraph 35.

36.

MBI denies the allegations of paragraph 36.

37.

MBI denies the allegations of paragraph 37.

### FIRST CLAIM FOR RELIEF

38.

This defendant realleges and incorporates, as if set forth fully verbatim herein, its responses to paragraphs 1 through 37.

39.

To the extent paragraph 39 is addressed to MBI, it is denied.

40.

To the extent paragraph 40 is addressed to MBI, it is denied.

### SECOND CLAIM FOR RELIEF

41.

MBI realleges and incorporates, as if set forth fully verbatim herein, its responses to paragraphs 1 through 40.

42.

To the extent paragraph 42 is addressed to MBI, it is denied.

43.

To the extent paragraph 43 is addressed to MBI, it is denied.

### THIRD CLAIM FOR RELIEF

44.

MBI realleges and incorporates, as if set forth fully verbatim herein, its responses to paragraphs 1 through 43.

45.

This defendant is without knowledge or information sufficient to form a belief as to the truth of plaintiff's allegations regarding the pay stubs she received from defendant BMJ LLC. To the extent the allegations of paragraph 45 are directed to MBI, they are denied.

## FOURTH CLAIM FOR RELIEF

46.

MBI realleges and incorporates, as if set forth fully verbatim herein, its responses to paragraphs 1 through 45.

47.

To the extent paragraph 47 is addressed to MBI, it is denied.

## FIFTH CLAIM FOR RELIEF

48.

MBI realleges and incorporates, as if set forth fully verbatim herein, its responses to paragraphs 1 through 47.

49.

This defendant denies the allegations of paragraph 49.

## SIXTH CLAIM FOR RELIEF

50.

MBI realleges and incorporates, as if set forth fully verbatim herein, its responses to paragraphs 1 through 49.

51.

Paragraph 51 sets forth legal conclusions to which no response is required. To the extent paragraph 51 contains factual allegations, they are denied.

52.

This defendant denies the allegations of paragraph 52.

53.

This defendant denies the allegations of paragraph 53.

54.

This defendant denies the allegations of paragraph 54.

55.

This defendant denies the allegations of paragraph 55.

56.

This defendant admits that plaintiff seeks to recover attorney's fees and costs but denies that plaintiff is entitled to such recovery. MBI denies any remaining allegations of paragraph 56.

56(a)

MBI denies all allegations of plaintiff's Complaint not herein admitted, denied, or neither admitted nor denied for lack of knowledge or information sufficient to form a belief as to the truth of the allegation.

WHEREFORE, MBI respectfully requests that plaintiff's Complaint be dismissed in its entirety; that all relief, whether or not prayed for in the Complaint, that is or could be available be denied completely; that judgment be entered in favor of MBI; that MBI be awarded its attorneys' fees against plaintiff; that plaintiff be assessed all costs of this action; and that MBI have such other and further relief as the Court deems just and proper.

Respectfully submitted this 10th day of August, 2007.

/s/ James A. Bowles
James Bowles, Esq.
California Bar No.: 089383

Hill, Farrer & Burrill
One California Plaza – 37th Floor
300 S. Grand Avenue
Los Angeles, CA 90071-3147
Telephone: (213) 620-0460
Facsimile: (213) 624-4840
Email: jbowles@hillfarrer.com

Application for admission
<u>Pro hac vice pending</u>

Daniel M. Shea
Paul R. Beshears
Michelle W. Johnson
NELSON MULLINS RILEY & SCARBOROUGH LLP
999 Peachtree Street, Suite 1400
Atlanta, Georgia 30309
Telephone: (404) 817-6000
Facsimile: (404) 817-6050

Attorneys for Defendant Maid Brigade, Inc.

| | |
|---|---|
| UNITED STATES DISTRICT COURT | |
| NORTHERN DISTRICT OF CALIFORNIA | |

VIRGINIA PEREZ, individually, and on behalf of all others similarly situated,

    plaintiff,

v.

MAID BRIGADE, INC., a Delaware Corporation, and BMJ LLC, a California Limited Liability Company,

    defendants.

Case No.: C-07-3473 (SI)

CERTIFICATE OF SERVICE

I hereby certify that I have this day served the within and foregoing ANSWER AND DEFENSES OF DEFENDANT MAID BRIGADE, INC. by depositing a copy of same in the United States Mail in a properly addressed envelope with sufficient postage affixed thereto to ensure delivery to the following:

Mr. Alan Harris
Harris & Ruble
5455 Wilshire Boulevard, Suite 1800
Los Angeles, CA  90069

This 10TH day of August, 2007.

           James Bowles, Esq.
           California Bar No.: 089383

Hill, Farrer & Burrill
One California Plaza – 37th Floor
300 S. Grand Avenue
Los Angeles, CA 90071-3147
Telephone: (213) 620-0460
Facsimile: (213) 624-4840
Email: jbowles@hillfarrer.com
HFB 746336.1 B5866002