PATRICK M. MACIAS (SBN 118167)
SARAH N. LÉGER (SBN 226877)
RAGGHIANTI   FREITAS
A Limited Liability Partnership
874 Fourth Street
San Rafael, California 94901
Telephone:  (415) 453-9433
Facsimile:   (415) 453-8269

Attorneys for BMJ LLC,
A California Limited Liability Company

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIRGINIA PEREZ, individually, and on behalf of all others similarly situated, | ) )  **Case No.:  C-07-3473 (SI)** |
| Plaintiff, | ) ) ) |
| v. | ) )  **ANSWER AND DEFENSES OF DEFENDANT BMJ LLC** |
| MAID BRIGADE, INC., a Delaware Corporation, and BMJ LLC, a California Limited Liability Company, | ) ) ) ) |
| Defendants. | ) ) ) |

NOW COMES BMJ LLC, a California Limited Liability company (hereinafter referred to as "BMJ" or "this defendant"), named as a defendant in the above-styled action, and makes and files its Answer and Defenses to the Complaint of Virginia Perez (hereinafter "plaintiff") and shows as follows:

## DEFENSES TO THE COMPLAINT AS A WHOLE

### FIRST DEFENSE

Plaintiff's Complaint, and each and every count thereof, fails to state a claim against BMJ upon which relief can be granted.

## SECOND DEFENSE

Plaintiff's claims are barred by the doctrines of estoppel and/or waiver.

## THIRD DEFENSE

Plaintiff's claims are barred by applicable statutes of limitations.

## FOURTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by plaintiff's failure to mitigate her alleged damages.

## FIFTH DEFENSE

This Court lacks personal jurisdiction over BMJ.

## SIXTH DEFENSE

Plaintiff's claims against BMJ are subject to mandatory arbitration and are due to be dismissed on this basis.

## SEVENTH DEFENSE

Plaintiff is not a proper class or collective action representative because she is not similarly situated to the other members of the proposed class or collective action.

## EIGHTH DEFENSE

MBI and BMJ LLC did not engage in a joint enterprise.

## NINTH DEFENSE

BMJ cannot be held liable to plaintiff because BMJ acted in good faith.

## TENTH DEFENSE

BMJ's actions did not constitute willful violations of the Fair Labor Standards Act.

### ELEVENTH DEFENSE

Plaintiff may not simultaneously maintain class and collective actions given the inherent substantial differences between the two forms of action.

### TWELFTH DEFENSE

Plaintiff has failed to exhaust her administrative remedies before the California Labor Commissioner, which forum is more expeditious and efficient than the purported class action.

### THIRTEENTH DEFENSE

If Plaintiff was not compensated for any work time, such unpaid work time was de minimis.

### FOURTEENTH DEFENSE

On information and belief, plaintiff has misrepresented her hours worked, meal periods, and breaks.

### FIFTEENTH DEFENSE

Pursuant to 29 U.S.C. Sec. 207(i), plaintiff was exempt from overtime payments during some or all of the period for which she seeks recovery.

### SIXTEENTH DEFENSE

This defendant answers each numbered paragraph of plaintiff's Complaint as follows:

1.

This defendant admits that plaintiff is a resident of California.  This defendant admits that plaintiff has been employed by defendant BMJ in Marin County, California.

2.

This defendant admits that defendant BMJ does business in Marin County, California, as a franchisee of MBI. This defendant lacks knowledge or information sufficient to form a belief as whether MBI is a Delaware corporation, the date of MBI's incorporation, or whether MBI engages in interstate commerce. This Defendant admits that MBI offers various services to its franchisees. This defendant lacks knowledge or information sufficient to form a belief as to the annual sales of MBI or the number of its employees. BMJ denies the remaining allegations of paragraph 2.

3.

This defendant admits that this Court has federal question jurisdiction under 28 U.S.C. §1331 but denies that this Court's exercise of supplemental jurisdiction over plaintiff's state law claims would be appropriate. This defendant denies any remaining allegations of paragraph 3.

4.

This defendant admits that it has employed plaintiff, and denies that plaintiff's employment with BMJ has been terminated. This defendant denies that plaintiff was ever employed by MBI.

5.

This defendant admits that plaintiff has been employed by this defendant as a maid and as an office assistant. This defendant denies the remaining allegations of paragraph 5.

6.

The use of the phrase "non-exempt functions" in paragraph 6 is vague and ambiguous, so that this defendant cannot admit or deny the allegations of the first sentence thereof.   This defendant admits the allegations of the second sentence of paragraph 6, as to plaintiff and this defendants' other employees who work as maids. This defendant denies the remaining allegations of paragraph 6.

7.

This defendant admits that this defendant calculated plaintiff's compensation, in part, as a percentage of the receipts derived from plaintiff's cleaning services.  This defendant denies the remaining allegations of paragraph 7.

8.

This defendant denies the allegations of Paragraph 8.

9.

Answering paragraph 9, BMJ states that the statutory provisions quoted therein shall speak for themselves in all respects.  BMJ denies any remaining allegations of paragraph 9.

10.

Answering paragraph 10, BMJ states that the statutory provisions quoted therein shall speak for themselves in all respects.  BMJ denies any remaining allegations of paragraph 10.

11.

This defendant denies that plaintiff's employment with BMJ is terminated, and so denies that plaintiff received a "final paycheck." This defendant denies the remaining allegations of paragraph 11.

12.

Answering paragraph 12, BMJ states that the statutory provisions quoted and referred to therein shall speak for themselves in all respects. BMJ denies the remaining allegations of paragraph 12.

13.

Answering paragraph 13, BMJ states that the statutory provision quoted therein shall speak for itself in all respects. BMJ denies any remaining allegations of paragraph 13.

14.

Answering paragraph 14, BMJ states that the statutory provision quoted therein shall speak for itself in all respects. BMJ denies any remaining allegations of paragraph 14.

15.

Answering paragraph 15, BMJ states that the statutory provisions quoted and referred to therein shall speak for themselves in all respects. BMJ further states that to the extent that any of BMJ's employees worked in excess of eight hours per day or forty hours per week, those employees were properly compensated. BMJ denies the remaining allegations of paragraph 15.

16.

Answering paragraph 16, BMJ states that the statutory provision quoted therein shall speak for itself in all respects.  BMJ denies any remaining allegations of paragraph 16.

17.

Answering paragraph 17, BMJ states that the statutory provision quoted therein shall speak for itself in all respects.  BMJ denies any remaining allegations of paragraph 17.

18.

Answering paragraph 18, BMJ states that the statutory provision quoted therein shall speak for itself in all respects.  BMJ denies any remaining allegations of paragraph 18.

19.

Answering paragraph 19, BMJ states that the statutory provision quote therein shall speak for itself in all respects.  BMJ further states that to the extent that any of BMJ's employees worked in excess of forty hours per week, those employees were properly compensated.  BMJ denies the remaining allegations of paragraph 19.

20.

Answering paragraph 20, BMJ states that the regulation quoted therein shall speak for itself in all respects.  BMJ further states that to the extent that any of BMJ's employees worked in excess of eight hours per day or forty hours per week, those employees were properly compensated.  BMJ denies the remaining allegations of paragraph 20.

21.

Answering paragraph 21, BMJ states that the statutory provision quoted therein shall speak for itself in all respects.  BMJ denies any remaining allegations of paragraph 21.

22.

BMJ denies the allegations of paragraph 22.

23.

Answering paragraph 23, this defendant states that the cited regulations shall speak for themselves in all respects.  This defendant denies any remaining allegations of paragraph 23.

24.

Answering paragraph 24, this defendant states that the cited statutory provisions shall speak for themselves in all respects.  This defendant denies any remaining allegations of paragraph 24.

25.

Paragraph 25 sets forth legal conclusions which require no response from this defendant.  To the extent paragraph 25 contains factual allegations, they are denied.

26.

BMJ denies the allegations of paragraph 26.

**PLAINTIFF'S CLASS-ACTION ALLEGATIONS**

27.

Answering paragraph 27, this defendant acknowledges that plaintiff has described a class that she seeks to represent.  To the extent plaintiff seeks to represent such a

class against this defendant or any defendant, such a class is totally non-maintainable for numerous and substantial reasons.

28.

This defendant denies the allegations of paragraph 28.

29.

This defendant denies the allegations of paragraph 29.

30.

This defendant denies the allegations of paragraph 30.

31.

This defendant denies the allegations of paragraph 31.

32.

This defendant denies the allegations of paragraph 32.

33.

This defendant denies the allegations of paragraph 33

**FLSA COLLECTIVE ACTION ALLEGATIONS**

34.

Answering paragraph 34, this defendant acknowledges that plaintiff has described a collective grouping of persons on a national basis but denies that such grouping is maintainable for numerous and substantial reasons.  BMJ denies any remaining allegations of paragraph 34.

35.

BMJ denies the allegations of paragraph 35.

36.

BMJ denies the allegations of paragraph 36.

37.

BMJ denies the allegations of paragraph 37.

### FIRST CLAIM FOR RELIEF

38.

This defendant realleges and incorporates, as if set forth fully verbatim herein, its responses to paragraphs 1 through 37.

39.

Answering paragraph 39, BMJ states that to the extent that any of BMJ's employees worked in excess of eight hours per day or forty hours per week, those employees were properly compensated.  BMJ denies the remaining allegations of paragraph 39.

40.

This defendant denies the allegations of paragraph 40.

### SECOND CLAIM FOR RELIEF

41.

This defendant realleges and incorporates, as if set forth fully verbatim herein, its responses to paragraphs 1 through 40.

42.

This defendant denies the allegations of paragraph 42.

43.

This defendant denies the allegations of paragraph 43.

## THIRD CLAIM FOR RELIEF

44.

This defendant realleges and incorporates, as if set forth fully verbatim herein, its responses to paragraphs 1 through 43.

45.

This defendant denies the allegations of paragraph 45.

## FOURTH CLAIM FOR RELIEF

46.

This defendant realleges and incorporates, as if set forth fully verbatim herein, its responses to paragraphs 1 through 45.

47.

This defendant denies the allegations of paragraph 47.

## FIFTH CLAIM FOR RELIEF

48.

This defendant realleges and incorporates, as if set forth fully verbatim herein, its responses to paragraphs 1 through 47.

49.

Answering paragraph 49, BMJ states that to the extent that any of BMJ's employees worked in excess of eight hours per day or forty hours per week, those employees were properly compensated.  This defendant denies the remaining allegations of paragraph 49.

## SIXTH CLAIM FOR RELIEF

50.

This defendant realleges and incorporates, as if set forth fully verbatim herein, its responses to paragraphs 1 through 49.

51.

Paragraph 51 sets forth legal conclusions to which no response is required.

52.

This defendant denies the allegations of paragraph 52.

53.

This defendant denies the allegations of paragraph 53.

54.

This defendant denies the allegations of paragraph 54.

55.

This defendant denies the allegations of paragraph 55.

56.

This defendant admits that plaintiff seeks to recover attorney's fees and costs but denies that plaintiff is entitled to such recovery.  BMJ denies any remaining allegations of paragraph 56.

56(a)

BMJ denies all allegations of plaintiff's Complaint not herein admitted, denied, or neither admitted nor denied for lack of knowledge or information sufficient to form a belief as to the truth of the allegation.

WHEREFORE, BMJ respectfully requests that plaintiff's Complaint be dismissed in its entirety; that all relief, whether or not prayed for in the Complaint, that is or could be available be denied completely; that judgment be entered in favor of BMJ; that BMJ be awarded its attorneys' fees against plaintiff; that plaintiff be assessed all costs of this action; and that BMJ have such other and further relief as the Court deems just and proper.

Respectfully submitted this 14 day of August, 2007.

_____/s/_____
Patrick M. Macias, Esq.
California Bar No.: 118167

RAGGHIANTI FREITAS
A Limited Liability Partnership
874 Fourth Street, Suite D
San Rafael, CA  94901
Telephone: (415) 453-9433
Facsimile: (415) 453-8269
Email: pmacias@rflawllp.com