PATRICK M. MACIAS (SBN 118167)
SARAH N. LÉGER (SBN 226877)
RAGGHIANTI FREITAS LLP
874 Fourth Street
San Rafael, California 94901
Telephone: (415) 453-9433
Facsimile: (415) 453-8269

Attorneys for Defendant
BMJ LLC

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIRGINIA PEREZ, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MAID BRIGADE, INC., a Delaware Corporation, and BMJ LLC, a California Limited Liability Company,<br><br>Defendants. | CASE NO. C 07 3473 SI<br><br>**NOTICE OF MOTION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT BMJ LLC'S MOTION TO COMPEL ARBITRATION AND TO STAY PENDING LITIGATION**<br>[9 U.S.C. §§3, 4]<br><br>Date:  October 12, 2007<br>Time:  9:00 A.M.<br>Dept.:  10<br>Judge:  Hon. Susan Illston |

## NOTICE OF MOTION

**TO PLAINTIFF AND TO HER ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on October 12, 2007, at 9:00 a.m., or as soon thereafter as the matter may be heard, in Department 10, 19th Floor, of the above-entitled Court, located at 450 Golden Gate Avenue, San Francisco, California, Defendant BMJ LLC will, and hereby does, petition the Court to compel contractual arbitration and to stay this action, as further described in the accompanying Memorandum of Points and

Authorities set forth below.

This Motion is made and based upon the Complaint filed herein, Title 9, Sections 3 and 4 of the United States Code, this Notice of Motion, the supporting Memorandum of Points and Authorities, and Declarations of Patrick M. Macias and Bruce Abbott, and all pleadings and papers in the Court's file in this matter, and such further evidence and argument that will be admitted or argued in accordance with the law at the time of the hearing.

Dated:  August 14, 2007                              Respectfully Submitted,

RAGGHIANTI FREITAS LLP


By: /s/_____
         Patrick M. Macias

Attorneys for Defendant
BMJ, LLC

## **MEMORANDUM OF POINTS AND AUTHORITIES**

### **INTRODUCTION**

This case arises out of the employment of Plaintiff Virginia Perez at Maid Brigade of Marin County (hereinafter "MBMC")(owned by Defendant BMJ, LLC as a franchise of Defendant Maid Brigade, Inc.).  In connection with her employment at MBMC, Plaintiff signed an employment agreement, pursuant to which she agreed to arbitrate all disputes arising out of said employment.

Shortly after the filing of this action, demand was made upon Plaintiff, through her counsel, to refer the dispute to arbitration pursuant to the parties' agreement.  Plaintiff refused this request, and therefore BMJ hereby seeks an Order of the Court, pursuant to Title 9, Sections 3 and 4 of the United States Code, staying this action and referring the matter to binding arbitration.

## STATEMENT OF FACTS

Plaintiff was hired by MBMC in or around 2002. In connection with her employment, Plaintiff executed an arbitration agreement, which contained the following provisions:

> In the event I believe that Maid Brigade has violated any of my legal rights arising out of my employment, or termination thereof, I agree to submit any and all such disputes to binding arbitration and not to file a lawsuit alleging a violation of my legal rights. Arbitration will be handled in accordance with the rules and procedures provided in this Agreement and the rules of the American Arbitration Association, where not in conflict with this Agreement.
>
> …
>
> This policy includes the exclusive forum for dispute resolution and is intended to be final and binding on all parties.

See Declaration of Bruce Abbott in Support of Defendant BMJ LLC's Petition to Compel Arbitration and to Stay or Dismiss Pending Litigation ("Abbott Decl."), ¶ 3, Exh. A[1].

Plaintiff filed this action against BMJ on July 3, 2007. In the complaint, Plaintiff asserts wage and hour claims against her employer, pursuant to California Labor Code Sections 1194, 203, 226, 226.7 and Title 29, Sections 206 and 207 of the United States Code, as well as claims of Business and Professions Code Violations (resulting from the alleged failure to comply with State and Federal law regarding her wages and rest periods). (See generally, Plaintiff's Complaint on file herein.)

On August 7, 2007, counsel for BMJ informed Plaintiff's counsel of the existence of the arbitration agreement, and requested that Plaintiff stipulate to stay this action and for reference to binding arbitration under the AAA rules. (See Declaration of Patrick M. Macias in Support of Defendant BMJ LLC's Petition to Compel Arbitration and to Stay or Dismiss Pending Litigation ("Macias Decl."), ¶¶ 2, 3; Exh. A and B.) Counsel for BMJ

---

[1] Plaintiff's first language is Spanish, and therefore the employment documents she executed are in Spanish. Attached as Exhibit A to the Abbott Declaration is the Agreement, in Spanish, as executed by Plaintiff, along with the English language translation.

also provided Plaintiff's counsel with a copy of the employment agreement, including the subject arbitration agreement. (Macias Decl., ¶¶ 2, 3; Exh. A and B.) Despite the clear and unambiguous language of the agreement between the parties, Plaintiff refused BMJ's request. (Macias Decl., ¶¶ 4, 5.)

## LEGAL ARGUMENT

**A.     This Action Should Be Referred to Binding Arbitration Pursuant to the Parties' Agreement [9 U.S.C. §4].**

The Federal Arbitration Act provides that any party to an arbitration agreement may petition the Court for an order "directing that such arbitration proceed in the manner provided for in such agreement," upon an adverse party's failure or refusal to submit the matter to arbitration pursuant to said written agreement. 9 U.S.C. §4. "The purpose for enacting the FAA was to assure judicial enforcement of privately made agreements to arbitrate by placing them 'upon the same footing as other contracts.'" *Whiteside v. Teltech Corp.* (4th Cir. 1991) 940 F.2d 99, 101 (citing *Dean Witter Reynolds Inc. v. Byrd* (1985) 470 U.S. 213, 219). Specifically, the Act provides a "separate federal cause of action for enforcement of agreements within its scope, even if the underlying dispute depends entirely on state law." *Id*. "When deciding arbitrability, the court only determines whether, as a matter of contract between the parties, the underlying dispute should be resolved in court or by arbitration." *Id*. at 102. In making its determination, the Court must resolve any doubt as to arbitrability "in favor of the policy favoring arbitration." *Id*. at 101.

A prerequisite to application of the FAA is a finding of jurisdiction over the dispute by the Court; specifically, "when the federal district court would have jurisdiction over a suit on the underlying dispute." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp*., (1983) 460 U.S. 1, 26. This issue arises due to the fact that Section 4 of the FAA provides an independent remedy to enforce arbitration agreements *prior* to the filing of an action to resolve the controversy between the parties in federal court. (See generally 9 U.S.C. §4.) Here, Plaintiff has already filed a complaint against BMJ to be heard by this

Court, and asserts federal jurisdiction over the dispute by the inclusion of the Fair Labor Standards Act claims in her Complaint. (See Plaintiff's Complaint on file herein, Cause of Action No. 5.)

Accordingly, BMJ need only demonstrate the following in order for the Court to refer this matter to binding arbitration: (1) the existence of a dispute between the parties; (2) a written agreement that includes an arbitration provision purporting to cover the dispute; and (3) plaintiff's failure or refusal to arbitrate the dispute. *Whiteside, supra,* 940 F.2d at 101.

A dispute has arisen between the Plaintiff and BMJ that forms the basis of Plaintiff's Complaint on file herein. Specifically, Plaintiff alleges that BMJ violated State and Federal law with respect to her employment at MBMC. In conjunction with her employment at MBMC, Plaintiff executed an arbitration agreement, which specifically states that any grievance against MBMC for an alleged violation of Plaintiff's "legal rights arising out of my employment," will be submitted to binding arbitration and will not become the subject of litigation. (See Abbott Decl., ¶ 3, Exh. A (excerpt cited above).) Despite this provision, Plaintiff has refused to submit her claims to binding arbitration.[2] (Macias Decl., ¶¶ 4, 5.)

In the Ninth Circuit decision of *Kuehner v. Dickenson & Co.* (9th Cir. 1996) 84 F.3d 316, the plaintiff, in connection with her employment, executed an arbitration agreement which contained the following provision: "I agree to arbitrate any dispute, claim or controversy that may arise between me and my firm…and that any arbitration award rendered against me may be entered as a judgment in any court of competent jurisdiction." *Id*. at 318. Kuehner thereafter brought suit against her former employer for

---

[2] During this "meet and confer" process, Plaintiff's counsel cited, as support for the refusal to submit these claims to arbitration, the case of *Albertson's, Inc. v. United Food and Commercial Workers Union, et al.* (9th Cir. 1998) 157 F.3d 758 (holding that union employees subject to a collective bargaining agreement are able to prosecute claims under the Fair Labor Standards Act in court, regardless of any related arbitration provisions). Notably, *Albertson's* is easily distinguishable from this case; the holding of Albertson's is specific to union employees subject to collective bargaining agreements. (See *Albertson's, supra*, 157 F.3d at 762.) Plaintiff's complaint makes no allegations that she is a union member, or that her employment as MBMC was subject to a collective bargaining agreement. (See Complaint on file herein.)

alleged violations of the Fair Labor Standards Act and for wrongful discharge under California state law. Kuehner's employer petitioned the district court for a stay of the proceedings pending arbitration; the stay was granted. On appeal, the Ninth Circuit affirmed the stay as the correct remedy upon the finding by the district court of an enforceable arbitration agreement.

Here, as in *Kuehner*, the express terms of the arbitration agreement, as executed by Plaintiff, should control, and this action is properly referred to binding arbitration by this Court.

### B. This Action Should Be Stayed Pending Arbitration [9 U.S.C. §3].

Title 9, Section 3 of the United States Code provides another remedy for enforcement of arbitration agreements:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

9 U.S.C. §3.

The Northern District has strictly interpreted Title 9, Section 3: "'If the issues in a case are within the reach of the [arbitration] Agreement,' the court must, upon request by either party, grant a stay of the action pending arbitration." *Anderson v. Pitney Bowes, Inc.* 2005 U.S. Dist. LEXIS 37662 (citing In re Complaint of Hornbeck Offshore Corp. (5th Cir. 1993) 981 F.2d 752, 754: "Section 3 of the FAA, 9 U.S.C. § 3, provides for a stay of legal proceedings whenever the issues in a case are within the reach of an arbitration agreement. This provision is mandatory: 'If the issues in a case are within the reach of the agreement, the district court has no discretion under section 3 to deny the stay.' (internal citations omitted).)

As set forth in Section A above, a clear, unambiguous arbitration agreement

governs Plaintiff's employment at MBMC, and covers the claims raised by Plaintiff in this action. Accordingly, the court should stay this action pending arbitration.

## CONCLUSION

For all of the foregoing reasons, BMJ respectfully requests that the Court (1) refer this action to binding arbitration pursuant to agreement of the parties and (2) stay this action pending arbitration.

Dated:  August 14, 2007                                                  Respectfully Submitted,

                                                                                             RAGGHIANTI FREITAS LLP


                                                                                             By: /s/_____
                                                                                                        Patrick M. Macias

                                                                                             Attorneys for Defendant
                                                                                             BMJ, LLC