HILL, FARRER & BURRILL LLP
JAMES A. BOWLES (Bar No. 089383)
E. SEAN McLOUGHLIN (Bar No. 174076)
300 South Grand Avenue
37th Floor - One California Plaza
Los Angeles, CA 90071-3147
Telephone: (213) 620-0460
Facsimile: (213) 624-4840

Attorneys for Defendant
MAID BRIGADE, INC.

Daniel M. Shea, Esq.
Paul R. Beshears, Esq.
Michelle W. Johnson, Esq.
**NELSON MULLINS RILEY & SCARBOUROUGH LLP**
999 Peachtree Street, Suite 1400
Atlanta, Georgia 30309
Telephone: (404) 817-6000
Facsimile: (404) 817-6050

Attorneys for Defendant
MAID BRIGADE, INC.
Appearing *pro hac vice*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIRGINIA PEREZ,<br><br>Plaintiff,<br><br>vs.<br><br>MAID BRIGADE, INC., et al.,<br><br>Defendants. | CASE NO. C-07-3473 (SI)<br><br>**DEFENDANT MAID BRIGADE, INC.'S NOTICE OF: (1) NON-OPPOSITION TO DEFENDANT BMJ LLC'S MOTION TO COMPEL ARBITRATION; (2) OPPOSITION TO SCOPE OF STAY REQUESTED PENDING ARBITRATION**<br><br>Date: October 12, 2007<br>Time: 9:00 a.m<br>Ctrm.: 10<br>Judge: Hon. Susan Illston |

I.  **SUMMARY OF ISSUES TO BE DECIDED**

Defendant Maid Brigade, Inc. ("Maid Brigade") does not oppose moving party's BMJ LLC's ("BMJ") application for an order compelling arbitration of the dispute between Plaintiff Perez and BMJ, which arises out of her employment with BMJ. Likewise, Maid Brigade does not oppose entry of an order staying the litigation as to the claims against BMJ pending the arbitration of such claims.

Maid Brigade, however, is not a party to the arbitration agreement between Perez and BMJ. Therefore, Perez's claims against Maid Brigade are not arbitrable and under the Federal Arbitration Act, the stay requested by BMJ should not and cannot extend to the claims between Perez and Maid Brigade, which should proceed unimpeded in this Court.

II. **RELEVANT FACTS ALLEGED BY THE PLEADINGS**

Plaintiff was employed by BMJ. Complaint, ¶¶ 1, 4, 5; BMJ's Answer, ¶¶ 1, 4, 5. In its moving papers, BMJ has presented evidence that Plaintiff agreed in writing in connection with her employment to resolve any employment related disputes or claims against BMJ exclusively through final and binding arbitration.

Maid Brigade is a franchisor and did not employ Plaintiff, although Plaintiff alleges certain claims against Maid Brigade. Complaint, ¶¶ 2, 4; BMJ's Answer, ¶¶ 2, 4; Maid Brigade's Answer, ¶¶ 1, 4, 5. Maid Brigade is not a signatory or expressly named party to the arbitration agreement between Plaintiff and BMJ. Exh. A to Abbot Decl., filed August 15, 2007.

III. **LEGAL ARGUMENT**

    A.  **THE COURT SHOULD COMPEL ARBITRATION OF THE PLAINTIFF'S CLAIMS AGAINST HER EMPLOYER, BUT NOT MAID BRIGADE**

Under Civil L.R. 7-3(b), Maid Brigade does not oppose BMJ's pending motion to compel arbitration under the Federal Arbitration Act, so long as the scope of any order compelling arbitration is limited to compelling arbitration of Plaintiff's claims in this action against BMJ, and not Plaintiff's claims against Maid Brigade.

### B. THE COURT SHOULD NOT STAY THE ACTION BETWEEN PLAINTIFF AND MAID BRIGADE, WHICH IS MERELY A FRANCHISOR

Under Civil L.R. 7-3(b), Maid Brigade also does not oppose BMJ's request under the FAA for a stay pending arbitration, so long as the scope of any order staying this action is limited to a stay of Plaintiff's claims against BMJ, but not Plaintiff's claims against Maid Brigade.

If BMJ's request for stay is intended to stay all further proceedings in this action, including litigation of Plaintiff's claims against Maid Brigade, then under Civil L.R. 7-3(a), Maid Brigade does oppose such a stay, and requests the Court to limit any stay order to only those parties and claims that are compelled to arbitration.

Maid Bridgade's position is based on well settled law under the FAA that "(t)he mandatory stay provision . . . does not apply to litigation involving parties not subject to a written arbitration agreement . . ." DSMC Inc. v. Convera Corp., 349 F.3d 679, 685 (DC Cir. 2003); Adams v. Georgia Gulf Corp., 237 F.3d 538, 540-541 (5th Cir. 2001); CTF Hotel Holdings, Inc. v. Marriott Int'l, Inc., 381 F.3d 131, 138-140 (3rd Cir. 2004); Asahi Glass Co., Ltd. v. Toledo Engineering Co., Inc., 262 F. Supp. 2d 839, 842 (ND OH 2003)(nonparty to arbitration agreement may not invoke mandatory provision to stay litigation pending outcome of parallel arbitration).

Accordingly, to the extent that BMJ's motion requests a stay of the action as it relates to Plaintiff's nonarbitrable claims against Maid Brigade, the Court is requested by Maid Brigade to deny such relief and instead to enter an order limiting any stay to the proper parties and claims.

### IV. CONCLUSION

Maid Brigade respectfully requests the Court to limit any order compelling arbitration and issuing a stay in this action so that it applies only to Plaintiff and BMJ and the claims between those parties, so that Maid Brigade may proceed to

1 | defend itself in this Court.

2 | DATED: September 19, 2007        HILL, FARRER & BURRILL LLP

By: _____
E. SEAN McLOUGHLIN
Attorney for MAID BRIGADE, INC.

HFB 751236.1 M0740002

DEFENDANT'S NOTICE OF NON-OPPOSITION TO DEFENDANT BMJ LLC'S MOTION TO COMPEL ARBITRATION

## PROOF OF SERVICE

I, ANA VILLAR, declare:

I am a resident of the state of California and over the age of eighteen years, and not a party to the within action; my business address is Hill, Farrer & Burrill LLP, 300 South Grand Ave, Los Angeles, California 90071-3147. On September 19, 2007, I served the within documents:

**DEFENDANT MAID BRIGADE, INC.'S NOTICE OF: (1) NON-OPPOSITION TO DEFENDANT BMJ LLC'S MOTION TO COMPEL ARBITRATION; (2) OPPOSITION TO SCOPE OF STAY REQUESTED PENDING ARBITRATION**

☐  by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☒  by placing the document(s) listed above in this firm's mail collection and processing system for handling in the regular course of business including same day placement in a sealed envelope with postage thereon fully prepaid, and deposit in the United States mail at Los Angeles, California addressed as set forth below.

☐  by causing personal delivery by of the document(s) listed above to the person(s) at the address(es) set forth below.

☐  by placing the document(s) listed above in a sealed envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to an agent for delivery.

☐  by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

*PLS. SEE SERVICE LIST.*

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on September 19, 2007, at Los Angeles, California.

_____
ANA VILLAR

## SERVICE LIST

Alan Harris, Esq.
David S. Harris, Esq.
David Zelenski, Esq.
HARRIS & RUBLE
5455 Wilshire Blvd., Suite 1800
Los Angeles, CA 90069
Tel. No.: (323) 931-3777
Fax No.: (323) 931-3366
*Attorney for Plaintiff*
**VIRGINIA PEREZ**

Patrick M. Macias, Esq.
Sarah N. Leger, Esq.
RAGGHIANTI FREITAS LLP
874 Fourth Street
San Rafael, CA 94901
Tel. No.: (415) 453-9433
Fax No.: (415) 453-8269
*Attorney for Defendant*
**BMJ LLC**

HFB 753084.1 M0740002

A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA, 37TH FLOOR
300 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-3147