1  Alan Harris (SBN 146079)
   David S. Harris (SBN 215224)
2  David Zelenski (SBN 231768)
   HARRIS & RUBLE
3  5455 Wilshire Boulevard, Suite 1800
   Los Angeles, California 90069
4  Telephone:  (323) 931-3777
   Facsimile:  (323) 931-3366
5
   Attorneys for Plaintiff
6

7

8                  UNITED STATES DISTRICT COURT

9                NORTHERN DISTRICT OF CALIFORNIA

10

11
   VIRGINIA PEREZ, individually,          Case No. C 07-3473 SI
12 and on behalf of all others similarly
   situated,                              **MEMORANDUM OF POINTS AND**
13                                         **AUTHORITIES IN OPPOSITION**
                                           **TO DEFENDANT BMJ LLC'S**
14                  Plaintiff,             **MOTION TO COMPEL**
                                           **ARBITRATION AND TO STAY**
15          v.                             **PENDING LITIGATION**

16 MAID BRIGADE, INC., a                   Date:  October 12, 2007
   Delaware Corporation, and BMJ          Time:  9:00 a.m.
17 LLC, a California Limited Liability     Dep't:  10
   Company,
18                                         *Assigned to Hon. Susan Illston*
                    Defendants.
19

20

21

22

23

24

25

26

27

28

1  Alan Harris (SBN 146079)
   David S. Harris (SBN 215224)
2  David Zelenski (SBN 231768)
   HARRIS & RUBLE
3  5455 Wilshire Boulevard, Suite 1800
   Los Angeles, California 90069
4  Telephone:  (323) 931-3777
   Facsimile:  (323) 931-3366
5
   Attorneys for Plaintiff
6

7

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10

11
   VIRGINIA PEREZ, individually,          Case No. C 07-3473 SI
12 and on behalf of all others similarly
   situated,                              **MEMORANDUM OF POINTS AND**
13                                         **AUTHORITIES IN OPPOSITION**
                                           **TO DEFENDANT BMJ LLC'S**
14                Plaintiff,               **MOTION TO COMPEL**
                                           **ARBITRATION AND TO STAY**
15       v.                                **PENDING LITIGATION**

16 MAID BRIGADE, INC., a                   Date:  October 12, 2007
   Delaware Corporation, and BMJ          Time:  9:00 a.m.
17 LLC, a California Limited Liability     Dep't:  10
   Company,
18                                         *Assigned to Hon. Susan Illston*
                  Defendants.
19

20

21

22

23

24

25

26

27

28

PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO MOTION TO COMPEL ARBITRATION

1

2

## TABLE OF CONTENTS

3      I.      Introduction …………………………………………………………………… 1

4      II.     Procedural Posture of the Case …………………………………………......... 2

5      III.    Summary of Evidence ………………………………………………………… 2

6      IV.     Argument …………………………………………………………………………4

7              A.      BMJ Has Not Shown that Plaintiff Waived Her

8                      Right to Judicial Relief …………………………………………… 4

9              B.      The Agreement to Arbitrate Is Unconscionable …………………….... 5

10             C.      The Moving Defendant Has Not Demonstrated

11                     that the FAA Applies …………………………………………………… 9

12     V.      Conclusion ………………………………………………………………… 10

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO MOTION TO COMPEL ARBITRATION

1

## <u>TABLE OFAUTHORITIES</u>

2

*Cases*

3

<u>Allied-Bruce Terminix Cos., Inc. v. Dobson</u>
4
513 U.S. 265 (1995) …………………………………………………………….. 9

5

<u>Armendariz v. Found. Health Psychcare Servs., Inc.</u>
6
24 Cal. 4th 83 (2000) ……………………………………………………… 5, 6, 7

7

<u>Balcorta v. Twneieth Century-Fox Film Corp.</u>
8
208 F.3d 1102 (9th Cir. 1999) ……………………………………………….... 7

9

<u>Buckeye Check Cashing, Inc. v. Cardegna</u>
10
546 U.S. 440 (2006) ……………………………………………………….. 4

11

<u>Circuit City Stores, Inc. v. Adams</u>
12
279 F.3d 889 (9th Cir. 2002)………………………………………….….....…. 5

13

<u>Circuit City Stores, Inc. v. Mantor</u>
14
335 F.3d 1101 (9th Cir. 2003) …………………………………………….…... 4, 5

15

<u>Gentry v. Superior Court</u>
16
2007 Cal. LEXIS 9376 ……………………………………………………… 10

17

<u>Livadas v. Bradshaw</u>
18
512 U.S. 107 (1994) ………………………………………………………….. 7

19

<u>Pac. State Bank v. Greene</u>
20
110 Cal. App. 4th 375 (2003) ……………………………………………….…. 5

21

<u>Prima Paint Corp. v. Flood & Conklin Mfg. Co.</u>
22
388 U.S. 395 (1967) ………………………………………………………….. 9

23

<u>Ticknor v. Choice Hotels, Inc.,</u>
24
265 F.3d 931 (9th Cir. 2001) …………………………………………………. 5

25

<u>VL Sys. v. Unisen, Inc.,</u>
26
152 Cal. App. 4th 708 (2007) …………………………………………… 8–9

27

28

PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO MOTION TO COMPEL ARBITRATION

1

*Statutes*

2

Cal. Civ. Code § 1565 …………………………………………………………………... 4

3

Cal. Civ. Code § 1577…………………………………………………………………… 4

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO MOTION TO COMPEL ARBITRATION

1

## I.    Introduction.

2      This is a case in which Plaintiff seeks damages, statutory penalties, and restitution

3  against two Defendants on her own behalf and on behalf a Class of like employees.  One

4  of the Defendants admits to having been Plaintiff's employer.  That Defendant, BMJ LLC

5  ("BMJ"), a California limited liability company, has moved to compel arbitration of all of

6  Plaintiff's claims under the Federal Arbitration Act (FAA), 9 U.S.C. §§ 3, 4.  The other

7  Defendant, Maid Brigade, Inc. ("MBI"), denies that it was ever an employer of Plaintiff.

8  MBI has filed a limited statement of Non-Opposition to BMJ's Motion to Compel

9  Arbitration.  BMJ's Motion is premised upon an agreement to arbitrate that was

10  purportedly signed by Plaintiff.

11      Plaintiff opposes BMJ's Motion on the following grounds:  (1) The purported

12  agreement, page number 60, in Exhibit B to the Declaration of Patrick M. Macias was not

13  signed by her, (2) the purported agreement to arbitrate is unenforceable because it is both

14  procedurally and substantively unconscionable, and (3) BMJ has not established that the

15  purported agreement falls within the FAA.

16

## II.    Procedural Posture of the Case.

17      Plaintiff filed her Complaint on July 3, 2007.  The Complaint alleges that Plaintiff

18  was employed by BMJ and that her employment terminated on or about June 1, 2007.

19  The Complaint also alleges that MBI is the franchisor of BMJ and that MBI is engaged in

20  interstate commerce with annual sales in excess of $50,000,000 and with more than 1400

21  nationwide employees.  It also alleges that MBI and BMJ, along with over 120 other

22  franchisees, constitutes an "enterprise" within the meaning of the Fair Labor Standards

23  Act ("FLSA").

24      The Complaint sets forth six causes of action, one of which—the fifth—asserts that

25  Defendants have failed to pay minimum wages and have failed to pay overtime, all in

26  violation of the FLSA.  The other causes of action seek relief under California law.

27  The first count, under California Labor Code section 1194, seeks both overtime and

28  minimum-wage relief against BMJ only.  Likewise, the second count, under California

1  Labor Code section 203, seeks continuing wages against BMJ only.  Similarly, the third

2  and fourth, under California Labor Code sections 226 and 226.7, seek damages against

3  BMJ only for the failure to provide required information on pay stubs and for the failure

4  to provide meal periods and rest periods.  The sixth count, under California Business and

5  Professions Code section 17200 *et seq.*, seeks restitution and injunctive relief against both

6  BMJ and MBI.

7      MBI filed an Answer to the Complaint on August 10, 2007.  MBI admits that it is

8  engaged in interstate commerce, but it denies that it ever employed Plaintiff.  (Ans. &

9  Defenses of Def. Maid Brigade, Inc. ("MBI's Ans.") at 4:1—9.)  MBI also denies that it

10  is part of an enterprise within the meaning of the FLSA.  (MBI's Ans. at 4:6-9.)  MBI

11  further alleges that Plaintiff has failed to exhaust her administrative remedies by failing to

12  pursue a claim before the Labor Commissioner.  (MBI's Ans. at 3:4—6.)  BMJ filed an

13  Answer on August 15, 2007.  BMJ's Answer also alleges that Plaintiff has failed to

14  exhaust administrative remedies by not making a claim before the Labor Commissioner.

15  (Ans. & Defenses of Def. BMJ LLC ("BMJ's Ans.") at 3:6—9.)  BMJ admits that it is a

16  franchisee of MBI, alleges that it has insufficient information to admit or deny that MBI

17  is engaged in interstate commerce, and denies that it is engaged in an "enterprise" with

18  MBI. (BMJ's Ans. at 4:1—10.)

19  ***III.   Summary of Evidence.***

20      BMJ has filed the Declaration of Patrick M. Macias, one of its attorneys.  In

21  Paragraph 2 of the Declaration, Mr. Macias states:

22      The substance of [Mr. Macias'] conversation with Mr. David Harris [one of

23      Plaintiff's attorneys] was that [Mr. Macias'] office would be representing

24      BMJ LLC in this matter, that [BMJ]'s files indicated that plaintiff Virginia

25      Perez had signed an employment agreement with [BMJ] including a

26      provision for arbitration of employment disputes, and that this matter should

27      accordingly be referred to binding arbitration.  A true copy of [Mr. Macias']

28      August 7 email to Mr. David Harris, with plaintiff's arbitration agreement as

1    an attachment is Exhibit A."

2  (Decl. of Patrick M. Macias in Supp. of Def. BMJ LLC's Mot. to Compel Arbitration &

3  to Stay Pending Litig. ("Macias Decl.") ¶ 2.)  In Paragraph 3, Mr. Macias states that he

4  sent "a more complete set of documents plaintiff had signed in connection with her

5  employment with [BMJ]" to Alan Harris, another attorney who represents Plaintiff.

6  (Macias Decl. ¶ 3.)  The email and its attachments are Exhibit B to the Macias

7  Declaration.  Exhibit B includes both the English and Spanish versions of the purported

8  agreement to arbitrate, a non-compete agreement, a document in relation to uniforms, a

9  document explaining the calculation of pay, and an acknowledgment of having received

10  and read the employees handbook.

11    BMJ also filed the Declaration of Bruce Abbott, "the sole member of BMJ LLC."

12  (Decl. of Bruce Abbott in Supp. of Def. BMJ LLC's Mot. to Compel Arbitration and to

13  Stay Pending Litig. ("Abbott Decl.") ¶ 1.)  Mr. Abbott states that he is the custodian of

14  records for MBI and that Exhibit A to his Declaration is a true and correct copy of the

15  employment agreement, with English translation, maintained in Plaintiff's personnel file

16  at BMJ.  (Abbott Decl. ¶ 2.)

17    Plaintiff has filed her own Declaration herewith in which she explains that she

18  neither speaks nor reads English.  (Decl. of Virginia Perez in Supp. of Opp'n to BMJ

19  LLC's Mot. to Compel Arbitration & to Stay Pending Litig. ("Perez Decl.") ¶ 2.)

20  Although her Declaration is in English, it was translated into Spanish for her by her

21  husband and David Harris.  (Perez Decl. ¶ 6.)  She went to work for Maid Brigade in June

22  2002.[1]  (Perez Decl. ¶ 3.)  She signed some documents at that time, but they were not the

23  ones that BMJ has furnished in support of its Motion.  (Perez Decl. ¶ 5.)  She has never

24  heard of the American Arbitration Association, and she does not know what "arbitration"

25  means.  (Perez Decl. ¶ 4.)  After she was injured while working at Maid Brigade, she was

26  transferred to work in the office.  (Perez Decl. ¶ 5.)  Part of her responsibility involved

27

28    [1] All of the documents furnished by BMJ that appear to be signed by Plaintiff are
dated December 20, 2002.

PL.'S MEM. OF P. & A. IN OPP'N TO DEF. BMJ LLC'S MOT. TO COMPEL ARBITRATION

1  documents that employees would sign when they began working for the company. (Perez

2  Decl. ¶ 5.) Those documents were different from Exhibits 1 and 2 to her Declaration.

3  (Perez Decl. ¶ 5.)

4  **IV.    Argument.**

5         ***A.    BMJ Has Not Shown that Plaintiff Waived Her Right to Judicial Relief.***

6         The document entitled "Alternative Dispute Resolution Agreement," although

7  purportedly signed at the same time as other documents relating to Plaintiff's

8  employment, is simply an agreement to submit all claims that Maid Brigade violated any

9  of Plaintiff's legal rights to binding arbitration. The sole issue presented by BMJ's

10 Motion to enforce the Alternative Dispute Resolution Agreement is the validity of the

11 agreement. As such, this issue is one for this Court and not one for the arbitrator or

12 arbitrators. Buckeye Check Cashing, Inc. v. Cardegna, 546 U.S. 440, 443–44 (2006).

13        BMJ has not produced any direct evidence that the signature on the Spanish-

14 language version of the Employment Agreement is actually that of Plaintiff. Plaintiff

15 declares that she does not recall signing the document and that she does not recall being

16 presented with a thick package of documents such as Exhibits 1 and 2. (Perez Decl. ¶¶ 3,

17 5.) She has never seen documents such as those in Exhibits 1 and 2. (Perez Decl. ¶ 5.)

18 She does not know what arbitration means. (Perez Decl. ¶ 4.)

19        It is significant that the documents in Exhibits 1 and 2, to the extent that they

20 purport to bear the signature of Plaintiff, are all dated December 20, 2002, whereas

21 Plaintiff declares that she entered BMJ's employment in June of that year. Because the

22 Alternative Dispute Resolution Agreement was allegedly executed in California, this

23 Court is to apply California law in determining its validity. Circuit City Stores, Inc. v.

24 Mantor, 335 F.3d 1101, 1105 (9th Cir. 2003) ("Circuit City Stores, Inc. I"). The

25 California Civil Code, in sections applicable to *all* contracts, requires that there be

26 consent that is free and mutual. Cal. Civ. Code § 1565. Obviously, there can be no

27 consent if Plaintiff did not actually sign the Agreement. Furthermore, California Civil

28 Code section 1577 provides that there is no consent where there is a mistake of fact not

1  caused by the neglect of a legal duty on the part of the person making the mistake.  Id.

2  § 1577.  A mistake as to the nature of the document being signed is grounds for relief.

3  Pac. State Bank v. Greene, 110 Cal. App. 4th 375, 388–89 (2003).

4      Accordingly, even if the purported signature of Plaintiff is genuine, the fact that

5  she had no comprehension as to what arbitration meant and that she did not understand

6  that it involved a waiver of significant rights would entitle her to relief.  In any event,

7  there is no evidence that she actually executed the document.  (See Abbot Decl. ¶ 2

8  (stating only that Mr. Abbott is the custodian of records and not that he witnessed Ms.

9  Perez sign the Agreement).)

10      ***B.      The Agreement to Arbitrate Is Unconscionable.***

11      On the issue of whether the Agreement is unenforceable because it is

12  unconscionable, the Ninth Circuit has directed that the law of the state where the

13  agreement was entered into is to be applied.  In this case, the governing law is that of

14  California.  Ticknor v. Choice Hotels, Inc., 265 F.3d 931 (9th Cir. 2001); Circuit City

15  Stores, Inc. v. Adams, 279 F.3d 889, 892 (9th Cir. 2002) ("Circuit City Stores, Inc. II");

16  Circuit City Stores, Inc. I, 335 F.3d at 1105.

17      Both Circuit City Stores, Inc. v. Adams and Circuit City Stores, Inc. v. Mantor

18  acknowledge that the governing California authority on point is Armendariz v.

19  Foundation Health Psychcare Services, Inc., 24 Cal. 4th 83 (2000).  If an arbitration

20  agreement is both procedurally and substantively unconscionable, then it is

21  unenforceable.

22      Armendariz was a suit by two employees who claimed that they had been sexually

23  harassed in violation of the Fair Employment and Housing Act ("FEHA") and that they

24  had been wrongfully terminated from employment.  Armendariz, 24 Cal. 4th at 90.  Both

25  employees had signed agreements that required them to submit any and all claims that

26  they had to binding arbitration.  Id. at 91.  The trial court denied a motion to compel

27  arbitration, but the Court of Appeals reversed.  Id. at 92–93.  The California Supreme

28  Court reversed the Court of Appeals, determining that the agreement was unenforceable.

1   Id. at 127.  In reaching that decision, the Court openly acknowledged that, under the FAA

2   as well as under the California Arbitration Act, arbitration is a favored remedy.  Id. at 96–

3   98.  Likewise, it found nothing to indicate that the arbitration of claims based on statutes

4   such as the FEHA was forbidden.  Id.  If an adequate arbitral forum is provided, then a

5   party does not, by agreeing to arbitrate, forego substantive rights.  Id. at 98.  Arbitration

6   agreements that encompass unwaivable statutory rights must be subject to particular

7   scrutiny.  Id. at 100.  An arbitration agreement cannot be the vehicle for waiver of the

8   statutory rights created by FEHA.  Id. at 101.

9       The Armendariz Court then turned to the specific shortcomings in the arbitration

10   agreement before it—shortcomings that, when considered *in toto*, rendered it

11   unenforceable.  The agreement in question limited the scope of damages and attorney fees

12   that could be recovered.  Id. at 103, 104.  It did not provide for discovery.  Id. at 104.  As

13   the Court explained, a provision for adequate discovery is "indispensable" in arbitrating

14   non-waivable statutory claims.  Id. at 104.  It was necessary that there be a written award

15   and at least limited judicial review.  Id. at 106.  The employee must not be required to pay

16   costs beyond those that would be incurred in filing a civil suit, i.e., provisions for the

17   employee to pay all or part of the fees of the arbitrator are improper.  Id. at 108–09.  The

18   Court explained:

19       Accordingly, consistent with the majority of jurisdictions to consider

20       this issue, we conclude that when an employer imposes mandatory

21       arbitration as a condition of employment, the arbitration agreement or

22       arbitration process cannot generally require the employee to bear any *type* of

23       expense that the employee would not be required to bear if he or she were

24       free to bring the action in court.  This rule will ensure that employees

25       bringing FEHA claims will not be deterred by costs greater than the usual

26       costs incurred during litigation, costs that are essentially imposed on an

27       employee by the employer.

28   Id. at 110–11 (emphasis in original).

PL.'S MEM. OF P. & A. IN OPP'N TO DEF. BMJ LLC'S MOT. TO COMPEL ARBITRATION

1    In addition, the agreement in <u>Aremendariz</u> required the employees to arbitrate their

2  claims against the employer but imposed no such restriction on the employer.  <u>Id.</u> at 116–

3  17.  This, too, was unconscionable.  <u>Id.</u> at 117, 118.

4    When the California Legislature enacted the chapter of the Labor Code that

5  includes section 203, it explicitly made the rights conferred by that chapter

6  nonnegotiable.  <u>Livadas v. Bradshaw</u>, 512 U.S. 107, 110 (1994); <u>Balcorta v. Twentieth</u>

7  <u>Century-Fox Film Corp.</u>, 208 F.3d 1102, 1111 (9th Cir. 1999).  Accordingly, the

8  arbitration agreement involved in this case is subject to the scrutiny mandated by

9  <u>Aremendariz</u>.

10    Significantly, the agreement is exclusively one-way.  It requires that the employee,

11  if he or she believes that Maid Brigade has violated any of his or her rights arising out of

12  employment, to submit to binding arbitration and not to file a lawsuit.  It contains no such

13  restriction on the employer.  It clearly is a contract of adhesion, and because it was

14  executed *after* the employment commenced, there is no consideration to support it.

15    The agreement to arbitrate explicitly includes all statutory claims (including those

16  arising from off-duty conduct), all common-law claims (including tort and contract

17  claims), and even workers' compensation claims.[2]

18    The Declaration of Alan Harris filed with this Memorandum authenticates the

19  applicable rules of the American Arbitration Association ("AAA").  Exhibit 1 to the

20  Declaration is a copy of the Labor Arbitration Rules; exhibit 2 is a copy of the

21  Employment Arbitration Rules.  The Labor Rules do not appear to contain any provisions

22  for discovery.  They provide that the arbitrator's compensation shall be borne equally by

23  the parties.  The Rules also provide for "Expedited Labor Arbitration Procedures."  BMJ

24  has not indicated whether it is seeking arbitration under the Employment Rules or the

25  Labor Rules or, if it is seeking the latter, whether it seeks to utilize the expedited

26

27    [2] Labor Code section 5257 does permit limited arbitration of workers' compensation claims, but section 5270.5 establishes a list of eligible arbitrators, and it appears that the American Arbitration Association, which is designated as the arbitrator in the Agreement,

28  is not eligible.

PL.'S MEM. OF P. & A. IN OPP'N TO DEF. BMJ LLC'S MOT. TO COMPEL ARBITRATION

1    procedure that affirmatively requires that there be no stenographic record.

2        The Employment Arbitration Rules require that an employer intending to

3    incorporate these rules or to refer to them in an employment ADR plan, at least thirty

4    days prior to the effective date of the program, notify the AAA of the intent to do so and

5    provide the AAA with a copy of the employment dispute-resolution plan.  There is no

6    indication whatsoever that BMJ has complied with this provision.  Paragraph 12 provides

7    that, if the arbitration agreement does not specify the number of arbitrators, there shall be

8    a single arbitrator.  Paragraph 9 vests the arbitrator with discretion to order discovery, but

9    it confers no right to even minimal discovery.  As to filing fees, the employee is required

10   to pay a nonrefundable filing fee of $150, but administrative costs, unless otherwise

11   agreed or ordered, are to be split evenly between the parties and may as high as $4,000 or

12   $6,000.

13       The Agreement is unconscionable and unenforceable under the standards

14   enunciated in Circuit City Stores, Inc. II.  First, there is the obvious ambiguity as to

15   which set of AAA rules applies, and there is no indication that BMJ ever furnished its

16   employees with any information in that regard.  If the Labor Rules apply, then there is no

17   discovery and, possibly, no stenographic record.  If the Employment Rules apply, then

18   the availability of any discovery is committed entirely to the discretion of the arbitrator or

19   arbitrators, and the administrative cost to the employee may reasonably be well in excess

20   of $4,000.

21       Although it is not dispositive on the issue of enforceability of the agreement to

22   arbitrate, it is noteworthy that the "package" of materials contained in Exhibit B to the

23   Macias Declaration contains a covenant not to compete that forbids the employees—that

24   is, the "maids"—from competing with Maid Brigade for a period of two years after

25   leaving its employment.  This offends against Business and Professions Code section

26   16600 *et seq.*, which section strictly limit agreements that restrain one from engaging in a

27   lawful profession, trade, or business.  VL Sys. v. Unisen, Inc., 152 Cal. App. 4th 708, 713

28   (2007).  In fact, the entire "employment package" bespeaks a conscious intent to deprive

1  the employees of virtually every right and remedy.  There is a pervasive aura of

2  oppression and unconscionability.

3      Accordingly, even if this Court concludes that Plaintiff did execute the Alternative

4  Dispute Resolution Agreement, it should decline to enforce it.

5      *C.      The Moving Defendant Has Not Demonstrated that the FAA Applies.*

6      Title 9, section 2, United States Code, makes the FAA applicable to contracts

7  "involving commerce."  The effect of this requirement is that the FAA has the same reach

8  as the commerce clause of the U.S. Constitution.  Prima Paint Corp. v. Flood & Conklin

9  Mfg. Co., 388 U.S. 395, 405 (1967); Allied-Bruce Terminix Cos., Inc. v. Dobson, 513

10  U.S. 265, 274 (1995).  The just-cited case involved a suit over the allegedly

11  unsatisfactory performance of a termite-protection treatment rendered by a franchisee in

12  Alabama, the franchisor being from outside Alabama.  Id. at 268.  In summarizing its

13  holding, the Court said:

14      The parties do not contest that the transaction in this case, in fact, involved

15      interstate commerce.  In addition to the multistate nature of Terminix and

16      Allied-Bruce, the termite treating and house repairing material used by

17      Allied-Bruce in its (allegedly inadequate) efforts to carry out the terms of the

18      Plan, came from outside Alabama.

19  Id. at 282.

20      In this case, the Complaint, in asserting that Defendants are subject to the FLSA,

21  alleges that BMJ does business in Marin County, California, as a franchisee of MBI.  It

22  alleges that MBI and the local franchise, along with over one-hundred franchises located

23  in over four-hundred "service areas" through the United States, constitute an "enterprise"

24  within the meaning of the FLSA.  It alleges that MBI is engaged in interstate commerce,

25  with annual sales in excess of $50,000,000 and with more than 1400 employees

26  nationwide.

27      BMJ's Answer admits that it is a franchisee of MBI, but the Answer also alleges

28  that it does not know whether MBI is engaged in interstate commerce.  It also denies that

PL.'S MEM. OF P. & A. IN OPP'N TO DEF. BMJ LLC'S MOT. TO COMPEL ARBITRATION

1    it and MBI constitute an "enterprise" within the meaning of the FLSA.  MBI's Answer

2    admits that it is engaged in interstate commerce but denies that it and BMJ are an

3    "enterprise" within the meaning of the FLSA.  The allegations of each Defendant, in

4    attempting to defeat the applicability of the FLSA, also undercut the applicability of the

5    FAA.

6        At this point in this case, it appears that BMJ operates entirely within the State of

7    California and, at least primarily, within Marin County.  Whether or not any of the

8    materials that BMJ supplies to its employees come from outside California is simply

9    unknown.  The franchisor, MBI, admits that it is engaged in interstate commerce, but that

10   does not mean *per se* that the activities of its Marin County franchisee involve interstate

11   commerce.

12       The franchisee, MBI, has filed a Statement of Non-Opposition to the Motion to

13   Compel Arbitration but apparently objects to the scope of the proposed stay, believing

14   that the case as between Plaintiff and MBI should go forward.  Plaintiff is in agreement

15   that the case against MBI should not be stayed, albeit for different reasons than those

16   expressed by MBI.

17       BMJ has not offered any evidence as to whether the employment of Plaintiff (or of

18   the unnamed Class Members) involved interstate commerce.  Because it has not done so,

19   it should be concluded that BMJ has failed to demonstrate the applicability of the FAA,

20   and the Motion should be denied on that ground as well.

21   *V.    Conclusion.*

22       Plaintiff respectfully submits that the Motion to Compel Arbitration should be

23   denied on the bases that she did not sign the Alternative Dispute Resolution Agreement,

24   that the Agreement is unconscionable, and that BMJ has not demonstrated that the FAA

25   applies.  In the event that the Court grants the Motion, it should direct that arbitration

26   proceed as a class proceeding.  See Gentry v. Superior Court, 2007 Cal. LEXIS 9376

27   (holding that, to the extent that an arbitration agreement prohibits class arbitrations, it is

28   unenforceable).

PL.'S MEM. OF P. & A. IN OPP'N TO DEF. BMJ LLC'S MOT. TO COMPEL ARBITRATION

1

2    DATED:  September 21, 2007                    HARRIS & RUBLE

3

4                                                    /s/ Alan Harris
                                                    _____
5                                                    Alan Harris
                                                     *Attorneys for Plaintiff*
6                                                    _____

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PL.'S MEM. OF P. & A. IN OPP'N TO DEF. BMJ LLC'S MOT. TO COMPEL ARBITRATION

# PROOF OF SERVICE

I am an attorney for Plaintiff herein, over the age of eighteen years, and not a party to the within action.  My business address is Harris & Ruble, 5455 Wilshire Boulevard, Suite 1800, Los Angeles, California 90036.  On September 21, 2007, I served the within document(s):  **MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT BMJ LLC'S MOTION TO COMPEL ARBITRATION AND TO STAY PENDING LITIGATION**.

I am readily familiar with the Firm's practice of collection and processing correspondence for mailing.  Under that practice, the document(s) would be deposited with the U.S. Postal Service on that same day, with postage thereon fully prepaid, in the ordinary course of business, addressed as follows:

N/A.

I served the above document(s) via United States District Court Electronic Filing Service as set forth below:

Paul M. Macias
Sarah N. Leger
Ragghianti Freitas LLP
874 Fourth Street, Suite D
San Rafael, California 94901

James A. Bowles
E. Sean McLoughlin
One California Plaza
300 South Grand Avenue, Thirty-Seventh Floor
Los Angeles, California 90071

Daniel M. Shea
Paul R. Beshears
Michelle W. Johnson
Nelson Mullins Riley & Scarbourough LLP
999 Peachtree Street, Suite 1400
Atlanta, Georgia 30309

I declare under penalty of perjury that the above is true and correct.  Executed on September 21, 2007, at Los Angeles, California.

/s/ David Zelenski
David Zelenski

PL.'S MEM. OF P. & A. IN OPP'N TO DEF. BMJ LLC'S MOT. TO COMPEL ARBITRATION