Alan Harris (SBN 146079)
David S. Harris (SBN 215224)
David Zelenski (SBN 231768)
HARRIS & RUBLE
5455 Wilshire Boulevard, Suite 1800
Los Angeles, California 90069
Telephone: (323) 931-3777
Facsimile: (323) 931-3366

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIRGINIA PEREZ, individually, and on behalf of all others similarly situated,<br><br>            Plaintiff,<br><br>    v.<br><br>MAID BRIGADE, INC., a Delaware Corporation, and BMJ LLC, a California Limited Liability Company,<br><br>            Defendants. | Case No. C 07-3473 SI<br><br>**DECLARATION OF ALAN HARRIS IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT BMJ LLC'S MOTION TO COMPEL ARBITRATION AND TO STAY PENDING LITIGATION**<br><br>Date:  October 12, 2007<br>Time:  9:00 a.m.<br>Dep't:  10<br><br>*Assigned to Hon. Susan Illston* |

I, Alan Harris, declare and verify under penalty of perjury as follows:

1.      I am a member in good standing of the State Bar of California and am one of the attorneys for Plaintiff in the within action.  I make this statement in support of Plaintiffs' Opposition to Defendant BMJ LLC's Motion to Compel Arbitration and to Stay Pending Litigation.  If sworn as a witness, I could competently testify to each and every fact set forth herein from my own personal knowledge.

2.      I reviewed the American Arbitration Association's ("AAA") web site at http://www.adr.org./sp.asp?id=32599 for the Labor Arbitration Rules effective August 1,

2007. Attached hereto as Exhibit 1 is a true and correct copy of the AAA's Labor Arbitration Rules.

  3. According to the AAA's Labor Arbitration Rules, both parties are equally responsible for the fees associated with the arbitration. (See Ex. 1 at 10.) The Labor Rules also provide for "Expedited Labor Arbitration Procedures," but BMJ LLC has not indicated whether it is seeking the expedited procedure, which procedure affirmatively provides that there will be no stenographic record of the proceedings. (Ex. 1 at 11.) Moreover, the Labor Rules do not appear to have any provision for discovery.

  4. In addition to reviewing the Labor Arbitration Rules, I also reviewed the AAA's Employment Arbitration Rules effective July 1, 2006, at http://www.adr.org/sp.asp?id=32904; the AAA's Supplementary Rules for Class Arbitrations effective October 8, 2003, at http://www.adr.org/sp.asp?id=21936; and the AAA's Commercial Arbitration Rules effective September 1, 2007, at http://www.adr.org/sp.asp?id=22440#A3. Attached hereto as Exhibits 2, 3, and 4, respectively, are a true and correct copy of the AAA's Employment Arbitration Rules, a true and correct copy of the AAA's Supplementary Rules for Class Arbitrations, and a true and correct copy of the AAA's Commercial Arbitration Rules.

  5. According to the AAA's Employment Arbitration Rules:
> An employer intending to incorporate these rules or to refer to the dispute resolution services of the AAA in an employment ADR plan, shall, at least 30 days prior to the planned effective date of the program: (i) notify the Association of its intention to do so and, (ii) provide the Association with a copy of the employment dispute resolution plan.

(Ex. 2 at 8.) BMJ, LLC's moving papers make no reference to compliance with this provision. The Employment Arbitration Rules also provide that "[t]he arbitrator shall have the authority to order . . . discovery, by way of deposition, interrogatory, document production, or otherwise, as the arbitrator considers necessary to a full and fair exploration of the issues in dispute, consistent with the expedited nature of arbitration."

DECL. OF ALAN HARRIS IN SUPP. OF PL.'S OPP'N TO DEF. BMJ LLC'S MOT. TO COMPEL ARBITRATION

(Ex. 2 at 10.)

6. According to the AAA's Employment Arbitration Rules and the Supplementary Rules for Class Arbitrations, Plaintiff would be responsible for the fees associated with arbitration. The Employment Arbitration Rules state that, "[f]or [d]isputes [p]roceeding [u]nder the Supplementary Rules for Class Action Arbitration . . . [, t]he AAA's Administered Fee Schedule, as listed in Section 11 of the Supplementary Rules for Class Action Arbitration, shall apply to disputes proceeding under the Supplementary Rules." (Ex. 2 at 20.) The AAA's Supplementary Rules for Class Arbitrations states:

> A preliminary filing fee of $3,250 is payable in full by a party making a demand for treatment of a claim, counterclaim, or additional claim as a class arbitration. The preliminary filing fee shall cover all AAA administrative fees through the rendering of the Clause Construction Award.[1] If the arbitrator determines that the arbitration shall proceed beyond the Clause Construction Award, a supplemental filing fee shall be paid by the requesting party. The supplemental filing fee shall be calculated based on the amount claimed in the class arbitration and in accordance with the fee schedule contained in the AAA's Commercial Arbitration Rules.

(Ex. 3 at 5.) The fee schedule contained in the AAA's Commercial Arbitration Rules can be found on page 25 of Exhibit 4.

7. It is not clear whether the arbitration requested by BMJ LLC is to be one under the Labor Arbitration Rules or one under the Employment Arbitration Rules. It is clear, however, that administrative costs alone may be as high as $6,000 (assuming that the amount in controversy exceeds $10 million).

I have read the foregoing Declaration, and the facts set forth therein are true of my

---

[1] The Supplementary Rules elsewhere define the "Clause Construction Award" as the "threshold [determination as to] whether the applicable arbitration clause permits the arbitration to proceed on behalf of or against a class." (Ex. 3 at 2.)

own personal knowledge.  Executed September 21, 2007, in the County of Los Angeles, State of California.

DATED:  September 20, 2007                    HARRIS & RUBLE

                                              /s/ Alan Harris
                                             Alan Harris
                                             *Attorneys for Plaintiff*

DECL. OF ALAN HARRIS IN SUPP. OF PL.'S OPP'N TO DEF. BMJ LLC'S MOT. TO COMPEL ARBITRATION

**PROOF OF SERVICE**

I am an attorney for Plaintiff herein, over the age of eighteen years, and not a party to the within action. My business address is Harris & Ruble, 5455 Wilshire Boulevard, Suite 1800, Los Angeles, California 90036. On September 21, 2007, I served the within document(s): **DECLARATION OF ALAN HARRIS IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT BMJ LLC'S MOTION TO COMPEL ARBITRATION AND TO STAY PENDING LITIGATION**.

I am readily familiar with the Firm's practice of collection and processing correspondence for mailing. Under that practice, the document(s) would be deposited with the U.S. Postal Service on that same day, with postage thereon fully prepaid, in the ordinary course of business, addressed as follows:

N/A.

I served the above document(s) via United States District Court Electronic Filing Service as set forth below:

Paul M. Macias
Sarah N. Leger
Ragghianti Freitas LLP
874 Fourth Street, Suite D
San Rafael, California 94901

James A. Bowles
E. Sean McLoughlin
One California Plaza
300 South Grand Avenue, Thirty-Seventh Floor
Los Angeles, California 90071

Daniel M. Shea
Paul R. Beshears
Michelle W. Johnson
Nelson Mullins Riley & Scarbourough LLP
999 Peachtree Street, Suite 1400
Atlanta, Georgia 30309

I declare under penalty of perjury that the above is true and correct. Executed on September 21, 2007, at Los Angeles, California.

                                    /s/ David Zelenski
                                    David Zelenski