PATRICK M. MACIAS (SBN 118167)
SARAH N. LÉGER (SBN 226877)
RAGGHIANTI FREITAS LLP
874 Fourth Street
San Rafael, California 94901
Telephone: (415) 453-9433
Facsimile: (415) 453-8269

Attorneys for Defendant
BMJ LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIRGINIA PEREZ, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MAID BRIGADE, INC., a Delaware Corporation, and BMJ LLC, a California Limited Liability Company,<br><br>Defendants. | CASE NO. C 07 3473 SI<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY TO OPPOSITION TO DEFENDANT BMJ LLC'S MOTION TO COMPEL ARBITRATION AND TO STAY PENDING LITIGATION**<br>[9 U.S.C. §§3, 4]<br><br>Date: October 12, 2007<br>Time: 9:00 A.M.<br>Dept.: 10<br>Judge: Hon. Susan Illston |

## INTRODUCTION

Contrary to the claims in Plaintiff's Memorandum in opposition to the Motion, Plaintiff signed an arbitration agreement (in her native language, Spanish), and has not presented any evidence to the contrary. The Federal Arbitration Act does indeed apply to this case, and Plaintiff has failed to demonstrate that the agreement is unconscionable in

any fashion. Plaintiff should be held to her agreement, and this matter should be referred to binding arbitration.[1]

## ARGUMENT

### A. Plaintiff Does Not Deny Having Signed the Arbitration Agreement. She Has Presented No Evidence that She Did Not.

Plaintiff states in her memorandum of points and authorities that she did not sign the arbitration agreement. This statement, made in <u>argument</u>, however, does not accurately reflect the <u>evidence</u> actually presented in Plaintiff's declaration. There, Plaintiff states only that she "did [sic] not recall signing these documents." Perez Declaration ¶¶ 3, 5. Most tellingly, Plaintiff does not deny signing the documents, nor does she question whether the signature that appears on the document is hers.[2]

Moreover, Plaintiff's claim that "she does not know what arbitration is," Perez Declaration ¶4, is ineffective. In *Brookwood v. Bank of America* (1996) 45 Cal.App.4th 1667, defendant employer sought to compel arbitration, based on an arbitration agreement plaintiff employee signed. In opposing the motion, plaintiff claimed that she was unaware of the arbitration clause in the agreement she signed. Rejecting this argument, the court looked to basic contract law: "California law allows rescission of contract for a unilateral mistake only 'when the unilateral mistake is known to the other contracting party and is encouraged or fostered by that party. [Citation.]'" *Id*. at 1673-1674.

> No law requires that parties dealing at arm's length have a duty to explain to each other the terms of a written contract, particularly where, as here, the language of the contract expressly and plainly provides for the arbitration of disputes arising out of the contractual relationship. [Citation.] Reliance on an alleged misrepresentation [or, by extension of reasoning, a unilateral mistake not encouraged or fostered by the other party,] is not reasonable when plaintiff could have ascertained the truth through the exercise of reasonable diligence. [Citation.] Reasonable

---

[1] Defendant Main Brigade Inc. has filed a statement of non-opposition to BMJ's motion, and an opposition to a stay that would affect Maid Brigade Inc. BMJ seeks to clarify that it is not seeking to compel arbitration of Plaintiff's claims against Maid Brigade Inc., nor a stay of her case against it.
[2] The signature on Plaintiff's declaration appears similar, if not identical, to the signature on the arbitration agreement.

> diligence requires the reading of a contract before signing it. A party cannot use his own lack of diligence to avoid an arbitration agreement. [Citation.]"

*Id*, at 1674 (citing *Rowland v. PaineWebber, Inc.* (1992) 4 Cal. App. 4th 279, 286). The court held that plaintiff employee was "bound by the provisions of the [arbitration] agreement regardless of whether [she] read it or [was] aware of the arbitration clause when [she] signed the document." *Id*. at 1674 (citing *Macaulay v. Norlander* (1992) 12 Cal.App.4th 1, 6). Accordingly, Plaintiff's failure of recollection about signing the arbitration agreement, even joined with her purported ignorance of "what arbitration means" is insufficient to overcome the executed agreement. As noted above, Plaintiff's declaration does not disclaim or deny the genuineness of the signature on the document. Arbitration is properly compelled here.

**B.     The Federal Arbitration Act Applies to the Arbitration Agreement.**

Plaintiff also attempts to avoid her contractual obligation by asserting that the Federal Arbitration Act ("FAA") does not apply to the present arbitration agreement, because, Plaintiff claims, the agreement does not "involve commerce."[3] The Supreme Court in *Allied-Bruce Terminix Companies, Inc. v. Dobson* (1995) 513 U.S. 265, 277, undertook the task of interpreting the "involving commerce" the language of Section 2 of the FAA. The Court determined that the word "involving" "is the functional equivalent of 'affecting.'" *Id*. at 273-274. There, an arbitration agreement regarding a termite inspection contract entered into and performed in Alabama was deemed to fall within the provisions of the FAA because the materials used in the inspection and repair were purchased outside of Alabama, and because of the relationship between the Alabama company and its out-of-state franchisor.

Similarly, in the present case, BMJ, a California Limited Liability Company, is a franchisee of Defendant Maid Brigade, Inc., a Georgia corporation, and as such has a

---

[3] Plaintiff's argument in this regard is self-contradictory or disingenuous. Plaintiff bases her claim of federal jurisdiction against BMJ on the supposed application of the FLSA to its employment practices, yet at the same time Plaintiff claims the FAA does not apply. Congress' power under the Commerce Clause either applies, or it does not.

multi-state relationship.  Moreover, as part of its franchise agreement, BMJ receives materials and equipment for use in its business from out of state.  (Declaration of Bruce Abbott in Reply to Opposition to Motion to Compel Arbitration, ¶ 3.)  These facts alone are sufficient to bring this case within the holding of *Allied-Bruce*, and therefore the FAA applies.  The "the [FAA] was designed 'to overrule the judiciary's longstanding refusal to enforce agreements to arbitrate,' [Citation] and place such agreements 'upon the same footing as other contracts [Citation].'"  *Volt Info. Scis. v. Bd. of Trs.*, 489 U.S. 468, 478 (citing *Dean Witter Reynolds Inc. v. Byrd* (1985) 470 U.S. 213, 219-220 and *Scherk* v. *Alberto-Culver Co.* (1974) 417 U.S. 506, 511).

### C.  Plaintiff's Argument That The Arbitration Agreement Is Unconscionable Is Specious.

Plaintiff bears the burden of establishing her claim that the arbitration agreement is unconscionable.  *Green Tree Fin. Corp.-Alabama v. Randolph* (2000) 531 U.S. 79, 92 (a party seeking to invalidate an arbitration agreement on the ground that it would be prohibitively expensive has the burden of showing the likelihood of incurring such costs); *Crippen v. Central Valley RV Outlet*, 124 Cal. App. 4th 1159, 1164 (the party seeking to compel arbitration bears the burden of showing an arbitration agreement exists; the opposing party must prove any defenses to enforcement).  Unconscionability has "both a 'procedural' and a 'substantive' element, the former focusing on 'oppression' or 'surprise' due to unequal bargaining power, the latter on 'overly harsh' or 'one-sided' results."  *Id*. Plaintiff makes no such showing.

Plaintiff cites *Armendariz* v. *Foundation Health Psychcare Services, Inc.* (2000) 24 Cal.4th 83 to support her unconscionability argument.  However, directly relevant federal law rejects the holding of that case.  The US District Court for the Central District of California in *Gray v. Conseco, Inc.* 2000 U.S. Dist. LEXIS 14821 found the holding of *Armendariz* conflicts with the FAA, stating that unilateral arbitration agreements are not, per se, unconscionable and therefore unenforceable, thereby specifically rejecting the holding in *Armendariz*.

Moreover, even if the FAA is inapplicable here (which BMJ denies, as set forth in Section B above), *Armendariz* is obviously distinguishable from the present case. Specifically, the *Armendariz* court held that arbitration agreement unenforceable because its terms severely limited available damages, and contained other unlawful provisions. The arbitration agreement in this case does not contain any such provisions. In fact, the present agreement states that arbitration will be conducted in accordance with the rules of the American Arbitration Association ("AAA"), which rules clearly respond to the concerns Plaintiff raises.

Plaintiff argues that BMJ's motion does not indicate whether the AAA's Labor Rules or Employment Rules apply. This argument is specious; the Labor Rules (by their own terms) apply only to labor-management disputes in the collective bargaining arena. (See Introduction to AAA Labor Rules, Exhibit 1 to Declaration of Alan Harris.) As Plaintiff has made no allegation that her employment was governed by a collective bargaining agreement, or even that this case involves a collective bargaining dispute, the Labor Rules obviously have no application here. The Employment Rules of the AAA clearly apply[4].

Plaintiff's other arguments are misleading, in that Plaintiff quotes selectively and incompletely from the AAA Employment Rules. For example, Plaintiff argues that BMJ was required to notify the AAA of its intent to incorporate the AAA rules in its employment agreement. In this regard, the declaration of Alan Harris selectively states only a portion of Rule 2, entitled "Notification." The declaration leaves out key sentences which provide "Compliance with this requirement shall not preclude an arbitrator from entertaining challenges as provided in Section 1. If an employer does not comply with this requirement, the Association reserves the right to decline its administration services."

---

[4] Indeed, Section 1 o f the AAA Employment Rules provides as follows: "The parties shall be deemed to have made these rules a part of their arbitration agreement whenever they have provided for arbitration by the American Arbitration Association (hereinafter "AAA") or under its Employment Arbitration Rules and Mediation Procedures or for arbitration by the AAA of an employment dispute without specifying particular rules." Those Rules were attached as Exhibit 2 to the Declaration of Alan Harris.

(Rule 2; Notification.)[5]  Accordingly, a failure to notify the AAA simply endows the AAA with the discretion to decline its services.

Further, Plaintiff misstates and manipulates other components of the AAA Employment rules.  The AAA Employment Rules also provide for discovery (Rule 9; Discovery), as well as a deferral or reduction in administrative fees for financial hardship (Rule 43; Administrative Fees).  Therefore, the AAA Employment rules clearly respond to Plaintiff's proffered concerns regarding lack of discovery procedures and claimed imposition of an undue financial burden.  Plaintiff's unconscionability claims simply fail.

## CONCLUSION

For all of the foregoing reasons, BMJ respectfully requests that the Court grant its motion, refer this action to binding arbitration pursuant to agreement of the parties and stay this action pending such arbitration.

Dated:  September 27, 2007                    Respectfully Submitted,

RAGGHIANTI FREITAS LLP


By: _____/s/_____
            Patrick M. Macias

Attorneys for Defendant
BMJ, LLC

---

[5] Unless otherwise noted, all further references to a "Rule" or the "Rules" shall be to the AAA Employment Arbitration Rules, Exhibit 2 to the Declaration of Alan Harris.