**HARRIS & RUBLE**
Alan Harris, California Bar No.: 146079
David S. Harris, California Bar No.: 215224
David Zelenski, California Bar No.: 231768
Suite 1800
5455 Wilshire Boulevard
Los Angeles, CA 90069
323-931-3777
323-931-3366 Fax
Attorneys for Plaintiff

**RAGGHIANTI FREITAS LLP**
Patrick M. Macias, California Bar No.: 118167
Sarah N. Leger, California Bar No.: 226877
874 Fourth Street
San Rafael, CA 94901
415-453-9433, ext. 120
415-453-8269 Fax
Attorneys for Defendant BMJ LLC

**HILL, FARRER & BURRILL LLP**
James Bowles, California Bar No.: 089383
E. Sean McLoughlin, California Bar No.: 174076
One California Plaza – 37th Floor
300 S. Grand Avenue
Los Angeles, CA 90071-3147
Telephone: (213) 620-0460
Facsimile: (213) 624-4840

**NELSON MULLINS RILEY & SCARBOROUGH LLP**
Daniel M. Shea, Georgia Bar. No.: 638800
Paul R. Beshears, Georgia Bar No.: 055742
Michelle W. Johnson, Georgia Bar No.: 759611
999 Peachtree Street, Suite 1400
Atlanta, Georgia 30309
Telephone: (404) 817-6000
Facsimile: (404) 817-6050
Attorneys for Defendant Maid Brigade, Inc.

~Doc# 817171.1~

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIRGINIA PEREZ, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MAID BRIGADE, INC., a Delaware Corporation, and BMJ LLC, a California Limited Liability Company,<br><br>Defendants. | Case No.: C-07-3473 (SI)<br><br>**JOINT CASE MANAGEMENT STATEMENT** |

1. **JURISDICTION AND SERVICE**

Plaintiff seeks to invoke this court's subject matter jurisdiction over Plaintiff's Fair Labor Standards Act claim pursuant to 28 U.S.C. § 1331. Plaintiff also asserts four claims arising under California law against defendant BMJ LLC only, and one claim arising under California law against both Defendants. Plaintiff asks this court to exercise supplemental jurisdiction over these five claims pursuant to 28 U.S.C. § 1367. Defendants deny that supplemental jurisdiction over the five state law claims is proper. All parties have been served. Defendant Maid Brigade, Inc. ("MBI") contends that this court lacks personal jurisdiction over MBI, and that venue as to it is therefore improper.

2. **FACTS**

Since approximately 2002, Plaintiff Virginia Perez has been employed by defendant BMJ LLC (a California limited liability company) as a maid. Defendant MBI, a Delaware corporation with its principal place of business in Georgia, is a franchisor of household cleaning services. Pursuant to a written franchise agreement with MBI, Defendant BMJ LLC operates Maid Brigade of Marin County.

Plaintiff was paid on a "piece rate" or percentage basis for the houses she cleaned, and was paid an hourly rate for the administrative work she did at BMJ LLC's

office. Plaintiff contends that during her employment with BMJ LLC she worked, on some occasions, in excess of eight hours per day and forty hours per week, and without rest periods or meal breaks required by law. Plaintiff alleges that her pay on occasion fell below applicable minimum wage and overtime rates. Defendants deny these allegations.

Defendant MBI denies that it was Plaintiff's employer and denies that it is a proper party to this lawsuit. MBI contends that, pursuant to its franchise agreement with BMJ LLC, BMJ LLC and not MBI hires and fires BMJ LLC's employees, keeps their employment records, determines their rate and method of payment, and controls all terms and conditions of their employment.

Plaintiff asserts the following claims against BMJ LLC:

  (a) Overtime and minimum wage violations pursuant to Cal. Lab. Code § 1194;

  (b) Continuing wages under Cal. Lab. Code § 203;

  (c) Insufficient pay stubs under Cal. Lab. Code § 226;

  (d) Failure to provide meal periods and rest periods required by Cal. Lab. Code § 226.7.

Plaintiff asserts the following claims against both BMJ LLC and MBI:

  (a) Minimum wage and overtime claims under 29 U.S.C. § 216;

  (b) Restitution and injunction under Cal. Bus. & Prof. Code § 17200 et seq.

Plaintiff seeks to represent a class of all natural persons who were tendered a paycheck by Defendant BMJ LLC during the four years before the filing of the Complaint through the date of the filing of a motion for class certification. Defendants deny that class certification would be proper because Plaintiff and her counsel are not adequate representatives for various reasons. According to the defense, Plaintiff's claims are not typical or common, but are highly individualized and unrelated to MBI.

~Doc# 817171.1~

Further, Defendants contend that the individuals whom Plaintiff seeks to represent are employed by hundreds of independent franchisees in 37 states, which franchisees each control their own employment practices pursuant to the laws in their own jurisdictions.

Pursuant to 29 U.S.C. § 216, Plaintiff also seeks to represent a collective of all individuals employed by "Defendants" in the United States during the three years prior to the filing of the Complaint through the filing of a motion for certification. Both Defendants deny that this case may properly proceed as a collective action. Defendants contend that Plaintiff is not similarly situated to the other members of the proposed class or collective. There are hundreds of franchises in 37 states, each individually owned and operated.

3.  **LEGAL ISSUES**

(1)  Whether MBI is an improper defendant because MBI was not Plaintiff's employer. *Singh v. 7-Eleven, Inc.*, 2007 U.S. Dist. LEXIS 16677 (N.D. Calif. March 8, 2007); *Maddock v. KB Homes, Inc.*, 2007 U.S. Dist. LEXIS 58743 (C.D. Calif. July 9, 2007); *Howell v. Chick-Fil-A, Inc.*, 1993 U.S. Dist. LEXIS 19030 (N.D. Fla. Oct. 29, 1993); *Zhao v. Bebe Stores, Inc.*, 247 F. Supp. 2d 1154 (C.D. Calif. 2003); *Evans v. McDonald's Corp.*, 936 F.2d 1087 (10th Cir. 1991); *Hatcher v. Augustus*, 956 F. Supp. 387 (E.D.N.Y. 1997).

(2)  Whether or not MBI as franchisor and BMJ LLC as franchisee constitute a joint "enterprise" under the FLSA. *Marshall v. Shan-an-Dan, Inc.*, 747 F.2d 1084 (6th Cir. 1984).

(3)  Whether this case may be properly maintained as a class action.

(4)  Whether this case may be properly maintained as a collective action under 29 U.S.C. § 216.

(5)  Whether the overtime exemption provided in 29 U.S.C. § 207(i) applies during some or all of the period for which Plaintiff seeks recovery. Opinion Letter, U.S. Dept. of Labor, Oct. 24, 2005.

~Doc# 817171.1~

In addition to the foregoing legal issues, Plaintiff believes there are at least the following additional common legal issues:

(6) Whether the failure to pay Perez and other former employees all accrued but unpaid wages owing on account of missed rest and meal breaks on termination is a willful violation of section 203 of the California Labor Code.

(7) Whether the failure to pay Perez and other former employees by check rather than direct deposit violated section 213 of the California Labor Code.

(8) Whether the failure to pay Perez and other employees all wages due at least twice per month violated section 204 of the California Labor Code.

(9) Whether the failure to pay Perez and other employees a minimum wage for all work performed violates sections 510 and 1194 of the California Labor Code, despite the provisions of 29 U.S.C. § 207(i).

(10) Whether Perez and other of the employees were injured by reason of the failure of BMJ LLC to provides wages statements that conform with the requirements of section 226 of the California Labor Code.

(11) Whether the defense's business practices warrant injunctive relief under section 17200 *et seq.* of the California Business and Professions Code.

4. **MOTIONS**

Defendant BMJ LLC filed a motion to compel arbitration on August 14, 2007. This motion was denied by Order dated October 11, 2007. BMJ LLC contends that Plaintiff is required to arbitrate the case, and intends to appeal the Court's denial of its motion to compel arbitration.

Defendant MBI anticipates filing a motion for summary judgment with respect to the joint employer and joint enterprise issues.

In addition to the foregoing legal issues, Plaintiff will file at least the following motions:

Motion for certification of collective action.

~Doc# 817171.1~

1  Motion for class certification.
2  Motion for partial summary judgment.
3  Motion for permanent injuction.
4  Motion to amend to add an additional, individual defendant and to seek civil penalties on behalf of the State of California, Labor and Workforce Development Agency.

5.  **AMENDMENT OF PLEADINGS**

Defendants do not, at this time, anticipate that additional parties, claims, or defenses will be added. The parties propose that the deadline for amending the pleadings be December 31, 2007.

6.  **EVIDENCE PRESERVATION**

MBI and its attorneys put a litigation hold on documents by letters dated July 19, 2007 and October 16, 2007.

Plaintiff has requested the production of the originals of all documents allegedly executed by the maids, especially those with respect to arbitration.

Plaintiff has requested that the defense take measures to preserve and produce electronic evidence.

Plaintiff will serve subpoenae on other franchisees.

7.  **DISCLOSURES**

(1) Virginia Perez

Plaintiff, in a separate document, has made her initial disclosures pursuant to F.R.C.P. Rule 26(a)(1).

(2) BMJ LLC

Pursuant to F.R.C.P. Rule 26(a)(1), BMJ LLC makes the following initial disclosures:

(A)  The following individuals are likely to have discoverable information that BMJ LLC may use to support its defenses:

    (1) Bruce Abbott, BMJ LLC; contact through counsel for Defendant BMJ LLC. Mr. Abbott is expected to testify about Ms. Perez's employment at BMJ LLC.

    (2) Virginia Perez; contact through counsel for Plaintiff Virginia Perez. It is anticipated that Ms. Perez will testify about her employment at BMJ LLC.

  (B) The following documents are in the possession, custody or control of Defendant BMJ LLC and may be used to support its defenses:

    (1) Plaintiff Virginia Perez's personnel file regarding her employment at BMJ LLC dba Maid Brigade of Marin County;

    (2) BMJ LLC/Maid Brigade of Marin County Employee Handbook;

    (3) Time records/work sheets for Plaintiff Virginia Perez, regarding her employment at BMJ LLC/Maid Brigade of Marin County;

    (4) Pay stubs and related income information for Plaintiff Virginia Perez, regarding her employment at BMJ LLC/Maid Brigade of Marin County.

  (C) BMJ LLC does not currently have possession, custody or control of any computation of any category of damages; BMJ LLC is not claiming damages as a Defendant in this case.

  (D) BMJ LLC does not currently have possession, custody or control of any insurance agreement under which any person carrying on an insurance business may be liable; this category of initial disclosures is inapplicable to Defendant BMJ LLC.

 (3) Maid Brigade, Inc.

 Pursuant to Fed. R. Civ. P. Rule 26(a)(1), MBI makes the following initial disclosures:

~Doc# 817171.1~

      (A)   The name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information:

      (1)   **Virginia Perez**, address and telephone number unknown: her employment with BMJ LLC; the factual bases for her claims against Defendants; the factual bases for her claims that class and collective certification is appropriate and that she is an adequate representative.

      (2)   **J. Barton Puett**, President, Maid Brigade, Inc., Four Concourse Parkway, Suite 200, Atlanta, Georgia 30328 (770) 551-9630: the business relationship between MBI and its franchisees; the absence of an employment relationship between MBI and its franchisee's employees. Mr. Puett may be contacted through counsel for MBI.

      (3)   **Judi Purdy**, Executive Director of Training, Maid Brigade, Inc., 968 S. Pine Vista, Canon City, CO 81212 (719) 269-1750: the business relationship between MBI and its franchisees; the absence of an employment relationship between MBI and its franchisees' employees; the training and support provided by MBI to franchise owners. Ms. Purdy may be contacted through counsel for MBI.

      (4)   **Bruce Abbott**, 415 Pelican Way, San Rafael, CA 94901 (415) 459-4992: the business relationship between MBI and BMJ LLC; the operation of BMJ LLC including its wage payment practices; the employment of Virginia Perez by BMJ LLC; the absence of an employment relationship between MBI and the employees of BMJ LLC.

MBI reserves the right to supplement this list as additional witnesses are identified during discovery.

      (B)   A copy of, or a description by category and location of, all documents, electronically stored information, and tangible things that are in the

~Doc# 817171.1~

possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment:

(1) September 24, 2001 Franchise Agreement between the Maid Brigade Systems, Inc. and Bruce Abbott, Bates Labeled MBI 00001-00047. This document has been produced to counsel for Plaintiff.

(2) Maid Brigade, Inc. Uniform Franchise Offering Circular dated March 22, 2007, a copy of which is located at MBI's counsel's office.

(3) Personnel Manuals and Confidential Operations Manuals provided by Maid Brigade, Inc. to franchisees, copies of which are located at MBI's counsel's office.

MBI reserves the right to supplement this list as additional documents are identified during discovery.

(C) A computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered:

Not applicable.

(D) For inspection and copying as under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment:

Not applicable.

8. **DISCOVERY**

To date, no formal discovery requests have been served by any party. The parties have, however, engaged in informal discussions and have exchanged relevant information and documents.

### A. Identity of Anticipated Deponents

(1) Virginia Perez

Plaintiff presently intends to depose BMJ LLC, MBI, **J. Barton Puett** (President, Maid Brigade, Inc.)., **Judi Purdy** (Executive Director of Training, Maid Brigade, Inc.), and **Bruce Abbott** (President, BMJ LLC). As discovery progresses, Plaintiff reserves the right to depose other witnesses as she deems necessary.

(2) BMJ LLC

Based upon the information presently available to BMJ LLC, BMJ LLC anticipates taking the deposition of Virginia Perez. As discovery progresses BMJ LLC reserves the right to depose other witnesses as it deems necessary.

(3) MBI

Based upon the information presently available to MBI, MBI anticipates taking the deposition of Virginia Perez. As discovery progresses MBI reserves the right to depose other witnesses as it deems necessary.

### B. Anticipated Written Discovery Requests

(1) Virginia Perez

Plaintiff anticipates serving Defendants with written discovery requests not later than November 30, 2007. Plaintiff anticipates issuing subpoenae upon other franchisees of MBI.

(2) BMJ LLC

BMJ LLC anticipates serving the Plaintiff with written discovery requests not later than November 30, 2007.

(3) MBI

MBI plans to serve Plaintiff with written discovery by November 30, 2007.

### C. Subjects on Which Discovery Should be Conducted

(1) Virginia Perez

~Doc# 817171.1~

Plaintiff agrees with the defense proposal that initial discovery be conducted to determine whether certification of a class in this manner is proper, and whether Plaintiff and her counsel are proper representatives of said class. However, in addition, Plaintiff believes it will be necessary to secure original copies of certain questioned documents (such as the alleged arbitration agreements) and to come to understandings with regard to the preservation of electronic evidence. Further, in order to preserve evidence, Plaintiff believes that she should be permitted to serve subpoenae on third-party franchisees.

   (2) **BMJ LLC**

BMJ LLC contends that initial discovery should be conducted to determine whether certification of a class in this manner is proper, and whether Plaintiff and her counsel are proper representatives of said class. Thereafter, BMJ LLC anticipates that discovery will be conducted regarding the factual basis for Plaintiff's claims and Defendants' defenses.

   (3) **MBI**

Pursuant to Fed. R. Civ. P. 16(c)(6) and 26(f)(2), MBI requests that discovery initially be limited to the question whether MBI was Plaintiff's joint employer. After this issue is resolved, if MBI remains a party to this lawsuit MBI requests that discovery be limited to the material issues found by the court for continuing MBI in the lawsuit. MBI requests that class discovery not begin unless and until the Plaintiff's deposition has been taken and a determination made that Plaintiff is similarly situated to other members of the proposed class/collective, and that she and her attorneys can adequately represent the collective class. Following this phase, MBI anticipates that discovery would focus on the factual basis for Plaintiff's claims (and those of class or collective members, if any) and Defendants' defenses.

 D. **Discovery Cut-Off**

~Doc# 817171.1~

MBI proposes that an appropriate cut-off date for discovery on the threshold joint employer issue would be January 31, 2008, after which time the parties may file motions on this issue. Once this issue is decided and assuming MBI remains a party, MBI requests that the issue of conditional class and collective certification be decided, and that the parties then have four months to conduct discovery on the other issues in this case.

Plaintiff proposes that the appropriate cut-off date for class-certification discovery is February 28, 2008, after which Plaintiff will file her motion for class certification.

### E.  Expert Discovery

MBI proposes that following the close of discovery, Plaintiff have 90 days to identify expert witnesses and submit expert reports; that Defendants then have 90 days to identify experts and submit reports; and that the parties then have 30 days to depose each other's experts.

Plaintiff proposes that experts on class certification be disclosed on or before November 30, 2007, and that their reports on class certification be furnished on January 12, 2008. This will permit depositions to be concluded in an orderly fashion.

### F.  Phased or Otherwise Limited Discovery

As set forth above, MBI proposes that initial discovery be limited to the issue whether MBI was Plaintiff's employer; that the conditional certification issue then be decided; and that discovery on other issues in the case be taken thereafter. BMJ LLC has no objection to this proposal.

Plaintiff proposes that initial discovery be limited as described above in Paragraph C 1.

### G.  Proposed Alterations or Restrictions on Applicable Discovery Limitations

Other than the phasing of discovery proposed above, MBI and BMJ LLC believe that the applicable discovery limitations should not be changed and that no other limitations need to be imposed.

The parties reserve their right to seek modification to the applicable discovery limitations if necessary. The parties will submit a proposed protective order.

Prior to the resolution of the class-certification issue, Plaintiff believes that no changes need to be made to the normal discovery limitations. After class certification is resolved, Plaintiff believes that it will most likely be necessary to have changes to the applicable discovery limitations and that this issue should therefore be addressed at that time.

H.  **Entry of Other Court Orders**

The parties agree that the Court should enter the proposed protective order and any other order that may be necessary depending on the issues that arise during the course of discovery in this action.

Plaintiff believes that the issues of liability and damages should be bifurcated.

9.  **CLASS ACTIONS**

(1) Plaintiff contends that a class action is maintainable under F.R.Civ.P. 23(a), (b), and (c).

(2) The action is brought on behalf "all natural persons who were tendered a paycheck by Defendant MBMC during the four years before the filing of this Complaint through the date of the filing of a motion for class certification." (Compl. ¶ 27)

(3) The facts demonstrating that Plaintiff is entitled to maintain the action under F.R.Civ.P. 23(a) and (b) include the following:
There were more than forty persons who were tendered a paycheck by Defendant during the four years before the filing of the Complaint; the putative Class is so numerous that joinder of all putative Class Members is impracticable; there are

~Doc# 817171.1~

numerous, crucial legal and factual issues that are common to the putative Class; the claims of Plaintiff are typical of the claims of the putative Class; Plaintiff and her counsel will adequately and fairly represent the interests of the putative Class; the prosecution of separate actions by or against individual Members of the putative Class would create a risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for the party opposing the putative Class; and, by not paying the minimum wage and by not providing the appropriate pay-stub information to its employees, the party opposing the putative Clasa has acted and refused to act on grounds generally applicable to the putative Class, thereby making appropriate final injunctive relief with respect to the putative Class as a whole.

10. **RELATED CASES:**

   None.

11. **RELIEF:**

   Plaintiff seeks damages, attorney's fees, and costs of suit from BMJ LLC on counts 1, 2, 3, and 4 of the Complaint. On count 5, Plaintiff seeks damages, attorney's fees, and costs of suit from BMJ LLC and MBI pursuant to 29 U.S.C. § 216. On count 6, Plaintiff seeks restitution in the form of disgorgement of wages allegedly unlawfully retained, an injunction, and attorney's fees and costs from both Defendants. Plaintiff believes the total of damages and civil penalties is approximately $1,000,000. However, this is a very rough estimate, based on incomplete information.

   BMJ LLC contends that if liability as to it is established, damages should be calculated as follows: Until the issue of class certification is determined by the Court, BMJ LLC cannot speculate as to an appropriate calculation of damages in this case. BMJ LLC reserves the right to amend this response when the issue of class certification is resolved.

   MBI contends that if liability as to it is established, damages under Plaintiff's FLSA claim would be calculated as follows. For weeks in which Plaintiff worked

~Doc# 817171.1~

1 | hours in excess of 40 and was not properly compensated, overtime wages would be
2 | calculated as half of Plaintiff's regular hourly rate for the week, times the number of
3 | overtime hours worked. For weeks in which Plaintiff was not paid the federal
4 | minimum wage of $5.85 per hour, Plaintiff would receive the difference between the
5 | federal minimum wage and Plaintiff's regular hourly rate for that week. MBI would be
6 | entitled to a setoff for wages paid to Plaintiff under other counts. Plaintiff could also
7 | receive attorneys fees and costs associated with the litigation of count 5. On count 6,
8 | Plaintiff could receive restitution of unpaid wages.

9 | 12.    **SETTLEMENT AND ADR**:

10 | The parties discussed ADR options at their Rule 26 conference on October 8,
11 | 2007. After discussion, the parties tentatively agreed to request a settlement conference
12 | before a magistrate judge, to be held after the threshold issue of MBI's status as an
13 | employer of Plaintiff is decided. On October 9, 2007, the parties filed their Notice of
14 | Need for ADR Phone Conference. The ADR Phone Conference has been scheduled for
15 | October 31, 2007, at 2:00 p.m..

16 | 13.    **CONSENT TO MAGISTRATE JUDGES FOR ALL PURPOSES**

17 | The parties do not consent to have a magistrate judge conduct all further
18 | proceedings including trial and entry of judgment.

19 | 14.    **OTHER REFERENCES**:

20 | BMJ LLC contends that Plaintiff is required to arbitrate the case, and intends to
21 | appeal the Court's denial of its motion to compel arbitration. The case is not suitable
22 | for reference to binding arbitration, a special master, or the Judicial Panel on
23 | Multidistrict Litigation.

24 | 15.    **NARROWING OF ISSUES**:

25 | MBI requests that initial discovery be limited to the issue whether it was a joint
26 | employer of Ms. Perez, as this is a dispositive issue, and that this issue be briefed and
27 | determined before other discovery is conducted. Second, the issue of conditional class

28 |

~Doc# 817171.1~

1 and collective certification should be decided. The outcome of these motions will
2 determine the scope of the other discovery to be conducted.
3 16. **EXPEDITED SCHEDULE**:
4 This is not the type of case that can be handled on an expedited basis with
5 streamlined procedures.
6 17. **SCHEDULING**:
7 The parties' proposed dates for the designation of experts and discovery cutoff
8 are set forth in sections 8(D) and (E). The parties propose that dispositive motions be
9 heard 30 days after all discovery has been completed; that the pretrial conference be
10 held within 60 days after dispositive motions are decided; and that the trial date be
11 determined by the court. The parties request a special setting for the trial.
12 18. **TRIAL**:
13 Plaintiff has requested a jury trial. The parties anticipate that trial may be
14 expected to last 3 days for Plaintiff's individual claims. At this point, the parties cannot
15 predict how long a trial involving the claims of class or collective members would last.
16 19. **DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR**
17 **PERSONS**:
18 The parties have each filed the "Certification of Interested Entities or Persons"
19 required by Civil Local Rule 3-16. Plaintiff certifies that, other than the named parties,
20 there is no interest to report.
21 MBI certifies that Donald M. Hay and J. Barton Puett have a financial interest in
22 a party to the proceeding, in that they own all of the capital stock of MBI.
23 BMJ LLC certifies that Bruce Abbott has a financial interest in a party to this
24 proceeding, in that he is the sole member of BMJ LLC.
25 20. **OTHER MATTERS**:
26 BMJ LLC intends to appeal the Court's denial of its motion to compel arbitration
27 and to request a stay of the case against it pending appeal.
28

~Doc# 817171.1~

Respectfully submitted this 26th day of October, 2007.

Alan Harris, California Bar No.: 146079
David S. Harris, California Bar No.: 215224
David Zelenski, California Bar No.: 231768
**HARRIS & RUBLE**
Suite 1800
5455 Wilshire Boulevard
Los Angeles, CA 90069
323-931-3777
323-931-3366 Fax
Attorneys for Plaintiff

Patrick M. Macias, California Bar No.: 118167
Sarah N. Leger, California Bar No.: 226877
**RAGGHIANTI FREITAS LLP**
874 Fourth Street
San Rafael, CA 94901
415-453-9433, ext. 120
415-453-8269 Fax
Attorneys for Defendant BMJ LLC

James Bowles, California Bar No.: 089383
E. Sean McLoughlin, California Bar No.: 174076
**HILL, FARRER & BURRILL LLP**
One California Plaza – 37th Floor
300 S. Grand Avenue
Los Angeles, CA 90071-3147
Telephone: (213) 620-0460
Facsimile: (213) 624-4840

1
2
3   _____ for Daniel M. Shea by authorization
4   Daniel M. Shea, Georgia Bar. No.: 638800
    Paul R. Beshears, Georgia Bar No.: 055742
5   Michelle W. Johnson, Georgia Bar No.: 759611
6   **NELSON MULLINS RILEY & SCARBOROUGH LLP**
7   999 Peachtree Street, Suite 1400
    Atlanta, Georgia 30309
8   Telephone: (404) 817-6000
    Facsimile: (404) 817-6050
9   Attorneys for Defendant Maid Brigade, Inc.
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

~Doc# 817171.1~

**PROOF OF SERVICE**

I am an attorney for Plaintiff herein, over the age of eighteen years, and not a party to the within action. My business address is Harris & Ruble, 5455 Wilshire Boulevard, Suite 1800, Los Angeles, California 90036. On October 26, 2007, I served the within document(s): **JOINT CASE MANAGEMENT STATEMENT**.

I am readily familiar with the Firm's practice of collection and processing correspondence for mailing. Under that practice, the document(s) would be deposited with the U.S. Postal Service on that same day, with postage thereon fully prepaid, in the ordinary course of business, addressed as follows:

N/A.

I served the above document(s) via United States District Court Electronic Filing Service as set forth below:

Paul M. Macias
Sarah N. Leger
Ragghianti Freitas LLP
874 Fourth Street, Suite D
San Rafael, California 94901

James A. Bowles
E. Sean McLoughlin
One California Plaza
300 South Grand Avenue, Thirty-Seventh Floor
Los Angeles, California 90071

Daniel M. Shea
Paul R. Beshears
Michelle W. Johnson
Nelson Mullins Riley & Scarbourough LLP
999 Peachtree Street, Suite 1400
Atlanta, Georgia 30309

I declare under penalty of perjury that the above is true and correct. Executed on October 26, 2007, at Los Angeles, California.

David Zelenski

~Doc# 817171.1~