| | |
|---|---|
| 1 | **HARRIS & RUBLE** |
| | Alan Harris, California Bar No.: 146079 |
| 2 | David S. Harris, California Bar No.: 215224 |
| 3 | David Zelenski, California Bar No.: 231768 |
| | Suite 1800 |
| 4 | 5455 Wilshire Boulevard |
| 5 | Los Angeles, CA 90069 |
| | 323-931-3777 |
| 6 | 323-931-3366 Fax |
| 7 | Attorneys for Plaintiff |
| 8 | **RAGGHIANTI FREITAS LLP** |
| 9 | Patrick M. Macias, California Bar No.: 118167 |
| | Sarah N. Leger, California Bar No.: 226877 |
| 10 | 874 Fourth Street |
| 11 | San Rafael, CA 94901 |
| | 415-453-9433, ext. 120 |
| 12 | 415-453-8269 Fax |
| 13 | Attorneys for Defendant BMJ LLC |
| 14 | **HILL, FARRER & BURRILL LLP** |
| 15 | James Bowles, California Bar No.: 089383 |
| | E. Sean McLoughlin, California Bar No.: 174076 |
| 16 | One California Plaza – 37th Floor |
| 17 | 300 S. Grand Avenue |
| | Los Angeles, CA 90071-3147 |
| 18 | Telephone: (213) 620-0460 |
| 19 | Facsimile: (213) 624-4840 |
| 20 | **NELSON MULLINS RILEY & SCARBOROUGH LLP** |
| 21 | Daniel M. Shea, Georgia Bar. No.: 638800 |
| | Paul R. Beshears, Georgia Bar No.: 055742 |
| 22 | Michelle W. Johnson, Georgia Bar No.: 759611 |
| 23 | 999 Peachtree Street, Suite 1400 |
| | Atlanta, Georgia 30309 |
| 24 | Telephone: (404) 817-6000 |
| 25 | Facsimile: (404) 817-6050 |
| | Attorneys for Defendant Maid Brigade, Inc. |
| 26 | |
| 27 | |
| 28 | |

-Doc# 816636.1-

Consent Protective Order Case No.: C-07-3473 (SI)

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| VIRGINIA PEREZ, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MAID BRIGADE, INC., a Delaware Corporation, and BMJ LLC, a California Limited Liability Company,<br><br>Defendants. | Case No.: C-07-3473 (SI)<br><br>CONSENT PROTECTIVE ORDER |

Pursuant to Rule 26 of the Federal Rules of Civil Procedure, with the consent of the parties, as evidenced by their signatures below, and for good cause shown, the Court hereby issues this Consent Protective Order, and it is accordingly,

**ORDERED** that the confidential contents and proprietary nature of certain information and documents disclosed or produced during pretrial discovery or for trial in this action shall be protected and governed as follows:

1. Any party may designate as "confidential" any information or documents that are deemed in good faith by that party to be entitled to confidentiality under Rule 26(c) of the Federal Rules of Civil Procedure. Such information and documents may include, but are not limited to, trade secrets; proprietary, confidential, or commercially sensitive business information; matters protected by federal or state law or regulation; and the personal, health, insurance, financial, tax, account, credit

12-28-'07 18:33 FROM-Ragghianti Freitas    4154532817            T-468  P005/009  F-478

and/or other confidential information of Plaintiff or a Defendant's past or present employees or customers.

2. Any party may designate information or documents as "confidential" by physically marking documents as "confidential" or by separately producing or disclosing such information or documentation and notifying the discovering party in writing of their protected nature.

3. If the receiving party believes any information, document, or deposition transcript so designated is not entitled to be deemed confidential under Rule 26 of the Federal Rules of Civil Procedure, the receiving party shall give counsel for the party making the designation written notice of such objection, stating the reason(s) for the objection. The disclosing party then must reply in writing within 15 days of receipt of the written notice of objection.

4. If the parties cannot resolve their dispute regarding the confidential designation, then the receiving party must file a motion to compel, under Rule 26(c) of the Federal Rules of Civil Procedure, within 15 days of its receipt of the disclosing party's reply described in paragraph 3 above.

5. The receiving party must respect the confidentiality designation in the manner described below until the time for filing a Motion to Compel has passed or, if one is filed, until the Court adjudicates any Motion filed pursuant to paragraph 4 above.

6. Confidential information, documents, and any extracts, copies, notes, summaries or compilations or information derived therefrom shall be used only for the purpose

12-28-'07 18:33   FROM-Ragghianti Freitas   4154532817   T-468  P006/009  F-478

of this litigation, and for no other purpose and shall not be disclosed during the case or after it has concluded, except as set forth herein.

7. Attorneys and employees of the receiving firm shall notify those having access to any confidential information or document of its confidential nature and instruct such persons not to disclose such information or document except as may be authorized by this Order or otherwise required by law. Counsel of record in this action shall ensure that all persons who use the confidential information or document produced in this matter are apprised of the existence and requirements of this Order and employ their best efforts to ensure that all such persons strictly comply with the provisions of this Order.

8. Parties wishing to file any document with the Court under seal must first present a stipulation or an ex-parte application and a proposed order regarding said document, and a copy of the document sought to be sealed, to the Court, pursuant to Judge Ilston's Standing Order dated May, 2006.

9. In the event that a party wishes to use any confidential information or documents in any affidavits, briefs, memoranda of law, or other papers filed with the Court in this case, such confidential information or documents used therein shall be filed and maintained under seal by the Court in accordance with the procedure described in paragraph 8 of this Order.

10. Confidential information and documents shall not be disclosed or otherwise made available to any persons other than: (a) counsel of record for any party, and the

legal associates, clerical or support staff of such counsel assisting in the preparation of this action; (b) a named party, or management-level representatives of a party; (c) independent experts, or potential experts, or any other person employed or retained by counsel for the purpose of assisting counsel in this action, and (d) court personnel and court reporters as required in connection with this action.

11. At the conclusion of this case, including any and all appeals, all copies of confidential documents and documents containing confidential information shall be returned to counsel for the producing party upon request. Counsel shall be permitted to retain documents constituting work product, which refer to confidential information or documents containing confidential information. However, such work product shall remain confidential in accord with and subject to the protections and procedures of this Order.

12. Nothing herein shall affect or restrict the rights of any party with respect to its own information or documents.

13. By the entry of this Order, the parties shall not be deemed to have waived any objection available to them in response to any discovery request or evidentiary matter.

14. This Order is without prejudice to the rights of any party to seek its modification or amendment by further order of this Court. The parties have consented to the entry of this Consent Protective Order upon the express condition that they reserved the

|   |   |
|---|---|
| 1 | right to seek relief or supplemental order of this Court if the provisions of this |
| 2 | Consent Protective Order would later result in undue burden or expense or would |
| 3 | undermine counsels' ability to represent their clients in this case. |
| 4 | |
| 5 | **SO ORDERED**, this _____ day of _____, 2007. |

```
                                        _____
                                        The Honorable Susan Ilston
```

CONSENTED TO BY:

*/s/ Alan Harris*

Alan Harris, Esq.
California Bar No.: 146079
David S. Harris, Esq.
California Bar No.: 215224
David Zelenski, Esq.
California Bar No.: 231768
Harris & Ruble
Suite 1800
5455 Wilshire Boulevard
Los Angeles, CA 90069
323-931-3777
323-931-3366 Fax
Attorneys for Plaintiff

*/s/ Patrick M. Macias*

Patrick M. Macias, Esq.
California Bar No.: 118167
Sarah N. Leger, Esq.
California Bar No.: 226877
RAGGHIANTI FREITAS LLP
874 Fourth Street
San Rafael, CA 94901
415-453-9433, ext. 120
415-453-8269 Fax

| | |
|---|---|
| 1 | Attorneys for Defendant BMJ LLC |
| 2 | |
| 3 | *[signature]* |
| | James Bowles, Esq. |
| 4 | California Bar No.: 089383 |
| 5 | HILL, FARRER & BURRILL |
| | One California Plaza – 37th Floor |
| 6 | 300 S. Grand Avenue |
| 7 | Los Angeles, CA 90071-3147 |
| | Telephone: (213) 620-0460 |
| 8 | Facsimile: (213) 624-4840 |
| 9 | Email: jbowles@hillfarrer.com |
| 10 | |
| 11 | *Michelle W. Johnson* |
| | Daniel M. Shea |
| 12 | Georgia Bar. No.: 638800 |
| 13 | Paul R. Beshears |
| | Georgia Bar No.: 055742 |
| 14 | Michelle W. Johnson |
| 15 | Georgia Bar No.: 759611 |
| | NELSON MULLINS RILEY & SCARBOROUGH LLP |
| 16 | 999 Peachtree Street, Suite 1400 |
| 17 | Atlanta, Georgia 30309 |
| | Telephone: (404) 817-6000 |
| 18 | Facsimile: (404) 817-6050 |
| 19 | Attorneys for Defendant Maid Brigade, Inc. |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |