| | |
|---|---|
| 1 | **HARRIS & RUBLE** |
|   | Alan Harris, California Bar No.: 146079 |
| 2 | David Zelenski, California Bar No.: 231768 |
|   | Suite 1800 |
| 3 | 5455 Wilshire Boulevard |
| 4 | Los Angeles, CA  90069 |
|   | 323-931-3777 |
| 5 | 323-931-3366 Fax |
| 6 | Attorneys for Plaintiff |
| 7 | |
|   | **RAGGHIANTI FREITAS LLP** |
| 8 | Patrick M. Macias, California Bar No.: 118167 |
|   | Sarah N. Leger, California Bar No.: 226877 |
| 9 | 874 Fourth Street |
| 10 | San Rafael, CA  94901 |
|   | 415-453-9433, ext. 120 |
| 11 | 415-453-8269 Fax |
| 12 | Attorneys for Defendant BMJ LLC |
| 13 | |
|   | **HILL, FARRER & BURRILL LLP** |
| 14 | James Bowles, California Bar No.: 089383 |
| 15 | E. Sean McLoughlin, California Bar No.: 174076 |
|   | One California Plaza – 37th Floor |
| 16 | 300 S. Grand Avenue |
| 17 | Los Angeles, CA 90071-3147 |
|   | Telephone: (213) 620-0460 |
| 18 | Facsimile: (213) 624-4840 |
| 19 | |
|   | **NELSON MULLINS RILEY & SCARBOROUGH LLP** |
| 20 | Daniel M. Shea, Georgia Bar. No.: 638800 |
| 21 | Paul R. Beshears, Georgia Bar No.: 055742 |
|   | Michelle W. Johnson, Georgia Bar No.: 759611 |
| 22 | 999 Peachtree Street, Suite 1400 |
| 23 | Atlanta, Georgia 30309 |
|   | Telephone: (404) 817-6000 |
| 24 | Facsimile: (404) 817-6050 |
| 25 | Attorneys for Defendant Maid Brigade, Inc. |
| 26 | |
| 27 | |
| 28 | |

~Doc# 817171.1~

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

VIRGINIA PEREZ, individually, and on behalf of all others similarly situated,

    Plaintiff,

v.

MAID BRIGADE, INC., a Delaware Corporation, and BMJ LLC, a California Limited Liability Company,

    Defendants.

Case No.: C-07-3473 (SI)

**JOINT CASE MANAGEMENT STATEMENT**

1. **PRELIMINARY STATEMENT/UPDATE**

The parties have reached a tentative settlement and anticipate filing a motion for preliminary approval shortly.

2. **JURISDICTION AND SERVICE**

Plaintiff seeks to invoke this court's subject matter jurisdiction over Plaintiff's Fair Labor Standards Act claim pursuant to 28 U.S.C. § 1331. Plaintiff also asserts four claims arising under California law against defendant BMJ LLC only, and one claim arising under California law against both Defendants. Plaintiff asks this court to exercise supplemental jurisdiction over these five claims pursuant to 28 U.S.C. § 1367. Defendants deny that supplemental jurisdiction over the five state law claims is proper. All parties have been served.

3. **FACTS**

Since approximately 2002, Plaintiff Virginia Perez has been employed by defendant BMJ LLC (a California limited liability company) as a maid. Defendant MBI, a Delaware corporation with its principal place of business in Georgia, is a franchisor of household cleaning services. Pursuant to a written franchise agreement with MBI, Defendant BMJ LLC operates Maid Brigade of Marin County.

~Doc# 817171.1~

Plaintiff was paid on a "piece rate" or percentage basis for the houses she cleaned, and was paid an hourly rate for the administrative work she did at BMJ LLC's office. Plaintiff contends that during her employment with BMJ LLC she worked, on some occasions, in excess of eight hours per day and forty hours per week, and without rest periods or meal breaks required by law. Plaintiff alleges that her pay on occasion fell below applicable minimum wage and overtime rates. Defendants deny these allegations.

Defendant MBI denies that it was Plaintiff's employer and denies that it is a proper party to this lawsuit. MBI contends that, pursuant to its franchise agreement with BMJ LLC, BMJ LLC and not MBI hires and fires BMJ LLC's employees, keeps their employment records, determines their rate and method of payment, and controls all terms and conditions of their employment.

Plaintiff asserts the following claims against BMJ LLC:

    (a) Overtime and minimum wage violations pursuant to Cal. Lab. Code § 1194;

    (b) Continuing wages under Cal. Lab. Code § 203;

    (c) Insufficient pay stubs under Cal. Lab. Code § 226;

    (d) Failure to provide meal periods and rest periods required by Cal. Lab. Code § 226.7.

Plaintiff asserts the following claims against both BMJ LLC and MBI:

    (a) Minimum wage and overtime claims under 29 U.S.C. § 216;

    (b) Restitution and injunction under Cal. Bus. & Prof. Code § 17200 et seq.

Plaintiff seeks to represent a class of all natural persons who were tendered a paycheck by Defendant BMJ LLC during the four years before the filing of the Complaint through the date of the filing of a motion for class certification. Defendants deny that class certification would be proper because Plaintiff and her counsel are not

~Doc# 817171.1~

adequate representatives for various reasons. According to the defense, Plaintiff's claims are not typical or common, but are highly individualized and unrelated to MBI. Further, Defendants contend that the individuals whom Plaintiff seeks to represent are employed by hundreds of independent franchisees in 37 states, which franchisees each control their own employment practices pursuant to the laws in their own jurisdictions.

Pursuant to 29 U.S.C. § 216, Plaintiff also seeks to represent a collective of all individuals employed by "Defendants" in the United States during the three years prior to the filing of the Complaint through the filing of a motion for certification. Both Defendants deny that this case may properly proceed as a collective action. Defendants contend that Plaintiff is not similarly situated to the other members of the proposed class or collective. There are hundreds of franchises in 37 states, each individually owned and operated.

4.   **LEGAL ISSUES**

(1)   Whether MBI is an improper defendant because MBI was not Plaintiff's employer. *Singh v. 7-Eleven, Inc.*, 2007 U.S. Dist. LEXIS 16677 (N.D. Calif. March 8, 2007); *Maddock v. KB Homes, Inc.*, 2007 U.S. Dist. LEXIS 58743 (C.D. Calif. July 9, 2007); *Howell v. Chick-Fil-A, Inc.*, 1993 U.S. Dist. LEXIS 19030 (N.D. Fla. Oct. 29, 1993); *Zhao v. Bebe Stores, Inc.*, 247 F. Supp. 2d 1154 (C.D. Calif. 2003); *Evans v. McDonald's Corp.*, 936 F.2d 1087 (10th Cir. 1991); *Hatcher v. Augustus*, 956 F. Supp. 387 (E.D.N.Y. 1997).

(2)   Whether or not MBI as franchisor and BMJ LLC as franchisee constitute a joint "enterprise" under the FLSA. *Marshall v. Shan-an-Dan, Inc.*, 747 F.2d 1084 (6th Cir. 1984).

(3)   Whether this case may be properly maintained as a class action.

(4)   Whether this case may be properly maintained as a collective action under 29 U.S.C. § 216.

~Doc# 817171.1~

1  (5) Whether the overtime exemption provided in 29 U.S.C. § 207(i) applies
2  during some or all of the period for which Plaintiff seeks recovery. Opinion Letter,
3  U.S. Dept. of Labor, Oct. 24, 2005.
4  In addition to the foregoing legal issues, Plaintiff believes there are at least the
5  following additional common legal issues:
6  (6) Whether the failure to pay Perez and other former employees all accrued
7  but unpaid wages owing on account of missed rest and meal breaks on termination is a
8  willful violation of section 203 of the California Labor Code.
9  (7) Whether the failure to pay Perez and other former employees by check
10 rather than direct deposit violated section 213 of the California Labor Code.
11 (8) Whether the failure to pay Perez and other employees all wages due at
12 least twice per month violated section 204 of the California Labor Code.
13 (9) Whether the failure to pay Perez and other employees a minimum wage for
14 all work performed violates sections 510 and 1194 of the California Labor Code,
15 despite the provisions of 29 U.S.C. § 207(i).
16 (10) Whether Perez and other of the employees were injured by reason of the
17 failure of BMJ LLC to provides wages statements that conform with the requirements
18 of section 226 of the California Labor Code.
19 (11) Whether the defense's business practices warrant injunctive relief under
20 section 17200 *et seq.* of the California Business and Professions Code.
21 4. **MOTIONS**
22 There are no pending motions. The parties have reached a tentative settlement
23 and anticipate filing a motion for preliminary approval shortly. Thereafter, a motion
24 for final approval will be filed after the class notices go out and the claims period
25 expires.
26 5. **AMENDMENT OF PLEADINGS**
27
28

~Doc# 817171.1~

The parties do not anticipate that additional parties, claims, or defenses will be added.

6. **EVIDENCE PRESERVATION**

MBI and its attorneys put a litigation hold on documents by letters dated July 19, 2007 and October 16, 2007.

Plaintiff has requested the production of the originals of all documents allegedly executed by the maids, especially those with respect to arbitration.

Plaintiff has requested that the defense take measures to preserve and produce electronic evidence.

Plaintiff will serve subpoenae on other franchisees.

7. **DISCLOSURES**

The parties have exchanged initial disclosures.

8. **DISCOVERY**

The parties reached a tentative settlement and are in the process of finalizing and documenting the settlement. Accordingly, no additional discovery is pending or anticipated.

9. **CLASS ACTIONS**

(1) Plaintiff contends that a class action is maintainable under F.R.Civ.P. 23(a), (b), and (c).

(2) Plaintiff contends the action is brought on behalf "all natural persons who were tendered a paycheck by Defendant MBMC during the four years before the filing of this Complaint through the date of the filing of a motion for class certification." (Compl. ¶ 27)

(3) The facts demonstrating that Plaintiff is entitled to maintain the action under F.R.Civ.P. 23(a) and (b) include the following:

There were more than forty persons who were tendered a paycheck by Defendant during the four years before the filing of the Complaint; the putative Class is so

numerous that joinder of all putative Class Members is impracticable; there are numerous, crucial legal and factual issues that are common to the putative Class; the claims of Plaintiff are typical of the claims of the putative Class; Plaintiff and her counsel will adequately and fairly represent the interests of the putative Class; the prosecution of separate actions by or against individual Members of the putative Class would create a risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for the party opposing the putative Class; and, by not paying the minimum wage and by not providing the appropriate pay-stub information to its employees, the party opposing the putative Class has acted and refused to act on grounds generally applicable to the putative Class, thereby making appropriate final injunctive relief with respect to the putative Class as a whole.

10. **RELATED CASES:**

None.

11. **RELIEF:**

Plaintiff seeks damages, attorney's fees, and costs of suit from BMJ LLC on counts 1, 2, 3, and 4 of the Complaint. On count 5, Plaintiff seeks damages, attorney's fees, and costs of suit from BMJ LLC and MBI pursuant to 29 U.S.C. § 216. On count 6, Plaintiff seeks restitution in the form of disgorgement of wages allegedly unlawfully retained, an injunction, and attorney's fees and costs from both Defendants. Plaintiff believes the total of damages and civil penalties is approximately $1,000,000. However, this is a very rough estimate, based on incomplete information.

BMJ LLC contends that if liability as to it is established, damages should be calculated as follows: Until the issue of class certification is determined by the Court, BMJ LLC cannot speculate as to an appropriate calculation of damages in this case. BMJ LLC reserves the right to amend this response when the issue of class certification is resolved.

~Doc# 817171.1~

MBI contends that if liability as to it is established, damages under Plaintiff's FLSA claim would be calculated as follows. For weeks in which Plaintiff worked hours in excess of 40 and was not properly compensated, overtime wages would be calculated as half of Plaintiff's regular hourly rate for the week, times the number of overtime hours worked. For weeks in which Plaintiff was not paid the federal minimum wage of $5.85 per hour, Plaintiff would receive the difference between the federal minimum wage and Plaintiff's regular hourly rate for that week. MBI would be entitled to a setoff for wages paid to Plaintiff under other counts. Plaintiff could also receive attorneys fees and costs associated with the litigation of count 5. On count 6, Plaintiff could receive restitution of unpaid wages.

12. **SETTLEMENT AND ADR**:

The parties have reached a tentative settlement and are in the process of finalizing and documenting the settlement. The parties anticipate filing a motion for preliminary approval shortly. Thereafter, a motion for final approval will be filed after class notices go out and the claims period expires.

13. **CONSENT TO MAGISTRATE JUDGES FOR ALL PURPOSES**

The parties do not consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

14. **OTHER REFERENCES**:

BMJ LLC contends that Plaintiff is required to arbitrate the case, and intends to appeal the Court's denial of its motion to compel arbitration. The case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15. **NARROWING OF ISSUES**:

Given the tentative settlement reached, narrowing of issues is not an issue.

16. **EXPEDITED SCHEDULE**:

~Doc# 817171.1~

1 | This is not the type of case that can be handled on an expedited basis with streamlined procedures.

**17. SCHEDULING:**

The parties are in the process of finalizing the settlement. Thereafter, the parties will approach the Court and request a hearing date for the motion for preliminary approval.

**18. TRIAL:**

Given the tentative settlement, trial is not necessary.

**19. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS:**

The parties have each filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16. Plaintiff certifies that, other than the named parties, there is no interest to report.

MBI certifies that Donald M. Hay and J. Barton Puett have a financial interest in a party to the proceeding, in that they own all of the capital stock of MBI.

BMJ LLC certifies that Bruce Abbott has a financial interest in a party to this proceeding, in that he is the sole member of BMJ LLC.

Respectfully submitted this 8th day of April, 2008.

/s/   David Zelenski
Alan Harris, California Bar No.: 146079
David Zelenski, California Bar No.: 231768
**HARRIS & RUBLE**
Suite 1800
5455 Wilshire Boulevard
Los Angeles, CA  90069
323-931-3777
323-931-3366 Fax
Attorneys for Plaintiff

9

~Doc# 817171.1~

1

2   /s/ Patrick M. Macias
3 Patrick M. Macias, California Bar No.: 118167
   Sarah N. Leger, California Bar No.: 226877
4 **RAGGHIANTI FREITAS LLP**
   874 Fourth Street
5 San Rafael, CA 94901
6 415-453-9433, ext. 120
   415-453-8269 Fax
7 Attorneys for Defendant BMJ LLC

8

9
   /s/ James Bowles
10 James Bowles, California Bar No.: 089383
   E. Sean McLoughlin, California Bar No.: 174076
11 **HILL, FARRER & BURRILL LLP**
12 One California Plaza – 37th Floor
   300 S. Grand Avenue
13 Los Angeles, CA 90071-3147
14 Telephone: (213) 620-0460
   Facsimile: (213) 624-4840
15

16

   /s/ Daniel M. Shea
17 Daniel M. Shea, Georgia Bar. No.: 638800
18 Paul R. Beshears, Georgia Bar No.: 055742
19 Michelle W. Johnson, Georgia Bar No.: 759611
   **NELSON MULLINS RILEY & SCARBOROUGH LLP**
20 999 Peachtree Street, Suite 1400
21 Atlanta, Georgia 30309
   Telephone: (404) 817-6000
22 Facsimile: (404) 817-6050
23 Attorneys for Defendant Maid Brigade, Inc.

24

25

26

27

28

~Doc# 817171.1~

## PROOF OF SERVICE

I am an attorney for Plaintiff herein, over the age of eighteen years, and not a party to the within action. My business address is Harris & Ruble, 5455 Wilshire Boulevard, Suite 1800, Los Angeles, California 90036. On April 8, 2007, I served the within document(s): **JOINT CASE MANAGEMENT STATEMENT**.

I am readily familiar with the Firm's practice of collection and processing correspondence for mailing. Under that practice, the document(s) would be deposited with the U.S. Postal Service on that same day, with postage thereon fully prepaid, in the ordinary course of business, addressed as follows:

N/A.

I served the above document(s) via United States District Court Electronic Filing Service as set forth below:

Paul M. Macias
Sarah N. Leger
Ragghianti Freitas LLP
874 Fourth Street, Suite D
San Rafael, California 94901

James A. Bowles
E. Sean McLoughlin
One California Plaza
300 South Grand Avenue, Thirty-Seventh Floor
Los Angeles, California 90071

Daniel M. Shea
Paul R. Beshears
Michelle W. Johnson
Nelson Mullins Riley & Scarbourough LLP
999 Peachtree Street, Suite 1400
Atlanta, Georgia 30309

I declare under penalty of perjury that the above is true and correct. Executed on April 8, 2008, at Los Angeles, California.

/s/ David Zelenski
David Zelenski

11

~Doc# 817171.1~