1  Alan Harris (SBN 146079)
   David S. Harris (SBN 215224)
2  David Zelenski (SBN 231768)
   HARRIS & RUBLE
3  5455 Wilshire Boulevard, Suite 1800
   Los Angeles, California 90069
4  Telephone:  (323) 931-3777
   Facsimile:  (323) 931-3366
5
   Attorneys for Plaintiff
6

7

8              UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10

11 VIRGINIA PEREZ, individually,          Case No. C 07-3473 SI
   and on behalf of all others similarly
12 situated,                              **MEMORANDUM OF POINTS AND
                                          AUTHORITIES IN SUPPORT OF
13                    Plaintiff,          PLAINTIFF'S MOTION FOR
                                          PRELIMINARY APPROVAL OF
14        v.                              CLASS-ACTION SETTLEMENT**

15 MAID BRIGADE, INC., a                  Date:  June 6, 2008
   Delaware Corporation, and BMJ          Time:  9:00 a.m.
16 LLC, a California Limited Liability    Dep't:  10
   Company,
17                                        *Assigned to Hon. Susan Illston*
                      Defendants.
18

19

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

I.    Introduction ................................................................. 1

II.    Summary of Case ........................................................... 1

III.    Conditional Class Certification ...................................... 3

IV.    Summary of the Proposed Settlement ............................ 6

    A.    Settlement Fund and Payment of Claims ...................... 6

    B.    Tax Implications ................................................. 7

    C.    Plaintiff's Incentive Award ................................... 8

    D.    Release of Claims ............................................... 9

    E.    Opt-Outs and Objections ...................................... 9

    F.    Termination of Settlement .................................... 9

V.    Class Notice and Proof-of-Claim Form ........................ 9

VI.    Attorney's Fees and Costs ........................................... 10

VII.    The Settlement Is Fair, Reasonable, and Adequate ....... 10

    A.    Strength of Plaintiff's Case ................................... 11

    B.    Likely Duration of Further Litigation ....................... 11

    C.    The Amount Offered in the Settlement ...................... 11

    D.    Extent of Discovery Completed and the Stage of
        the Proceedings ................................................. 11

    E.    Experience and Views of Counsel ........................... 12

1

2

F.    Reaction of Class Members to Proposed
        Settlement ……………………………………………………... 12

VII.    Appointment of Settlement Administrator ……………………………… 12

IX.    Proposed Calendar ……………………………………………………… 12

X.    Conclusion ……………………………………………………………… 13

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MEM. OF P. & A. IN SUPP. OF PL.'S MOT. FOR PRELIMINARY APPROVAL OF CLASS-ACTION SETTLEMENT

# TABLE OF AUTHORITIES

***Cited Cases***

Adames v. Mitsubishi Bank, Ltd.
133 F.R.D. 82 (E.D.N.Y. 1989) …………………………………………………… 4

Bell v. Farmers Ins. Exch.
115 Cal. App. 4th 715 (2004) …………………………………………………… 6

Castle v. Wells Fargo Fin., Inc.
2000 WL 495705 (N.D. Cal. Feb. 20, 2008) …………………………………… 2

Dukes v. Wal-Mart Stores, Inc.
222 F.R.D. 137 (N.D. Cal. 2004) ……………………………………………… 5

Dunleavy v. Nadler
213 F.3d 454 (9th cir. 2000) …………………………………………… 4, 10, 12

Elliott v. ITT Corp.
150 F.R.D. 569 (N.D. Ill. 1992) ……………………………………………… 5

Hanlon v. Chrysler Corp.
150 F.3d 1011 (9th Cir. 1998) ………………………………………………… 10

In re S. Ohio Corr. Facility
175 F.R.D. 270 (S.D. Ohio 1997) …………………………………………… 8

Int'l Molders' & Allied Workers' Local 164 v. Nelson
102 F.R.D. 457 (N.D. Cal. 1983) ……………………………………………… 4

Jarvaise v. Rand Corp.
212 F.R.D. 1 (D.C. D.C. 2002) ………………………………………………... 5

Labbate-D'Alauro v. GC Servs. Ltd. P'ship
168 F.R.D. 451 (E.D.N.Y. 1996) ……………………………………………... 4

Lightbourn v. Wal-Mart Stores, Inc.
222 F.R.D. 137 (N.D. Cal. 2004) ……………………………………………... 5

1
2

Linney v. Cellular Alaska P'ship
151 F.3d 1234 (9th Cir. 1998) …………………………………………………... 4

Officers for Justice v. Civil Serv. Comm'n
688 F.2d 615 (9th Cir. 1982) ……………………………………………………. 4

Perez-Funez v. Dist. Director, Immigration & Naturalization Serv.
611 F. Supp. 990 (C.D. Cal. 1984) ……………………………………………… 4

Sheppard v. Consol. Edison Co. of N.Y., Inc.
2002 U.S. Dist. LEXIS 16314 (S.D.N.Y. August 1, 2002) ……………………... 8

Torrisi v. Tucson Elec. Power Co.
8 F.3d 1370 (9th Cir. 1993) ……………………………………………………… 10

3
4
5
6
7
8
9
10
11

***Cited Statutes and Rules***

12
13

Fed. R. Civ. P. 23 ……………………………………………………………… 4, 6

14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

MEM. OF P. & A. IN SUPP. OF PL.'S MOT. FOR PRELIMINARY APPROVAL OF CLASS-ACTION SETTLEMENT

*I.    Introduction.*

After mediation in connection with an appeal to the Ninth Circuit regarding this Court's decision on the arbitration issue, the parties have achieved a settlement of this case.[1]  Accordingly, this matter now comes before the Court for (1) conditional certification, for settlement purposes only, of a class pursuant to Rule 23 of the Federal Rules of Civil Procedure; (2) preliminary approval of the Stipulation of Settlement entered into between Plaintiff, on behalf of the absent Class Members whom she seeks to represent, and Defendants; (3) approval of the form and method of class notice, including the proof-of-claim form; (4) the appointment of Harris & Ruble as Qualified Settlement Administrator; (5) an order approving the time within which notice will be given, as well as when claims, opt-outs, and/or objections must be received; and (6) an order approving the time within which Class Counsel must file for final approval of the settlement, the time within which Class Counsel must file a motion for fees and costs, and a date in which the Court shall hear any objections and consider entering an order of final approval of the settlement.

This Motion is supported by the Declaration of Alan Harris, counsel for Plaintiff. A copy of the Stipulation of Settlement is attached as Exhibit 1 to that Declaration. Copies of the proposed form of notice (Exhibit 2) and claim form to be completed by Class Members who do not opt out (Exhibit 3) are also attached.

*II.    Summary of the Case.*

Plaintiff commenced this action was commenced as a putative class action, alleging labor-law violations by Defendants Maid Brigade, Inc. and BMJ LLC (collectively, "Settling Defendants").  Defendant BMJ LLC employed Perez as a maid. Defendant Maid Brigade, Inc. is the franchisor of BMJ LLC.  Plaintiff alleges that, for certain periods of her employment, she did not receive a minimum wage, and she also

---

[1] After this Court ruled in favor of Plaintiff on the arbitration issue, <u>Perez v. Maid Brigade, Inc.</u>, 2007 U.S. Dist. LEXIS 78412, appeal was taken to the Ninth Circuit.  The Ninth Circuit mediation program was an important catalyst assisting the parties in achieving settlement.

alleges that she was frequently required to work through her rest and meal breaks. Plaintiff seeks equitable relief and to recover damages, statutory penalties, interest, attorney's fees, and costs on behalf of herself and the putative Class, as well as civil penalties under the California Labor Code Private Attorneys General Act.  Plaintiff believes that the claims asserted in the litigation have merit under the Fair Labor Standards Act ("FLSA"), California's Unfair Competition Law (Business and Professions Code sections 17200 through 17208), and California Labor Code sections 201 through 203, 218.5, 226, 226.7, 510, 1194, and 2698 *et seq.*, as well as under all applicable Industrial Welfare Commission Wage Orders.  However, Plaintiff and her counsel recognize and acknowledge the cost and delay of continued proceedings necessary to prosecute the litigation through trial and appeal.  Plaintiff and her counsel have also taken into account the uncertain outcome and the risk of loss in any litigation, especially in a complex action such as this one.  Plaintiff and her counsel are also mindful of the inherent problems of proof under—and possible defenses to—the causes of action asserted in the litigation.  Plaintiff and her counsel believe that the settlement set forth in this Stipulation of Settlement confers substantial benefits on Class Members. Based on their evaluation, Plaintiff and her counsel have determined that the settlement set forth in this Stipulation of Settlement is in the best interest of the Class.

Accordingly, although Plaintiff asserts that Defendants are variously liable to all Class Members for their unpaid wages, continuing wages, damages, liquidated damages, and penalties, none of the claims are certain, and this Court's recent decision with respect to certification issues in cases of this nature cautions that settlement is appropriate.  Castle v. Wells Fargo Fin., Inc., 2008 WL 495705 (N.D. Cal. Feb. 20, 2008).  Under the circumstances, a settlement of $90,000—which will likely pay all unpaid minimum-wage claims—is fair, adequate and reasonable.

Settling Defendants deny each and all of the claims and matters alleged by Plaintiff in the litigation.  Settling Defendants expressly deny any and all charges of wrongdoing or liability arising out of any of the acts, omissions, facts, matters,

transactions, or occurrences alleged—or that could have been alleged—in the litigation. Settling Defendants contend that BMJ LLC employees in California are paid all owed to them and that they are afforded meal and rest breaks in compliance with California law. Because Settling Defendants believe they have complied with their obligations under the FLSA, the California Labor Code, and the applicable Wage Orders, Settling Defendants contend that Plaintiff's claims for inadequate wage statements, waiting-time penalties, injunctive relief under the Unfair Competition Law, and civil penalties under the Private Attorneys General Act—which claims are all derivative of the unpaid-wage and meal-and-rest-break claims—will fail. Furthermore, Settling Defendants deny that the litigation would have been appropriate for certification under Federal Rule of Civil Procedure 23(a) and (b), except pursuant to a settlement, because of the intractable management problems that would have been associated with class-wide litigation.

Nevertheless, Settling Defendants have taken into account the uncertainty and risks inherent in any litigation and have also concluded that further conduct of the litigation would be protracted and expensive, especially in a complex case like this one. Settling Defendants, therefore, have determined that it is desirable and beneficial that the litigation be settled in the manner and upon the terms and conditions set forth in the Stipulation of Settlement. The defense seeks to obtain closure to this litigation, and through vigorous, contentious debate, they have negotiated a reasonable settlement with Plaintiff, acting on behalf of the class.

## III.    *Conditional Class Certification.*

The Parties seek conditional certification under Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") of a class "all persons who were employed by BMJ LLC in California between July 7, 2003 and the date of the entry of the Order of Preliminary Approval and Certification of the Settlement Class and who do not file a timely request to be excluded from the Settlement." (Stipulation of Settlement ¶ 5.1.C.) According to a review of Defendant BMJ LLC's employment records, some one-hundred fifty individuals have been identified as Members of Settlement Class.

1    There is authority to the effect that pre-certification settlements are subject to a

2    somewhat higher level of scrutiny than those negotiated post-certification.  <u>Dunleavy v.</u>

3    <u>Nadler</u>, 213 F.3d 454, 458 (9th Cir. 2000).  However, concerns about the rights of absent

4    class members are satisfied by a careful fairness review of the settlement by the trial

5    court and the procedural protections provided by Rule 23 of the Federal Rules of Civil

6    Procedure.  <u>Officers for Justice v. Civil Serv. Comm'n.</u>, 688 F.2d 615, 624–25 (9th Cir.

7    1982), *cert denied*, 459 U.S. 1217 (1983).  The trial court has wide discretion in

8    certifying a class for settlement purposes and will be reversed "'only upon a strong

9    showing that the district court's decision was a clear abuse of discretion.'"  <u>Dunleavy</u>,

10   213 F.3d at 461 (quoting <u>Linney v. Cellular Alaska P'ship</u>, 151 F.3d 1234, 1238 (9th Cir.

11   1998)).

12   Class actions are favored, and Rule 23 is to be given a broad, rather than

13   restrictive, interpretation in order to favor the maintenance of class actions.  <u>Adames v.</u>

14   <u>Mitsubishi Bank, Ltd.</u>, 133 F.R.D. 82, 88 (E.D.N.Y. 1989); <u>Labbate-D'Alauro v. GC</u>

15   <u>Servs. Ltd. P'ship</u>, 168 F.R.D. 451, 454 (E.D.N.Y. 1996).

16   Rule 23(a) contains four requirements that must be satisfied:  (1) The class must

17   be so numerous "that joinder of all members is impracticable" ("numerosity"), (2) there

18   must be "questions of law or fact common to the class" ("commonality"); (3) the claims

19   of the representative plaintiff or plaintiffs must be "typical of the claims of the class"

20   ("typicality"); and (4) the class representative must show that he or she "will fairly and

21   adequately protect the interests of the class" ("adequacy").  Fed. R. Civ. P. 23(a).

22   The numerosity requirement is met.  Again, the number of individuals within the

23   Settlement Class is one-hundred fifty.  It has been held that a class of forty is sufficient

24   to justify certification.  <u>Int'l Molders' & Allied Workers' Local 164 v. Nelson</u>, 102

25   F.R.D. 457, 461 (N.D. Cal. 1983).  A class of twenty-five members may be sufficiently

26   numerous to justify certification.  <u>Perez-Funez v. Dist. Director, Immigration &</u>

27   <u>Naturalization Serv.</u>, 611 F. Supp. 990, 995 (C.D. Cal. 1984).  Common sense indicates

28   that joinder of all one-hundred fifty class members is "impracticable" as that word is

1  used in Rule 23(a).

2      With respect to commonality, if there is at least one issue and if the resolution of

3  that issue will affect all or a significant number of class members, then the commonality

4  requirement is met.  <u>Lightbourn v. County of El Paso</u>, 118 F.3d 421, 426 (5th Cir. 1997).

5  Plaintiff is not required to show that there is commonality on every factual and legal

6  issue.  <u>Dukes v. Wal-Mart Stores, Inc.</u>, 222 F.R.D. 137 (N.D. Cal. 2004); <u>Jarvaise v.</u>

7  <u>Rand Corp.</u>, 212 F.R.D. 1, 5 (D.C. D.C. 2002).  The common questions of fact and law

8  that affect Class Members include the following:  (1) whether each Class Member was

9  properly paid a minimum wage, (2) whether each Class Member received a paycheck

10  from Defendant BMJ LLC that failed to comply with the requirements of section 226 of

11  the California Labor Code, and (3) whether each Class Members was paid all of his or

12  her wages earned while working through required rest periods and meal breaks.  These

13  questions of fact and law predominate over issues only affecting individual Class

14  Members.  Even if it should turn out to be the case that the class definition includes

15  individuals who have not been injured or who do not wish to pursue claims against

16  Defendants, this is *not* a bar to certification.  <u>Elliott v. ITT Corp.</u>, 150 F.R.D. 569, 575

17  (N.D. Ill. 1992).  <u>Cf</u>. <u>Joseph v. General Motors Corp.</u>, 109 F.R.D. 635, 639-40 (D.C.

18  Colo. 1986).

19      Plaintiff also meets the typicality requirement.  Perez' claims are very similar to

20  those of any and all absent Class Members.  The fact pattern for Perez is similar, if not

21  identical, to the fact pattern for other Class Members, and all Members of the Settlement

22  Class, including Perez, have an interest in holding BMJ LLC responsible for payment of

23  their unpaid wages to them.

24      Finally, Perez is an adequate class representative.  Perez has no conflict of interest

25  with the other Class Members, as she shares the same desire to be paid for her work.  She

26  is committed to pursuing the claims of the Class Members, and her motivation in

27  retaining counsel and pursuing this action has solely been to collect unpaid wages for

28  herself and for her fellow Class Members.

In addition to the four requirements set out by Rule 23(a), the action must also meet one of the non-exclusive factors in Rule 23(b).  Rule 23(b)(3) authorizes class certification if a court determines (1) that "questions of law or fact common to the members of the class predominate over any questions affecting only individual members . . . and [2] that a class action is superior to other available methods for the fair and efficient adjudication of the controversy."  Fed. R. Civ. P. 23(b)(3).  As briefly discussed with respect to the commonality requirement, questions of law and fact predominate over questions affecting only individual members.  Furthermore, as required by Rule 23(b)(3), certifying this action as a class action is superior to the alternatives. Realistically, the alternatives to conditional class certification are (1) one-hundred fifty claim proceedings before the Division of Labor Standards Enforcement ("DLSE") followed by one-hundred *de novo* trials in Superior Court, see, e.g., Bell v. Farmers Ins. Exch., 115 Cal. App. 4th 715, 745–46 (2004) ("[A] losing employer [before the DLSE] has a right to a trial de novo in superior court where the ruling of the hearing officer is entitled to no deference."); (2) one-hundred fifty separate actions in either this Court or Superior Court; or, as is most likely, (3) the large majority of Class Members will never have their claims determined on the merits.

For the foregoing reasons, this Court should conditionally certify the Settlement Class.

**IV.    Summary of the Proposed Settlement.**

**A.    Settlement Fund and Payment of Claims.**

The total settlement amount is $90,000.  The settlement involves payments to Members of the Settlement Class, which payments will be made on a claims-made basis. All Members of the Settlement Class who timely submit valid proof-of-claim forms to the Settlement Administrator will be eligible to receive a portion of the settlement fund. The proof-of-claim forms will be reviewed by the Settlement Administrator for validity and accuracy.

According to the Stipulation of Settlement, allocation of the $90,000 settlement

amount will be as follows:

> Class Members who file an Approved Claim will be paid an amount per
> Work Week worked during the Claims Period.  This amount will be
> determined by the following formula:  First, the Qualified Settlement
> Administrator shall reduce the Settlement Amount of $90,000 by deducting
> (a) all attorneys' fees, costs and expenses of litigation approved by the
> Court and awarded to Plaintiff's Counsel, (b) the enhanced payment for
> Plaintiff approved by the Court and awarded to Plaintiff, (c) all fees to be
> paid to the Qualified Settlement Administrator associated with notices to the
> class and the administration of the Stipulation of Settlement and all costs
> associated with distribution of Individual Settlement Amounts to Class
> Members, and (d) $2,500 to be paid to the California Labor and Workforce
> Development Agency.  Second, the Qualified Settlement Administrator will
> divide the remainder from that calculation by the total number of Work
> Weeks worked by all Class Members who submit an Approved Claim
> during the Claims Period.  The Individual Settlement Amount for each Class
> Member who files an Approved Claim will then be calculated by
> multiplying this amount by the number of Work Weeks worked for BMJ
> LLC by the Class Member during the Claims Period.

(Stipulation of Settlement ¶ 5.3.F.3.)  Within its files, BMJ LLC has copies of payroll
records from which the parties may determine the total weeks worked by each Class
Member.

**B.    *Tax Implications.***

The parties agree that no taxes will be withheld or paid from the Settlement
Amount with respect to statutory penalties, continuing wages, liquidated damages,
attorney's Fees and costs, or administrations fees and costs.  The parties acknowledge
and agree that proper information reporting will be made to the appropriate taxing
authorities regarding all payments made pursuant to the settlement.

### C.     *Plaintiff's Incentive Award.*

The Stipulation of Settlement provides for an additional payment in the amount of up to $5,000 to Perez on account of the services that she has rendered to the Settlement Class in bringing this action and on account of the time that she has devoted in support of this action. Settling Defendants have agreed and have made no objection to Plaintiff's incentive award. Incentive awards "are not uncommon and can serve an important function in promoting class action settlements." Sheppard v. Consol. Edison Co. of N.Y., Inc., 2002 U.S. Dist. LEXIS 16314 at *16 (S.D.N.Y. August 1, 2002). "Courts routinely approve incentive awards to compensate named plaintiffs for the services they provided and the risks they incurred during the course of the class action litigation." In re S. Ohio Corr. Facility, 175 F.R.D. 270, 272 (S.D. Ohio 1997), *rev'd on other grounds,* 191 F.3d 453 (6th Cir. 1999).

Plaintiff's payment of $5,000 shall be in addition to whatever portion of the settlement fund she is otherwise entitled to receive. In light of her willingness to come forward with this action on behalf of Class Members, and in light of her effort in advancing the litigation, this represents a small amount. Upon discharge from her work, Plaintiff obtained the services of counsel. Plaintiff informed counsel of her situation and of her similarity with other Class Members. Despite the risk of not being hired to work in another similar job, Plaintiff brought this action forward.

Moreover, in furtherance of this action, Plaintiff has also expended significant time with counsel. She has met with counsel in-person or by telephone conference on numerous occasions. In addition, she has dedicated hours to reviewing and preparing discovery requests and responses. She has also dedicated time to gathering and reviewing documents for this action. She also provided invaluable legwork *before* this action was even filed.

In light of Plaintiff's time in bringing and maintaining this action, she should be awarded an incentive payment of $5,000. As a result of her efforts, Class Members will finally receive full or nearly full payment of their unpaid wages.

### D.    Release of Claims.

Settlement Claimants will release all of their relevant FLSA and California Labor Code claims against Settling Defendants.[2]  (Stipulation of Settlement ¶ 5.1.P.)

### E.    Opt-Outs and Objections.

Members of the Settlement Class will be given an opportunity to object or opt out of the Settlement Agreement.  (Stipulation of Settlement ¶ 5.4.C.)  The proposed class notice provides instruction to Class Members who wish to opt out and/or object to the settlement.  The timeline for submitting opt-outs and for filing objections shall be sixty days from the date of mailing of the notice.  (Stipulation of Settlement ¶ 5.4.C.)

### F.    Termination of Settlement.

Defendants reserve the right to terminate the Settlement Agreement if more than ten percent of the Settlement Class opt out.  (Stipulation of Settlement ¶ 5.4.D.)

## V.    Class Notice and Proof-of-Claim Form.

Class notice shall be mailed to the approximately one-hundred fifty Class Members identified by Defendant BMJ LLC.  The notice shall be accompanied by a proof-of-claim form.  (Stipulation of Settlement ¶ 5.4.B.)  These materials will be mailed by first-class U.S. mail to the person's last known address.  (Stipulation of Settlement ¶ 5.4.B.)  Class notices returned as undeliverable will be investigated by the Settlement Administrator.  (Stipulation of Settlement ¶ 5.4.F.)  The Settlement Administrator subscribes to an online Lexis database that researches a person's current addresses.  The Settlement Administrator shall consult the database and send additional notices to more recent addresses obtained through that process by first-class U.S. mail.

As provided within the Stipulation of Settlement, the proof-of-claim form will be mailed to Members of the Settlement Class, along with the Class notice.  The proof-of-claim form requests the Member's current telephone and address information.  Providing

---

[2] "Released Claims" is defined with reference to the specific claims asserted by Plaintiff in the operative Complaint.  In other words, Members of the Settlement Class do not, for example, release their potential claims for workers' compensation and/or unemployment insurance.

1    such information will ease the administration of claims and reduce settlement-

2    administration costs.

3    **VI.    *Attorney's Fees and Costs.***

4         The Stipulation of Settlement provides that Harris & Ruble's fees and costs

5    incurred in litigation of this action and in administration of claims shall be paid from the

6    settlement fund.  Harris & Ruble, as Class Counsel, will not seek an award of fees that

7    exceed $30,000 of the settlement amount.

8         The amount of compensation to Harris & Ruble, as Class Counsel and Settlement

9    Administrator, has been left entirely to the determination of the Court, with Class

10   Members given the opportunity to object.  Pursuant to this Court's instruction, Harris &

11   Ruble will file a motion approving an award of fees and costs *prior to* filing a motion for

12   final approval of class-action settlement.

13   **VII.    *The Settlement Is Fair, Reasonable, and Adequate.***

14        "The court may approve a settlement . . . that would bind class members only after

15   a hearing and on finding that the settlement  . . . is fair, reasonable, and adequate." Fed.

16   R. Civ. P. 23(e)(1)(C).  According to the Ninth Circuit in <u>Dunleavy</u>:

17             "Assessing a settlement proposal requires a district court to balance a

18         number of factors: the strength of plaintiff's case; the risk, expense,

19         complexity, and likely duration of further litigation; the risk of maintaining

20         a class action status throughout the trial; the amount offered in the

21         settlement; the extent of discovery completed and the stage of the

22         proceedings; the experience and views of counsel; . . . and the reaction of

23         the class members to the proposed settlement."

24   <u>Dunleavy</u>, 213 F.3d at 458 (quoting <u>Hanlon v. Chrysler Corp.</u>, 150 F.3d 1011, 1026 (9th

25   Cir. 1998).  However, certain factors may predominate in different factual contexts.

26   Indeed, one factor may predominate over all the others and provide sufficient grounds

27   for approval of a settlement.  <u>Torrisi v. Tucson Elec. Power Co.</u>, 8 F.3d 1370, 1376 (9th

28   Cir. 1993).

### A.    Strength of Plaintiff's Case.

Plaintiff believes that she has a strong case under the California Labor Code and FLSA.  Plaintiff and Class Members were employed by BMJ LLC, and many of Class Members did not receive payments due on account of Labor Code and/or FLSA violations.  According to Plaintiff, many Class Members were not paid all of their wages.

Settling Defendants deny Plaintiff's contentions and allegations with regard to the alleged violations.

### B.    Likely Duration of Further Litigation.

This Action has been pending in the court system for almost a year.  According to Plaintiff, Class Members and she still remain unpaid for wages earned over the past five years.  Granting approval of this class-action settlement would create a settlement fund that would likely get the participating Class Members finally paid in full.  Because the putative Cass has not been certified and notices have not been sent out, in the absence of a settlement, the likely duration of further litigation of this action could continue for more than an additional year.

### C.    The Amount Offered in the Settlement.

he amount of the settlement fund is $90,000.  Although this is not the amount that Plaintiff or Settling Defendants hoped for, settlement does represent a compromise by the parties in light of the risks and costs of further litigation.  The settlement will not totally compensate Class Members for all possible penalties; however, it should provide full payment of their unpaid wages.  It should be noted that not all Class Members may have due and owing wages for various reasons, including (1) they did not miss meal breaks or rest periods and/or (2) they were not required to work for less than the minimum wage.

### D.    Extent of Discovery Completed and the Stage of the Proceedings.

The parties have conducted significant discovery, both formal and informal.  There was an exchange and review of thousands of documents as a result of the Rule 26 disclosures.  The parties have conducted informal interviews regarding the background

1  of the case.  Plaintiff notes that, whether or not extensive formal discovery has been

2  conducted, "in the context of class action settlements, 'formal discovery is not a

3  necessary ticket to the bargaining table' where the parties have sufficient information to

4  make an informed decision about the settlement." Dunleavy, 213 F.3d at 459 (quoting

5  Linney, 151 F.3d at 1239).

6        ***E.    Experience and Views of Counsel.***

7        As reflected in the accompanying Harris Declaration, Alan Harris has substantial

8  experience in prosecuting class actions, including actions involving the application of

9  the California Labor Code and the FLSA.  Although he acknowledges that some persons

10  aligned with the interests of employees might feel that Defendants should pay more and

11  that some persons aligned with the interests of employers might feel that Defendants are

12  paying too much, he is of the opinion that the proposed settlement represents a very

13  reasonable bargain for both sides of this lawsuit.  Considering the inherent risks, hazards,

14  and expenses of carrying the case through trial, counsel is of the opinion that the

15  settlement is fair, reasonable, and adequate.  Settling Defendants have reached a similar

16  conclusion.

17        ***F.    Reaction of Class Members to Proposed Settlement.***

18        At this stage, the reaction of Class Members to the proposed settlement cannot be

19  known until preliminary approval is given, notice is sent out, and responses to that notice

20  are received.

21  ***VIII.  Appointment of Settlement Administrator.***

22        The Stipulation of Settlement provides for the appointment of a settlement

23  administrator to administer the claims process.   If approved by the Court, Class

24  Counsel—Harris & Ruble—will act as Claims Administrator.

25  ***IX.   Proposed Calendar.***

26        Plaintiff proposes the following calendar:

27        A.    June 2008:  The Court conditionally certifies the class action, preliminarily

28                approves the class-action settlement, appoints a claims administrator,

approves the form and mailing of the class notice, proof-of-claim form, and opt-out form.

B.   July 2008:  Class notices and proof-of-claim forms shall be mailed to Class Members.

C.   September 2008:  All claims must be postmarked.  All opt-outs and objections must be postmarked and filed no later than this date.

D.   September 2008:  The Settlement Administrator will provide a report to Settling Defendants regarding the number of claims and opt-outs submitted.

E.   September 2008:  Class Counsel shall file a motion for fees and reimbursement of costs.

F.   October 2008:  Class Counsel shall file a motion for final approval of class-action settlement.

G.   November 2008:  Hearing on objections (if any), motion for final approval of class settlement, and motion for fees and reimbursement of costs.

## X.   Conclusion.

It is respectfully submitted that the settlement embodied in the Stipulation of Settlement attached to the Harris Declaration is fair, reasonable, and adequate.  The Court should grant conditional certification of the class action, appoint a Settlement Administrator, and approve the form and means of giving notice.  The Court should also set the matter for a final-approval hearing.

Dated:  May 23, 2008                    HARRIS & RUBLE

                                        _____/s/_____

                                        Alan Harris
                                        *Attorneys for Plaintiffs*

MEM. OF P. & A. IN SUPP. OF PL.'S MOT. FOR PRELIMINARY APPROVAL OF CLASS-ACTION SETTLEMENT

# PROOF OF SERVICE

I am attorney for Plaintiff herein, over the age of eighteen years, and not a party to the within action. My business address is Harris & Ruble, 5455 Wilshire Boulevard, Suite 1800, Los Angeles, California 90036.  On May 23, 2008, I served the within document(s):  **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS-ACTION SETTLEMENT**.

I caused such to be delivered by hand in person to:

    N/A

I caused such to be delivered by fax or e-mail to:

    N/A

I am readily familiar with the Firm's practice of collection and processing correspondence for mailing.  Under that practice, the document(s) would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business, addressed as follows:

    N/A

I caused such to be delivered via the Court's CM/ECF System:

    James Bowles
    jbowles@hhillfarrer.com
    docket@hhillfarrer.com
    lforte@hillfarrer.com
    smcloughlin@hillfarrer.com

    Michelle Johnson
    michelle.johnson@nelsonmullins.com

    Patrick Macias
    pmacias@rjlawllp.com

    Edward McLoughlin
    smcloughlin@hillfarrer.com
    avillar@hillfarrer.com
    docket@hillfarrer.com

    Daniel Shea
    Daniel.shea@nelsonmullins.com

I declare under penalty of perjury that the above is true and correct.  Executed on May 23, 2008, at Los Angeles, California.

                      /s/
                    David Zelenski