```
Alan Harris (SBN 146079)
David S. Harris (SBN 215224)
David Zelenski (SBN 231768)
HARRIS & RUBLE
5455 Wilshire Boulevard, Suite 1800
Los Angeles, California 90069
Telephone:  (323) 931-3777
Facsimile:  (323) 931-3366
```

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIRGINIA PEREZ, individually, and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>MAID BRIGADE, INC., a Delaware Corporation, and BMJ LLC, a California Limited Liability Company,<br><br>    Defendants. | Case No. C 07-3473 SI<br><br>**DECLARATION OF ALAN HARRIS IN SUPPORT OF PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION OF SETTLEMENT CLASS, PRELIMINARY APPROVAL OF CLASS-ACTION SETTLEMENT, AND APPPOINTMENT OF QUALIFIED SETTLEMENT ADMINISTRATOR**<br><br>Date: June 6, 2008<br>Time: 9:00 a.m.<br>Dep't: 10<br><br>*Assigned to Hon. Susan Illston* |

ALAN HARRIS declares under penalty of perjury as follows:

1.   I am a member in good standing of the State Bar of California and am one of the attorneys for Plaintiff in the within action. I make this Declaration on behalf of the Plaintiff and in support of the Motion for Conditional Certification of Settlement Class, Preliminary Approval of Class-Action Settlement, and Appointment of Qualified Settlement Administrator. If sworn as a witness, I could competently testify to each and every fact set forth herein from my own personal knowledge.

2.   I have represented plaintiffs in complex class actions, e.g., Illinois v. Ill.

Brick Co., Inc., 431 U.S. 720 (1977); Gregory v. SCIE, LLC, 317 F.3d 1050 (2003); In re Masterkey Antitrust Litig., 1978-1 Trade Cas. Para. 61,887 (D. Conn. 1977)(jury trial for plaintiffs); In re Folding Carton Antitrust Litig., 83 F.R.D. 251 (N.D. Ill. 1978); In re Anthracite Coal Antitrust Litig., 82 F.R.D. 364 (M.D. Pa. 1979), and in other complex litigation, e.g., In re Uranium Antitrust Litig., 503 F. Supp. 33 (N.D. Ill. 1981); In re Grand Jury, 469 F. Supp. 666 (M.D. Pa. 1980); United States v. Gleneagles Inv. Co., Inc., 584 F. Supp. 671, 689 (M.D. Pa. 1984), *aff'd. in part & vacated in part, and remanded sub. nom.* United States v. Tabor Court Realty Corp. 803 F.2d 1288 (3d Cir. 1986), *cert. den. sub. nom.* McClellan Realty Co. v. United States (1987) 483 U.S. 1005. In addition, I have represented many employees in disputes concerning their receipt of pay, both before the State of California Department of Labor Standards Enforcement and in state and federal courts in California.  E.g., Readmond v. Straw Dogs, Inc., Los Angeles Superior Court No. BC257394 (over $100,000 distributed to class members in Labor Code section 203 case); Angel Paws, Inc. v. Avalon Payroll Servs., Inc., Los Angeles Superior Court No. BC 188982 (over $450,000 distributed to class members in Labor Code section 203 case); Brackett v. Saatchi & Saatchi, Case No. BC 298728 (over $170,000 distributed to class members in an FLSA and Labor Code section 203 case); Harrington v. EPSG, Los Angeles Superior Court No. BC 312171 ($1,000,000 recovered for police officers working in the motion-picture industry); Greenberg v. EP Mgmt Sers., LP, Los Angeles Superior Court No. BC 237787 (over $5,000,000 recovered for motion-picture industry employees); Parmet v. Lapin, 2004 Cal. App. Unpub. LEXIS 5217 (2004); Gregory v. Superior Court, 2004 Cal. App. Unpub. LEXIS 10948 (2004); Agatep v. Exxon, Case No. CV 05-2342 (C.D. Cal.) (recovery of $1,500,000 for violations of, *inter alia*, Cal. Lab. Code); Doty v. Costco, Case No. CV 05-3241 (C.D. Cal.) (recovery of $7,000,000 for violations of, *inter alia*, Cal. Lab. Code).

     3.     In negotiating the Stipulation of Settlement, I have very carefully considered the risks of further litigation.  I have also carefully considered the expenses involved in further litigation, the potential recovery to the Class if the case were fully

litigated through trial, and the probability of any recovery for Class Members being delayed in the event of a successful trial outcome by the taking of an appeal. After a careful analysis of all of the relevant factors, I have formed and now hold the opinion that the terms and conditions embodied in the Stipulation of Settlement are fair, reasonable, and equitable; that they represent a good result; and that the risks and delay of further litigation likely outweigh the potential benefits that might derived from further litigation.

4.  Upon approval of Harris & Ruble as Settlement Administrator and upon final approval of the settlement, Defendants will deposit $90,000.00 in settlement funds to the Harris & Ruble trust account for distribution to Members of the Settlement Class who have submitted valid and timely Claim Forms. Such funds deposited into the trust account of Harris & Ruble shall be deemed in the custody of the Court to the same extent as if funds had been directly deposited with the Court. A true and correct copy of the Stipulation of Settlement with Defendants is attached as Exhibit 1 to this Declaration.

5.  A true and correct copy of the Notice of Pendency of Class Action is attached as Exhibit 2 to this Declaration.

6.  A true and correct copy of the Claim Form is attached as Exhibit 3 to this Declaration.

7.  Defendant BMJ LLC has advised that, promptly after preliminary approval of the settlement, it will produce a full and complete list of the names and addresses of all Members of the Settlement Class. In addition, with respect to those for whom Harris & Ruble receive undelivered return envelopes, Harris & Ruble subscribes to a special Lexis service from which current address information is available, and we will consult that source, as necessary. Accordingly, I believe that notice by first-class mail will most likely give actual notice to nearly all Class Members and that the expense of publication is unwarranted in this case.

8.  Based on my experience in matters of this nature, the $90,000 settlement fund will be adequate to pay all claims for unpaid wages.

1   I have read the foregoing, and the facts set forth herein are true and correct of my
2   own personal knowledge. Executed May 23, 2008, in the County of Los Angeles, State
3   of California.

/s/
Alan Harris

**PROOF OF SERVICE**

I am attorney for Plaintiff herein, over the age of eighteen years, and not a party to the within action. My business address is Harris & Ruble, 5455 Wilshire Boulevard, Suite 1800, Los Angeles, California 90036. On May 23, 2008, I served the within document(s): **DECLARATION OF ALAN HARRIS IN SUPPORT OF PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION OF SETTLEMENT CLASS, PRELIMINARY APPROVAL OF CLASS-ACTION SETTLEMENT, AND APPPOINTMENT OF QUALIFIED SETTLEMENT ADMINISTRATOR**.

I caused such to be delivered by hand in person to:

   N/A

I caused such to be delivered by fax or e-mail to:

   N/A

I am readily familiar with the Firm's practice of collection and processing correspondence for mailing. Under that practice, the document(s) would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business, addressed as follows:

   N/A

I caused such to be delivered via the Court's CM/ECF System:

   James Bowles
   jbowles@hillfarrer.com
   docket@hhillfarrer.com
   lforte@hillfarrer.com
   smcloughlin@hillfarrer.com

   Michelle Johnson
   michelle.johnson@nelsonmullins.com

   Patrick Macias
   pmacias@rjlawllp.com

   Edward McLoughlin
   smcloughlin@hillfarrer.com
   avillar@hillfarrer.com
   docket@hillfarrer.com

   Daniel Shea
   Daniel.shea@nelsonmullins.com

I declare under penalty of perjury that the above is true and correct. Executed on May 23, 2008, at Los Angeles, California.

                              /s/
                              David Zelenski

DECL. OF ALAN HARRIS IN SUPP. OF MOT. FOR PRELIMINARY APPROVAL OF CLASS-ACTION SETTLEMENT