ALAN HARRIS (SBN 146079)
HARRIS & RUBLE
5455 Wilshire Blvd., Suite 1800
Los Angeles, California 90036
Telephone:  (323) 931-3777
aharris@harrisandruble.com
dzelinski@harrisandruble.com

Attorneys for Plaintiff Virginia Perez

PATRICK MACIAS
RAGGHIANTI FREITAS LLP
874 4th Street
Suite D
San Rafael, Ca. 94901

Attorneys for Defendant BMJ LLC

JAMES BOWLES
HILL FARRER & BURRILL, LLP
One California Plaza
300 South Grand Avenue
Thirty-Seventh Floor
Los Angeles, Ca. 90071

DANIEL SHEA
MICHELLE JOHNSON
Nelson Mullins Riley & Scarbourough LLP
201 17th Street NW/Suite 1700
Atlanta, Ga. 30363

Attorneys for Defendant Maid Brigade, Inc.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIRGINIA PEREZ, individually and on behalf of all others similarly situated, | Case No. C 07-3473 (SI) |
| Plaintiff, | |
| v. | **STIPULATION OF SETTLEMENT** |
| MAID BRIGADE, INC., a Delaware Corporation, and BMJ LLC, a California Limited Liability Company, | Hon. Susan Ilston |
| Defendants. | |

- 1 -

Plaintiff Virginia Perez ("Plaintiff"), on behalf of herself and Class Members as defined herein, Defendant Maid Brigade, Inc. and Defendant BMJ LLC, a California Limited Liability Company (hereinafter referred to collectively as "Settling Defendants"), and their respective counsel of record, and subject to the terms and conditions hereof and final approval by the Court, hereby enter into this Stipulation of Settlement ("Stipulation of Settlement" or "Settlement") pursuant to Federal Rule of Civil Procedure 23(e). This Stipulation of Settlement is intended by the Settling Parties to fully, finally, and forever compromise, release, resolve, discharge, and settle the Released Claims subject to the terms and conditions set forth in this Stipulation of Settlement. The Litigation shall be dismissed with prejudice upon final approval of this Stipulation of Settlement by the Court.

## 1.    **THE LITIGATION**

The Litigation includes, but is not limited to, claims alleging that the BMJ LLC employees in California have been improperly denied overtime wages and meal and rest periods. Plaintiff further alleges that, as a consequence of BMJ LLC's alleged failure to pay overtime wages and to provide meal and rest periods, BMJ LLC failed to pay California employees who have quit or been fired all wages due within the time required by California law. Further, Plaintiff alleges that the Settling Defendants' conduct violates the Fair Labor Standards Act and constitutes unfair business practices, entitling her to disgorgement of profits and injunctive relief under California's Unfair Competition Law. Plaintiff seeks to recover damages, equitable relief, penalties, interest, attorneys' fees and costs on behalf of herself and the putative class, along with civil penalties under the California Labor Code Private Attorneys General Act.

## 2.    PROCEDURAL HISTORY OF THE LITIGATION

A.  On July 7, 2007, Plaintiff filed a putative class and collective action lawsuit against Defendants alleging inter alia that they violated the Fair Labor Standards Act (the "FLSA") and California's Unfair Competition Law.

B.    The parties exchanged initial disclosures and further discovery.

C.    The parties engaged in mediation procedures in connection with the BMJ LLC appeal and reached a settlement, the terms of which are memorialized herein.

## 3.    REPRESENTATIVE PLAINTIFF'S CLAIMS AND BENEFITS OF SETTLEMENT

Plaintiff believes that the claims asserted in the Litigation have merit under the Fair Labor Standards Act, California's Unfair Competition Law (Business & Professions Code §§ 17200–17208), and California Labor Code sections 201–203, 218.5, 226, 226.7, 510, 1194, 2698, et seq. and related Wage Orders. However, Plaintiff and her counsel recognize and acknowledge the cost and delay of continued proceedings necessary to prosecute the Litigation against Settling Defendants through trial and appeal. Plaintiff and her counsel have also taken into account the uncertain outcome and the risk of loss in any litigation, especially in a complex action such as this one, as well as the difficulties inherent in such litigation. Plaintiff and her counsel are also mindful of the inherent problems of proof under, and possible defenses to, the causes of action asserted and the causes of action that could be asserted in the Litigation. Plaintiff and her counsel believe that the settlement set forth in this Stipulation of Settlement confers substantial benefits on Class Members. Based on their evaluation, Plaintiff's counsel have determined that the settlement set forth in this Stipulation of Settlement is in the best interest of the Plaintiff and the Class.

## 4. DEFENDANT'S STATEMENT AND DENIALS OF WRONGDOING AND LIABILITY

Settling Defendants deny each and all of the claims and matters alleged by Plaintiff in the Litigation. Settling Defendants expressly deny any and all charges of wrongdoing or liability against Settling Defendants arising out of any of the acts, omissions, facts, matters, transactions, or occurrences alleged, or that could have been alleged, in the Litigation. Settling Defendants contend that BMJ LLC employees in California are paid all overtime owed to them and that they are afforded meal and rest breaks in compliance with California law. Because Settling Defendants have complied with their obligations under the FLSA, the California Labor Code and the applicable Wage Orders, Settling Defendants contend that Plaintiff's claims for inadequate wage statements, waiting time penalties, injunctive relief under the Unfair Competition Law and civil penalties under the Private Attorneys General Act, which are derivative of the overtime and rest and meal break claims, will fail. Further, with respect to Plaintiff's individual claim under Labor Code § 226, Settling Defendants contend that they satisfied their obligations under § 226 with respect to Plaintiff. Finally, Settling Defendants deny that the Litigation would have been appropriate for collective action certification or class treatment under Federal Rule of Civil Procedure 23(a) and (b), except pursuant to a settlement, because of the intractable management problems that would have been associated with classwide litigation.

Nevertheless, Settling Defendants have taken into account the uncertainty and risks inherent in any litigation and have also concluded that further conduct of the Litigation would be protracted and expensive, especially in a complex case like this one. Settling Defendants, therefore, have determined that it is desirable and beneficial that the Litigation be settled in the manner and upon the terms and conditions set forth in the Stipulation of Settlement.

5.    **TERMS OF STIPULATION AND AGREEMENT OF SETTLEMENT**

IT IS HEREBY STIPULATED AND AGREED by and among the Plaintiff (for herself and the Class) and Settling Defendants, by and through their respective attorneys, that, subject to the approval of the Court, the Litigation and the Released Claims shall be finally and fully compromised, released, resolved, relinquished, discharged and settled, and the Litigation shall be dismissed with prejudice as to all Settling Defendants and Released Persons, and without any adverse findings or conclusions against any of the Released Persons, upon and subject to the terms and conditions of this Stipulation of Settlement, as follows:

**5.1    Definitions**

As used in this Stipulation of Settlement, the following terms have the meanings specified below:

A.    "Approved Claim" means a claim submitted by a Class Member that is accepted by the Qualified Settlement Administrator as valid and timely.

B.    "Qualified Settlement Administrator" means the firm of Harris & Ruble. As a condition of its appointment as Qualified Settlement Administrator, Harris & Ruble agrees to be bound by this Stipulation of Settlement with respect to the performance of its duties.

C.    "Class" means all persons who were employed by BMJ LLC as defined herein in California between July 7, 2003 and the date of the entry of the Order of Preliminary Approval and Certification of the Settlement Class and who do not file a timely request to be excluded from the Settlement.

D.    "Claims Period" means the period from July 7, 2003 through the date of the entry of the Order of Preliminary Approval and Certification of the Settlement Class.

E.    "Class Member" means any BMJ LLC employee, as defined herein, who falls within the definition of the Class.

F.    "Court" means the United States District Court for the Northern District of California.

G.    "Defendant" means BMJ LLC and MAID BRIGADE, INC.

H.    "BMJ LLC Employee" means an individual who, according to BMJ LLC's payroll records, was employed by BMJ LLC as a non-exempt employee in California between July 7, 2003 and the date of the entry of the Order of Preliminary Approval and Certification of the Settlement Class.

I.    "Effective Date" as defined herein is a material condition to performance of Settling Defendants' obligations under this Stipulation of Settlement. Settling Defendants' obligations are conditioned on (1) the entry by the Court of the Order of Preliminary Approval and Certification of the Settlement Class; (2) mailing of the Notice of Preliminary Approval and Final Approval Hearing and Right to Be Excluded from the Settlement and Claim Form to Class Members in accordance with the Court's Order of Preliminary Approval and Certification of the Settlement Class; (3) the entry by the Court of the Order of Final Approval; (4) execution and entry of Judgment by the Court; and (5) said Orders and Judgment becoming final through the first to occur of the following, the date of which shall constitute the Effective Date:  (a) expiration of all potential appeal periods without an appeal being noticed of the Order of Final Approval and entry of Judgment; (b) final affirmance of the Order of Final Approval and entry of Judgment by an appellate court as a result of any appeal, or final dismissal or denial of all such appeals (including any petitions for review, rehearing, certiorari, etc.); or (c) final disposition of any supplemental or subsequent proceedings resulting from any appeal which affirms and makes final the Order of Final Approval and entry of Judgment.  Until and unless all events in (1) – (5) above occur, Settling Defendants shall have only limited obligations to perform under this Stipulation of Settlement, as specifically provided herein.

J.       "Individual Settlement Amount" means the consideration that each eligible Class Member who files an Approved Claim will receive as calculated under the process described in paragraph 5.3.F.

K.       "Judgment" means a Judgment on Order of Final Approval of Stipulation of Settlement and Dismissal of Litigation to be executed by the Court and entered in the court records.

L.       "Litigation" means the civil action pending in the United States District Court for the Northern District of California, under the caption *Perez v. Maid Brigade, Inc.,* C 07-3473 (SI).

M.       "Plaintiff" means Virginia Perez, who is also a Class Member.

N.       "Plaintiff's Counsel" means Alan Harris, David Harris and David Zelenski of Harris & Ruble, 5455 Wilshire Boulevard, Suite 1800, Los Angeles, California 90036. Plaintiff's Counsel will move to be appointed class counsel pursuant to Fed.R.Civ.P. 23 (g)(2)(B). If the Court grants Plaintiff's Counsel's motion, Plaintiff's Counsel will thereafter be deemed to be class counsel.

O.       "Related Persons" means Defendant and each and all of its past or present parents, subsidiaries and affiliates, and their respective past or present predecessors, successors, assigns, members, representatives, officers, directors, shareholders, attorneys, insurers, agents and employees.

P.       "Released Claims" means any and all causes of action, claims, damages, equitable, legal and administrative relief, interest, demands or rights, whether based on federal, state or local statute, common law, ordinance, or regulation, or any other source (including "Unknown Claims"), known or unknown, previously asserted or not, whether or not concealed or hidden, that have been, could have been, may be or could be alleged in the Litigation by a Class Member, relating to claims for violation of the Fair Labor Standards Act, California Labor Code, including but not limited to, Sections 201–203, 218.5,

226, 226.7, 510, 1194 and 2698 *et seq.* (and related Wage Orders), Business and Professions Code Section 17200 *et seq.*, and claims for recovery of statutory penalties and/or attorneys' fees under California Labor Code, Sections 203, 218.5, 226, 226.7, 1194, and 2698 *et seq.*, any Wage Order of the Industrial Welfare Commission, and California Code of Civil Procedure, Section 1021.5, that arise from acts or omissions of the Released Persons occurring from the beginning of time up to the Effective Date.

Q.    "Released Persons" means Defendant and each and all of the Related Persons.

R.    "Settlement Amount" means $90,000, the amount that Settling Defendants have agreed to pay.  Such amount shall be inclusive of all payments to Class Members, Plaintiff and Plaintiff's Counsel, the California Labor and Workforce Development Agency and all costs and expenses incurred in connection with the Stipulation of Settlement, and shall include, but not be limited to, payments for all claims for damages and/or equitable relief, penalties, interest, all attorneys' fees, costs and expenses, class notices, tax obligations of claimants, employer's tax obligations, and all costs related to administering the claims procedure and distribution of Individual Settlement Amounts to Class Members.  The remainder of the Settlement Amount, after all payments contemplated by this Stipulation of Settlement have been made, shall be contributed to State of California, Labor and Workforce Development Agency, subject to approval by the Court.

S.    "Settling Defendants" means BMJ LLC and MAID BRIGADE, INC.

T.    "Settling Parties" means Settling Defendants and Plaintiff, on behalf of herself and all Class Members.

U.    "Unknown Claims" means any and all causes of action and claims relating to those alleged in the Complaint that have been, could have been, may

be or could be alleged by a Class Member in the Litigation which any Plaintiff or Class Member, including his or her assigns, predecessors, and successors, does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Persons which, if known by him, her, or it, might have affected his, her, or its settlement with and release of any or all of the Released Persons, or might have affected his, her, or its decision not to object to or request to be excluded from the Stipulation of Settlement.

V.    "Work Week" means a period of seven consecutive calendar days which pursuant to Settling Defendants' payroll records constitute a payroll week.

**5.2    Conditions of Settlement**

A.    Full Performance by Settling Defendants of the obligations set forth in this Stipulation of Settlement is subject to all of the following material conditions:

1.    Entry by the Court of the Order of Preliminary Approval and Certification of the Settlement Class.

2.    Mailing of the Notice of Preliminary Approval and Final Approval Hearing and Right to Be Excluded from the Settlement and Claim Form to Class Members in accordance with the Court's Order of Preliminary Approval and Certification of the Settlement Class.

3.    Entry by the Court of the Order of Final Approval.

4.    Execution and entry of Judgment by the Court.

5.    Occurrence of the Effective Date.

B.    The Settling Parties, and their respective counsel, hereby covenant and agree to cooperate reasonably and in good faith for the purpose of achieving occurrence of the conditions set forth above, including, without limitation, timely filing of all motions, papers, and evidence necessary to do so, and refraining from causing or encouraging directly or indirectly any objection to this Stipulation of

Settlement, or any appeal seeking review of any Order or the Judgment contemplated by this Stipulation of Settlement.

1.    The Settling Parties will jointly move the Court on or before May 23, 2008 for an order certifying the settlement class, giving preliminary approval to the Settlement, approving the form of notice, and setting a date for the final approval hearing. Plaintiff's Counsel will concurrently move to be appointed class counsel. Settling Defendants will not oppose Plaintiff's Counsel's motion. The Settling Parties will jointly appear at the hearing on the motions, and support the granting of the motions.

2.    Not later than twenty one (21) days (all references to "days" in this Stipulation of Settlement shall be to calendar days unless otherwise indicated) before the final approval hearing, the Settling Parties shall file a joint motion for final approval of the Settlement, a memorandum in support of the motion, and Plaintiff's Counsel shall file a motion for award of attorneys' fees, costs and expenses not to exceed $30,000, and for an award for Plaintiff pursuant to Section 5.3.C.

3.    Not later than ten (10) days before the final approval hearing, the Qualified Settlement Administrator shall serve on Settling Defendants' Counsel and Plaintiff's Counsel and file with the Court a declaration attesting to a) the mailing of the Notice of Preliminary Approval and Final Approval Hearing and Right to be Excluded from the Settlement and Claim Form to all Class Members and b) the number and identities of Class Members who have elected to exclude themselves from the Settlement and the number and identities of Class Members who have submitted Claims.

4.    Not later than five (5) days before the final approval hearing, the Settling Parties may file reply memoranda in support of the Settlement if any Class Member has objected to, or otherwise commented on, the Settlement.

5.    Upon final approval of the Settlement by the Court at or after the final approval hearing, the Settling Parties will present for the Court's approval a proposed Judgment.

6.    Should the Court decline to certify the settlement class, to preliminarily approve the Settlement as agreed to by the Settling Parties in this Stipulation of Settlement, or decline to sign an order finally approving the Settlement, this Stipulation of Settlement will be null and void and the parties will have no further obligations pursuant to the Stipulation of Settlement. The Class as defined in Section 5.1 is for settlement purposes ONLY, and if the settlement does not become final, the fact that the parties were willing to stipulate to class certification as part of settlement and any related documents, shall not be admissible for any purpose such as whether a class should be certified at all. Defendants reserve their right to oppose class certification.

C.    The Settling Parties further agree that, subject to approval by the Court, the Litigation shall be stayed in all respects pending the occurrence or failure of the Effective Date.

### 5.3    Settlement Amount

Payment of the Settlement Amount shall be as follows:

A.    Settling Defendants agree to pay $90,000. The $90,000 shall include (1) all amounts to be paid to participating Class Members who file Approved Claims; (2) all amounts, if any, Settling Defendants must pay for taxes because of amounts paid to participating Class Members; (3) an enhancement for Plaintiff in such amount as the Court may award, up to a maximum of $5,000; (4) all costs associated with notices to the Class; (5) the costs of administering the Claims Procedure and distribution of Individual Settlement Amounts to Class Members; (6) reasonable attorneys' fees, expenses and costs to be paid to Plaintiff's Counsel, and (7) a base payment in the amount of $2,500 to the California Labor

and Workforce Development Agency.  Any amount remaining of the $90,000
Settling Defendants have agreed to pay, after all payments contemplated by (1)-
(7), above, shall be paid to the California Labor and Workforce Development
Agency.   Under no circumstances shall Settling Defendants have any obligation
under this Stipulation of Settlement to pay more than $90,000.

B.    Payment of any Settlement Amount is conditioned on the occurrence
of all conditions set forth in Section 5.2.

C.    Settling Defendants agree not to object to Plaintiff's request and
application for an enhancement award of additional compensation in an amount
as the Court might award as payment to Plaintiff for her service as Plaintiff and
for purposes other than her work for Defendant, provided, however, that such
application will not request more than $5,000.  Such amount will be paid from the
Settlement Amount to Plaintiff within thirty (30) days of the entry by the Court of
the Order of Final Approval, the execution and entry of the Judgment, or the
Effective Date, whichever is later.

D.    The Settling Parties agree to use a Qualified Settlement
Administrator, as defined in Section 5.1.B

E.    Settling Defendants further agree to pay from the Settlement Amount
the reasonable costs of the Qualified Settlement Administrator associated with
notices to the Class and the administration of the Stipulation of Settlement and all
costs associated with distribution of Individual Settlement Amounts to Class
Members.

F.    The Qualified Settlement Administrator will determine the
appropriate Individual Settlement Amount, if any, to be paid to each Class
Member who files an Approved Claim.  To make this determination:

1.     No Class Member will be eligible to receive any Individual Settlement Amount if that Class Member files a timely request to be excluded from the Settlement as described in Section 5.4.C.

2.     The Qualified Settlement Administrator will determine based on Settling Defendants' payroll records the total number of Work Weeks by Class Members during the Claims Period.

3.     Class Members who file an Approved Claim will be paid an amount per Work Week worked during the Claims Period. This amount will be determined by the following formula: First, the Qualified Settlement Administrator shall reduce the Settlement Amount of $90,000 by deducting (a) all attorneys' fees, costs and expenses of litigation approved by the Court and awarded to Plaintiff's Counsel, (b) the enhanced payment for Plaintiff approved by the Court and awarded to Plaintiff, (c) all fees to be paid to the Qualified Settlement Administrator associated with notices to the class and the administration of the Stipulation of Settlement and all costs associated with distribution of Individual Settlement Amounts to Class Members, and (d) $2,500 to be paid to the California Labor and Workforce Development Agency. Second, the Qualified Settlement Administrator will divide the remainder from that calculation by the total number of Work Weeks worked by all Class Members who submit an Approved Claim during the Claims Period. The Individual Settlement Amount for each Class Member who files an Approved Claim will then be calculated by multiplying this amount by the number of Work Weeks worked for BMJ LLC by the Class Member during the Claims Period. The maximum amount paid in settlement, including all reasonable attorneys' fees, costs and expenses to be paid to Plaintiff's Counsel, the enhancement for Plaintiff, the amount paid to the Qualified Settlement Administrator for services in mailing all notices and administering the Claims Procedure, tax costs incurred

by Settling Defendants because of amounts paid to participating Class Members, all costs associated with distribution of Individual Settlement Amounts to Class Members, and $2,500 to be paid to the California Labor and Workforce Development Agency shall not exceed $90,000.

4.    The Individual Settlement Amount to be paid to each Class Member who files an Approved Claim, and the method for determining that amount, are based on the need to distribute equitably any Class award, as well as the need to streamline the claims administration process so that the maximum amount of money is available to be paid to Class Members in a timely fashion, rather than spent on a complicated, burdensome, and lengthy claims administration process.

5.    Only those Class Members who file an Approved Claim will be eligible to receive an Individual Settlement Amount.  Settling Defendants shall have no obligation to pay any amount to any Class Member who fails or neglects to submit an Approved Claim.  For any Class Member who alleges he or she timely submitted a proper Claim Form, but that it was not received by the Qualified Settlement Administrator, the sole acceptable proof of such submission shall be an original receipt from the United States Postal Service evidencing the timely mailing of such Claim Form by certified mail.  Plaintiff's Counsel and Settling Defendants' counsel shall attempt to resolve any dispute regarding the timely submission of the Claim Form informally.  If Plaintiff's Counsel and Settling Defendants' counsel are unable to informally resolve a dispute regarding the failure of the Qualified Settlement Administrator to timely receive the Claim Form within forty-five (45) days of the Class Member's submission of the certified mail receipt to the Qualified Settlement Administrator, they shall submit

the matter to the Qualified Settlement Administrator for resolution pursuant to paragraph 5.5.G.

6.    All amounts payable to Class Members who are eligible to receive an Individual Settlement Amount and who file an Approved Claim will be paid by bank check payable to the order of the Class Member.

7.    The Qualified Settlement Administrator shall be solely responsible for all tax Form 1099s. All payments to class members shall be deemed payments of damages owing on account of alleged violation of section 226 of the California Labor Code and not payment of wages. The Form 1099s will be distributed by the Qualified Settlement Administrator at the times and in the manner required by the Internal Revenue Code of 1986 (the "Code") and consistent with this Stipulation of Settlement. If the Code, the regulations promulgated thereunder, or other applicable tax laws change after the effective date of this Stipulation of Settlement, the processes set forth in this subsection may be modified with the approval of the Court in a manner to ensure compliance with any such changes. Each Class Member shall be solely responsible for all federal, state, and local taxes that may be owed by the Class Member as a result of any consideration received under this Stipulation of Settlement.

G.    In consideration for the release of all claims against Released Parties brought in the Litigation by Plaintiff on behalf of herself and the Class pursuant to the Private Attorneys General Act, Labor Code Section 2698 et seq. (PAGA Claims), and in full and complete satisfaction and settlement of such claims, Settling Parties agree that of the total payout amount, $2,500 will be designated as payment for settlement of PAGA Claims. The $2,500 designated as payment for settlement of PAGA Claims will be paid to the California Labor and Workforce Development Agency within thirty (30) days of the Effective Date.

### 5.4    Notice to the Class

A.    Within thirty (30) days of the entry of the Order of Preliminary Approval, Settling Defendants will provide to the Qualified Settlement Administrator a list of Class Members and their last known addresses.

B.    In accordance with Federal Rule of Civil Procedure 23(c)(2)(B) and (e)(1)(B), a Notice of Preliminary Approval and Final Approval Hearing and Right to Be Excluded from the Settlement and Claim Form shall be sent by the Qualified Settlement Administrator to all Class Members, by first class mail, within sixty (60) days after the date of the entry of the Order of Preliminary Approval. Included in this mailing will be an envelope, addressed to the Qualified Settlement Administrator, for use by the Class Member in returning his or her Claim Form.

C.    Class Members will have sixty (60) days from the mailing date of such Notice of Preliminary Approval and Final Approval Hearing and Right to Be Excluded from the Settlement and Claim Form to mail a request to be excluded from the Settlement or to file with the Court and serve upon counsel for the Settling Parties objections to this Stipulation of Settlement. Upon the expiration of this sixty (60) day period, any Class Member who has not requested to be excluded from the Settlement will be bound by the terms of the Stipulation of Settlement.

D.    If more than ten percent (10%) of Class Members request to be excluded from the Settlement, Settling Defendants may, at their option, terminate this Stipulation of Settlement without penalty.

E.    Prior to mailing the Notice of Preliminary Approval and Final Approval Hearing and Right to be Excluded from the Settlement and Claim Form, the Qualified Settlement Administrator will update the addresses of Class Members through the National Change of Address database to ensure the most

complete and accurate mailing reasonably possible, based on the data in that database.

F.      If a Notice of Preliminary Approval and Final Approval Hearing and Right to be Excluded from the Settlement and Claim Form is returned because of an incorrect address by the United States Postal Service and received by the Qualified Settlement Administrator within ten (10) days of the date of original mailing, the Qualified Settlement Administrator will search for a more current address for the Class Member by searching the National Change of Address database. If a more current address for the Class Member is obtained, the Qualified Settlement Administrator shall re-mail the Notice of Preliminary Approval and Final Approval Hearing and Right to be Excluded from the Settlement and Claim Form to the Class Member within five (5) days of the document's return.

G.      The Qualified Settlement Administrator shall within twenty (20) days provide notice by mail to Plaintiff's Counsel and Settling Defendants' counsel of all dates of mailings of Notice of Preliminary Approval and Final Approval Hearing and Right to be Excluded from the Settlement and Claim Form.

### 5.5    Claims Procedure

A.      Each Claim Form will include the release contained in this Stipulation of Settlement and will have a clearly indicated date of mailing.

B.      Each Claim Form will list the name and address of the Class Member and have a unique identifying tracking number. The original Claim Form will instruct the Class Member that, if he wishes to file a claim, he must submit the Claim Form with his original signature under penalty of perjury, and state (1) that he was employed in California at some point during the Claims Period, (2) his approximate dates of employment, (3) his Social Security Number, and (4) that he wishes to participate in the recovery pursuant to the Stipulation of

Settlement. The Class Member must also provide an address to which the Individual Settlement Amount contemplated herein will be mailed by the Qualified Settlement Administrator. By his original signature, the Class Member will attest that he has read and understood the release included in the Claim Form. In the event a Claim Form is timely received by the Qualified Settlement Administrator without either the Class Member's original signature or social security number, the Qualified Settlement Administrator will mail the defective Claim Form with a notice of deficiency to the Class Member within five (5) days of its receipt and instruct the Class Member that he may correct the deficiency and resubmit a corrected Claim Form to the Qualified Settlement Administrator. Any corrected Claim Form so received by the Qualified Settlement Administrator will be deemed timely so long as it is postmarked no later than ten (10) days after the date on which the notice of deficiency and defective claim form is mailed by the Qualified Settlement Administrator to the Class Member.    Failure of the Class Member to timely submit a Claim Form with his original signature and his social security number after such notice of deficiency was mailed to him by the Qualified Settlement Administrator shall be grounds for denying the Class Member's claim.

      C.     No Claim Form will be honored if postmarked more than sixty (60) days after the date of mailing referred to in Section 5.4.B or the date of re-mailing referred to in Section 5.4.F or if postmarked more than ten (10) days after the date of mailing of a notice of deficiency referred to in Section 5.5.B. An allegation by a Class Member that he did not receive the Notice of Preliminary Approval and Final Approval Hearing and Right to be Excluded from the Settlement and Claim Form shall not be cause for the Qualified Settlement Administrator to accept a Claim Form that was not submitted within sixty (60) days after the date of mailing referred to in Section 5.4.B or re-mailing referred to in Section 5.4.F. An

allegation by a Class Member that he did not receive a notice of deficiency shall not be cause for the Qualified Settlement Administrator to accept a Claim Form that was not submitted within ten (10) days after the date of mailing referred to in Section 5.5.B.

D.    All original Claim Forms shall be mailed by U.S. Mail directly to the Qualified Settlement Administrator at the address indicated on the Claim Form. Upon receipt of all Claim Forms, the Qualified Settlement Administrator will determine the Individual Settlement Amounts based on the procedures described in Section 5.3.F.3.

E.    Within fifteen (15) days following the occurrence of the latest to occur of all conditions listed in Section 5.2.A, the Qualified Settlement Administrator shall value and submit to Settling Defendants' and Plaintiff's Counsel a listing of the Class Members who have submitted an Approved Claim and their Individual Settlement Amounts (without respect to any taxes or other withholdings or deductions).  Within thirty (30) days following the occurrence of the latest to occur of all conditions listed in Section 5.2.A the Qualified Settlement Administrator shall have calculated all withholdings and other deductions from the Individual Settlement Amounts of Class Members who filed Approved Claims (including those Class Members whose Claim Forms were timely corrected after a notice of deficiency).  The net Individual Settlement Amounts will be mailed to eligible Class Members by certified mail addressed to the address provided by the Class Member on his Claim Form within forty-five (45) days following the occurrence of the latest to occur of all conditions listed in Section 5.2.A.  Upon such mailing of net Individual Settlement Amounts to Class Members, Settling Defendants' obligations to provide such Individual Settlement Amounts will be fully discharged and extinguished and Settling Defendants will have no further liability to the Class Members.

F.    Any bank checks constituting net Individual Settlement Amounts that are lost, stolen, damaged or destroyed shall be replaced only if demand is made within thirty days of mailing.  Such bank checks will be replaced by the Qualified Settlement Administrator only if the originally mailed check has not been negotiated and the Qualified Settlement Administrator is able to stop payment of such check with the appropriate bank.  Neither Settling Defendants nor Plaintiff's Counsel shall be responsible for the loss of, untimely delivery of, or failure to deliver Claim Forms or net Individual Settlement Amounts.

G.    If a Class Member wishes to dispute his Individual Settlement Amount, he shall return to the Qualified Settlement Administrator the bank check that was mailed to him and provide the Qualified Settlement Administrator documentation establishing that the calculation of the Individual Settlement Amount by the Qualified Settlement Administrator is inaccurate.  The Qualified Settlement Administrator shall consider the materials submitted by the Class Member and determine the correct Individual Settlement Amount based on the documentation submitted by the Class Member and the Settling Defendants' payroll records.  The Qualified Settlement Administrator's decision will be final and not subject to any appeal.

**5.6    Releases**

A.    Upon the occurrence of the latest to occur of all conditions listed in Section 5.2.A, Plaintiff and Class Members, and their successors in interest, shall conclusively be deemed to have fully released all Released Claims (including Unknown Claims) against Released Persons regardless of when the claim arose or, if asserted, when the claim was asserted.

B.    Furthermore, upon occurrence of the latest to occur of all conditions listed in Section 5.2.A, Plaintiff and Class Members, and their successors in interest, shall be permanently enjoined and forever barred from bringing any

lawsuit asserting or otherwise prosecuting any and all Released Claims (including Unknown Claims) against any person or entity.

C.    Each Class Member who does not exclude himself from the Settlement or who does not successfully object to the Stipulation of Settlement shall be deemed to have executed a release of all Released Claims (including Unknown Claims).  All Class Members who submit Approved Claims will execute a release of Released Claims (including Unknown Claims).  The release may not be modified or altered in any way by the Class Member.  It is the intent of the Settling Parties that the Judgment entered by the Court on final approval shall have res judicata effect, and be final and binding upon all Class Members, regardless of whether such Class Members submit Claim Forms or receive Individual Settlement Amounts.

D.    With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon final approval by the Court of this Stipulation of Settlement, the Plaintiff and Defendant expressly shall, and each of the Class Members shall be deemed to have, and by operation of the Judgment, shall have, expressly waived the provisions, rights, and benefits of California Civil Code Section 1542, which provides as follows:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

Plaintiff and each of the Class Members hereafter may discover facts in addition to or different from those which she, he or they now know or believe to be true with respect to any or all of the Released Claims (including Unknown Claims), but Plaintiff and all Class Members who submit Claim Forms expressly shall, and each Class Member shall be deemed to have, and by operation of the

Judgment shall have, fully, finally, and forever compromised, released, resolved, relinquished, discharged and settled any and all of the Released Claims (including Unknown Claims), suspected or unsuspected, asserted or not, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed upon any theory of law or equity now existing or coming into existence in the future, including but not limited to conduct which is negligent, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts.

E.    The Settling Parties acknowledge, and the Class Members shall be deemed to have acknowledged, that the foregoing waiver and release was separately bargained for and is a material element of the Stipulation of Settlement for which this release is a part.

6.    **PLAINTIFF'S COUNSEL FEES, COSTS AND EXPENSES**

A.    Payment of Plaintiff's Counsel's fees and costs is subject to all terms and conditions of this Stipulation of Settlement and Court approval, is included within the $90,000 Settlement Amount specified in Section 5.3.A, and shall be paid as set forth below.

B.    The amount to be paid by Settling Defendants as Plaintiff's Counsel's fees, costs and expenses will be the amount approved and ordered by the Court after consideration of Plaintiff's Counsel's application for attorneys' fees, costs and expenses. This amount will include all attorneys' fees, costs and expenses directly or indirectly related to the Litigation, which includes all such fees, costs and expenses incurred to date, as well as all such fees, costs and expenses which may hereafter be incurred in documenting the Stipulation of Settlement, securing the Court's approval of the Stipulation of Settlement, monitoring the Stipulation of Settlement, obtaining dismissal with prejudice of

the Litigation, and handling any future work concerning the Stipulation of Settlement or the Litigation. If the Court does not approve attorneys' fees, costs and expenses, all other terms of this Stipulation of Settlement will remain in full force and effect.

C.    The amount of Plaintiff's Counsel's fees, costs and expenses approved by the Court will be paid by Settling Defendants to Plaintiff's Counsel's trust account within fifteen (15) days of the Court's approval of Plaintiff's Counsel's fee application, the entry by the Court of the Order of Final Approval, execution and entry by the Court of the Judgment or the Effective Date, whichever is later.

## 7.    WAIVER OF APPEALS

Provided the Judgment on Order of Final Approval of Stipulation of Settlement and Dismissal of Litigation is entered, Plaintiff, Class Members, Settling Defendants, and their respective counsel hereby waive any and all rights to appeal from the Judgment, to file any post-judgment motions seeking to vacate or modify the Judgment or to seek a new trial. This waiver does not include a waiver of the right to oppose any appeal or post-judgment proceeding brought by persons other than Settling Parties, if any.

## 8.    NO EFFECT ON OTHER BENEFITS

Settling Defendants will not use the settlement payments for determination of eligibility for, or calculation of, any other employee benefits (e.g., retirement, deferred compensation, vacation) of Plaintiff or any Class Member, and Settling Defendants will not modify Plaintiff's or any Class Member's previously credited hours of service or other eligibility criteria under any employee pension benefit plan or employee welfare plan sponsored by Settling Defendants on account of the settlement payment.

## 9.    MISCELLANEOUS PROVISIONS

A.    Non-Admission:  The Settling Parties intend the Stipulation of Settlement to be a final and complete resolution of all disputes between them with respect to the Litigation.  This Stipulation of Settlement compromises claims which are contested and shall not be deemed an admission by any Settling Party to the merits of any claim or defense.  Each of the Settling Parties has entered into this Stipulation of Settlement with the intention to avoid further disputes and litigation, with their attendant inconvenience and expenses.  Nothing in this Stipulation of Settlement, nor any act performed or document executed pursuant to or in furtherance of this Stipulation of Settlement: (1) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any or all of the Released Claims (including Unknown Claims), or any wrongdoing or liability of any or all of the Released Persons; or (2) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any or all of the Released Persons in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal.  Any or all of the Released Persons may file this Stipulation of Settlement and/or the Judgment in any action or proceeding that may be brought against him, it, or them, in order to support a defense, counterclaim or the like, based on principles of res judicata, collateral estoppel, release, waiver, accord and satisfaction, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion, issue preclusion, mitigation, or similar defense or counterclaim.

B.    Good Faith of Settlement:  The Settling Parties agree that the Settlement Amount, and the other terms set forth in this Stipulation of Settlement, were negotiated in good faith and at arms length by the Settling Parties, and reflect a settlement that was reached voluntarily after consultation with competent legal counsel and with the assistance of mediation procedures initiated by the

Mediation Office for the United States Court of Appeals for the Ninth Circuit. The Settling Parties reserve their right to rebut, in a manner that any such party determines to be appropriate, any contention made in any public forum that the Litigation was brought or defended in bad faith or without a reasonable basis.

C.    Voiding the Stipulation:  If any material condition of this Stipulation of Settlement is not met or is changed by order of the Court, the entire Stipulation of Settlement shall be voidable and unenforceable as to all Settling Parties at the option of any such party, with the exception that any reduction in the award of Plaintiff's Counsel's fees, costs and expenses may be appealed but is not a basis for rendering the Stipulation of Settlement voidable and unenforceable. Each Settling Party may exercise its option to void the Stipulation of Settlement as provided above by giving notice, in writing, to the other Settling Parties and to the Court at any time prior to the Effective Date.

D.    Parties' Authority:  Plaintiff's Counsel represent and warrant that they are fully authorized by Plaintiff, and Settling Defendants' counsel represent that they are fully authorized by Settling Defendants, to enter into this Stipulation of Settlement and bind the Settling Parties hereto to the terms and conditions hereof, and also are expressly authorized to enter into any modification or amendments to this Stipulation of Settlement on behalf of the Settling Parties.

E.    No Solicitation:  Neither the Settling Parties nor their respective counsel will attempt to solicit or otherwise encourage, directly or indirectly, any Class Member to not participate in this settlement by electing not to file a claim, to object to this Stipulation of Settlement, or to appeal from the Judgment.

F.    No Prior Assignments:  Settling Parties represent, covenant, and warrant that they have not directly or indirectly, assigned, transferred, encumbered, or purported to assign, transfer, or encumber to any person or entity

any portion of any claim, demand, action, cause of action or rights herein released and discharged except as set forth herein.

   G. <u>Signatories</u>:  Plaintiff and Plaintiff's Counsel shall execute this Stipulation of Settlement.  The Settling Parties agree that the remaining Class Members are so numerous that it is impossible or impractical to have each Class Member execute this Stipulation of Settlement.  The Notice of Preliminary Approval and Final Approval Hearing and Right to Be Excluded from the Settlement will advise adequately Class Members of the binding nature of the release and such release shall have the same force and effect as if this Stipulation of Settlement was executed individually by each Class Member.

   H. <u>Counterparts</u>:  The Stipulation of Settlement may be executed in one or more counterparts.  All executed counterparts and each of them shall be deemed to be one and the same instrument.  A complete set of original executed counterparts shall be filed with the Court.

   I. <u>Binding on Assigns</u>:  The Stipulation of Settlement shall be binding upon, and inure to the benefit of, the Settling Parties, and their respective heirs, trustees, executors, successors, legal administrators, and assigns.

   J. <u>Captions</u>:  Paragraph titles or captions contained herein are inserted as a matter of convenience and for reference, and in no way define, limit, extend, or describe the scope of this Stipulation of Settlement or any provision hereof.

   K. <u>Modification and Discharge</u>:  The Stipulation of Settlement may not be changed, altered, or modified, except in writing signed by the Settling Parties, and approved by the Court.  The Stipulation of Settlement may not be discharged except by performance in accordance with its terms or by a writing signed by the Settling Parties.

   L. <u>Integration Clause</u>:  The Stipulation of Settlement constitutes the complete, final and exclusive embodiment of the entire agreement between the

Plaintiff and Class Members, on one hand, and the Settling Defendants, on the other hand, with respect to the subject matter hereof. No representations, warranties, or inducements have been made to any party concerning the Stipulation of Settlement other than the representations, warranties, and covenants contained and memorialized herein.

M.    <u>Interpretation of the Stipulation</u>: The Stipulation of Settlement will be interpreted and enforced under the laws of the State of California. The parties agree that the terms and conditions of the Stipulation of Settlement are the result of lengthy, intensive arms-length negotiations between the parties. Accordingly, it is agreed that no rule of construction will apply against any party or in favor of any party, and any uncertainty or ambiguity will not be interpreted against one party and in favor of the other.

N.    <u>Public Comment</u>: The Settling Parties and their counsel agree that no Settling Party shall make any public comment regarding this Stipulation of Settlement, or the negotiations leading to its conclusion, other than as follows: "The action was resolved on a satisfactory basis." Nothing herein shall prohibit Plaintiff's or Defendants' Counsel from discussing this Settlement or the terms of the Stipulation of Settlement with their current or prospective clients, or from making any representation regarding this Settlement or the terms of the Stipulation of Settlement to any judge of any court in response to inquiry from the court, or from making any representation regarding this Settlement or the terms of the Stipulation of Settlement to any Class Member, relative of a Class Member, or counsel for a Class Member in response to inquiry from any Class Member, spouse of a Class Member, or counsel for a Class Member.

In the event any of the Settling Parties believes a statement has been made that violates this provision, counsel for the Settling Parties shall meet and confer informally in an effort to resolve the dispute.

O.    Notice: All notices, demands or other communications given under the Stipulation of Settlement will be in writing and deemed to have been duly given as of the third business day after mailing by United States mail, addressed as follows:

> To Plaintiff and Class:
> Alan Harris
> Harris & Ruble
> 5455 Wilshire Blvd.
> Suite 1800
> Los Angeles, California 90036
>
> To Defendants:
> Patrick Macias
> Ragghianti Freitas LLP
> 874 4th Street
> Suite D
> San Rafael, Ca. 94901
>
> and
>
> James Bowles
> Hill Farrer & Burrill, LLP
> One California Plaza
> 300 South Grand Avenue
> Thirty-Seventh Floor
> Los Angeles, Ca. 90071
>
> and
>
> Michelle Johnson
> Nelson Mullins Riley & Scarbourough LLP
> 201 17th Street NW/Suite 1700
> Atlanta, Ga. 30363

P.    Jurisdiction:  The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of the Stipulation of Settlement, except for issues to be resolved by the Qualified Settlement Administrator as provided herein, and the Settling Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in this Stipulation of Settlement and addressing such post-Judgment matters as may be appropriate under court rules or applicable law.

Q. <u>Gender Neutrality</u>:  The terms "he," "his," "him," and "himself," where used herein, shall refer to both the masculine and feminine genders, as may be appropriate.

IN WITNESS HEREOF, the Settling Parties have caused this Stipulation of Settlement to be executed by their duly authorized attorneys:

Dated: _____, 2008

_____
Virginia Perez


Dated: _____, 2008    HARRIS & RUBLE

By_____
Alan Harris

Attorneys for Plaintiff


Dated: _____, 2008    NELSON MULLINS RILEY &
SCARBOROUGH LLP

By_____

Attorneys for Settling Defendants

MAID BRIGADE, INC.

Dated: _____, 2008    RAGGHIANTI FREITAS  LLP

By_____

Attorneys for Settling Defendants
BMJ LLC

    Q. Gender Neutrality: The terms "he," "his," "him," and "himself," where used herein, shall refer to both the masculine and feminine genders, as may be appropriate.

    IN WITNESS HEREOF, the Settling Parties have caused this Stipulation of Settlement to be executed by their duly authorized attorneys:

Dated: _5/8/08_ , 2008

_Virginia Perez_
Virginia Perez


Dated: _5/20_ , 2008    HARRIS & RUBLE

By _Alan Harris_
Alan Harris

Attorneys for Plaintiff


Dated: _5/21_ , 2008    NELSON MULLINS RILEY & SCARBOROUGH LLP

By _Michelle W. Johnson_

Attorneys for Settling Defendants

MAID BRIGADE, INC.


Dated: _____ , 2008    RAGGHIANTI FREITAS LLP

By _____

Attorneys for Settling Defendants
BMJ LLC

Q. <u>Gender Neutrality</u>:  The terms "he," "his," "him," and "himself," where used herein, shall refer to both the masculine and feminine genders, as may be appropriate.

IN WITNESS HEREOF, the Settling Parties have caused this Stipulation of Settlement to be executed by their duly authorized attorneys:

Dated: _____, 2008

_____
Virginia Perez

Dated: _____, 2008    HARRIS & RUBLE

By_____
Alan Harris

Attorneys for Plaintiff

Dated: _____, 2008    NELSON MULLINS RILEY & SCARBOROUGH LLP

By_____

Attorneys for Settling Defendants

MAID BRIGADE, INC.

Dated: May 20, 2008    RAGGHIANTI FREITAS  LLP

By_____

Attorneys for Settling Defendants

BMJ LLC

29