Alan Harris (SBN 146079)
David Zelenski (SBN 231768)
HARRIS & RUBLE
5455 Wilshire Boulevard, Suite 1800
Los Angeles, California 90069
Telephone: (323) 931-3777
Facsimile: (323) 931-3366

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIRGINIA PEREZ, individually, and on behalf of all others similarly situated,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>MAID BRIGADE, INC., a Delaware Corporation, and BMJ LLC, a California Limited Liability Company,<br><br>　　　　　　Defendants. | Case No. C 07-3473 SI<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS-ACTION SETTLEMENT**<br><br>Date: June 6, 2008<br>Time: 9:00 a.m.<br>Dep't: 10<br><br>*Assigned to Hon. Susan Illston* |

1  WHEREAS an action is pending before the Court entitled Perez v. Maid Brigade Inc., et al., Case No. C 07-3473 SI;

WHEREAS the parties have made application for an order approving the settlement of this action, in accordance with a Stipulation of Settlement lodged with the Court concurrently with their application that sets forth the terms and conditions for a proposed settlement of the Litigation (as defined in Section 5 of the Stipulation of Settlement) and for dismissal of the Litigation with prejudice upon the terms and conditions set forth therein;

WHEREAS the Court has read and considered the Stipulation and all moving papers in support of the application for an order approving the settlement, as well as the oral arguments made in support of the order;

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.  The Court does hereby preliminarily approve the Stipulation of Settlement and the settlement set forth therein as being "within the range of possible approval" and as disclosing no "grounds to doubt its fairness." See West v. Circle K Stores, Inc., 2006 U.S. Dist. LEXIS 42074 at *34 (E.D. Cal. June 13, 2006) (quoting Gautreaux v. Pierce, 690 F.2d 616, 621 n.3 (7th Cir. 1982)).

2.  Solely for purposes of the proposed settlement, a Class defined as follows is hereby provisionally certified: "all persons who, according to BMJ LLC's payroll records, were employed by BMJ LLC as non-exempt employees in California between July 7, 2003, and the date of the entry of the Order Granting Plaintiff's Motion for Preliminary Approval of Class-Action Settlement and who do not file a timely request to be excluded from the Settlement."

3.  Solely for purposes of the proposed settlement, the Court does hereby preliminarily approve Alan Harris, Harris & Ruble, 5455 Wilshire Boulevard, Suite 1800, Los Angeles, California 90036 as Class Counsel and Virginia Perez as the Representative Plaintiff. The Court also hereby appoints Harris & Ruble as the Qualified Settlement Administrator.

[PROPOSED] ORDER GRANTING MOT. FOR PRELIMINARY APPROVAL OF CLASS-ACTION SETTLEMENT

1    4.    On October 24, 2008, at 9:00 a.m. or on such other date and time as the Court may designate, a hearing (the "Final Approval Hearing") shall be held before this Court, in Courtroom 10 of the United States District Court for the Northern District of California, to determine whether the proposed settlement of the Litigation on the terms and conditions provided for in the Stipulation of Settlement is fair, reasonable, and adequate and should be approved by the Court, as well as to determine the amount of attorney's fees and costs that should be awarded to Class Counsel.

5.    The Court approves, as to form and content, the Notice of Pendency of Class-Action [Settlement] for Court Approval ("Class Notice") and the Claim Form that are annexed as Exhibits to the Declaration of Alan Harris in Support of Plaintiff's Motion for Conditional Certification of Settlement Class, Preliminary Approval of Class-Action Settlement, and Appointment of Qualified Settlement Administrator.  The Court finds that the distribution of the Class Notice substantially in the manner set forth in Paragraph 6 of this Order, *infra*, meets the requirements of California law and due process, is the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons entitled thereto.

6.    The Qualified Settlement Administrator shall supervise and administer the notice procedure as more fully set forth below:

   a.    On July 8, 2008, the Qualified Settlement Administrator shall distribute, by a first-class mailing to all Class Members, a copy of the Class Notice and Claim Form.  If a Class Notice and Claim Form are returned because of an incorrect address by the U.S. Postal Service and received by the Qualified Settlement Administrator within ten days of the date of original mailing, the Qualified Settlement Administrator will search for a more current address for the Class Member pursuant to the terms set forth in section 5 of the Stipulation of Settlement.  If a more current address for the Class Member is obtained, the Qualified Settlement Administrator will re-mail the Class Notice and Claim Form to the Class Member within five days of the original documents' return.

1    b.    In the event that a Claim Form is received by the Qualified Settlement Administrator without either the Class Member's original signature or social security number, the Qualified Settlement Administrator will mail the defective Claim Form with a notice of deficiency to the Class Member within five days of its receipt and instruct the Class Member that he or she may correct the deficiency and submit a corrected Claim Form to the Qualified Settlement Administrator.

c.    In accordance with Section 5 of the Stipulation of Settlement, in order to be considered timely and valid, a Claim Form must be postmarked no ~~more than sixty~~ [no later than 9/6/08 or] days after the date of mailing set forth in Paragraph 6(a) of this Order, *supra*; the date of re-mailing set forth in Paragraph 6(a) of this Order, *supra*; or ten days after the date of mailing of a notice of deficiency referred to in Paragraph 6(b), *supra*, whichever the case may be.

7.    All Class Members shall be bound by all determinations and judgments in the Litigation concerning the settlement, whether favorable or unfavorable.

8.    Any Member of the Class may enter an appearance in the Litigation, at his or her own expense, individually or through counsel of his or her own choice.  Any Member of the Class who does not enter an appearance or exclude himself or herself from the Class—i.e., opt out—will be represented by Class Counsel as to all of the Released Claims discussed in Section 5 of the Stipulation of Settlement.

9.    Any Class Member who wishes to be excluded from (opt out of) the Class and not participate in the proposed settlement must submit a written request to be excluded, which request shall include:

a.    the Class Member's name;

b.    the Class Member's address and telephone number; and

c.    a statement that the Class Member wishes to be excluded from the Class and from participating in the proposed settlement.

10.    After completing a written request for exclusion as provided in Paragraph 9, any Class Member who wishes to be excluded must:

a. sign the request for exclusion;

b. return the request for exclusion to the Qualified Settlement Administrator's address, which address shall be provided in the Class Notice; and

c. return the request for exclusion so that it is postmarked no later than the dates contemplated by Paragraph 6 of this Order, *supra*.

11. Any Member of the Class may appear at the Final Approval Hearing and show cause, if he or she has any, as to why the proposed settlement of the Litigation should or should not be approved as fair, reasonable, and adequate; as to why a judgment should or should not be entered thereon; as to why attorney's fees should or should not be awarded to Class Counsel; or as to why the enhancement award should or should not be made to the Representative Plaintiff—provided, however, that no Settlement Class Member or any other person shall be heard or entitled to contest the approval of the terms and conditions of the proposed settlement or, if approved, the Judgment to be entered thereon approving the same or, if awarded, compensation for the Representative Plaintiff or the attorney's fees and costs awarded to Class Counsel, unless that person has, no later than the dates contemplated by Paragraph 6 of this Order, *supra*, (1) served by hand or first-class mail on the Qualified Settlement Administrator and counsel for the parties written objections and copies of any papers and briefs in support thereof that explain the basis of the objection; and (2) filed these objections, papers, and briefs with the Clerk of the Court of the United States District Court for the Northern District of California, 450 Golden Gate Avenue, Los Angeles, California 94102.  All timely filed and served objections shall be considered and ruled upon by the Court at the Final Approval Hearing.  Any Member of the Class who does not timely file and serve his or her objections in the manner provided above shall be deemed to have waived such objections and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed settlement as incorporated in the Stipulation of Settlement, as well as to any award of attorney's fees and costs awarded to Class Counsel and any enhancement award and settlement payment to the Representative Plaintiff, unless

otherwise ordered by the Court.

12. All papers in support of final approval of the settlement shall be filed and served no later than October 1, 2008. However, all papers in support of Class Counsel's request for attorney's fees and costs shall be filed and served no later than August 15, 2008.

13. At the Final Approval Hearing, the Court shall determine whether the proposed settlement, any application for attorney's fees or reimbursement of costs, and any application for the enhancement award to the Representative Plaintiff shall be approved.

14. The Court reserves the right to adjourn the date of the Final Approval Hearing without further notice to the Settlement Class Members, and the Court retains jurisdiction to consider all further applications arising out of or connected with the proposed settlement.

Dated: June __, 2008

_____
Hon. Susan Illston