1  Alan Harris (SBN 146079)
   David S. Harris (SBN 215224)
2  David Zelenski (SBN 231768)
   HARRIS & RUBLE
3  5455 Wilshire Boulevard, Suite 1800
   Los Angeles, California 90069
4  Telephone:  (323) 931-3777
   Facsimile:  (323) 931-3366
5
   Attorneys for Plaintiff
6

7

8                  UNITED STATES DISTRICT COURT

9                NORTHERN DISTRICT OF CALIFORNIA

10
    VIRGINIA PEREZ, individually,          Case No. C 07-3473 SI
11  and on behalf of all others similarly
    situated,                              **MEMORANDUM OF POINTS AND**
12                                         **AUTHORITIES IN SUPPORT OF**
                                           **PLAINTIFF'S MOTION FOR**
13                  Plaintiff,             **AWARD OF ATTORNEY'S FEES**
                                           **AND REIMBURSEMENT OF**
14       v.                                **COSTS**

15  MAID BRIGADE, INC., a                  Date:  October 24, 2008
    Delaware Corporation, and BMJ          Time:  9:00 a.m.
16  LLC, a California Limited Liability     Dep't:  10
    Company,
17                                         *Assigned to Hon. Susan Illston*
                    Defendants.
18

19

20

21

22

23

24

25

26

27

28

1

## TABLE OF CONTENTS

I.    Introduction ......................................................................................................... 1

II.   Argument ............................................................................................................. 2

      A.    Plaintiff's Attorneys Are Entitled to Recover
            Attorney's Fees from the Common Fund ....................................................... 2

      B.    The Ninth Circuit Has Set a Benchmark for
            Common-Fund Fee Awards Between Twenty-Five
            and Thirty Percent ........................................................................................ 3

      C.    The Lodestar Cross-Check Confirms that the
            Requested Attorney's Fee Is Reasonable ....................................................... 4

      D.    Plaintiff's Counsel's Request for Fees Is Justified
            in Light of the Speed of Settlement ............................................................... 9

      E.    Plaintiff's Attorneys Are Entitled to Reasonable
            Attorney's Fees and Costs Under the California
            Labor Code .................................................................................................... 9

III.  Conclusion ........................................................................................................ 10

2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1

## TABLE OF AUTHORITIES

2

3

*Cases*

4

Boeing Co. v. Van Gemert
444 U.S. 472, 478 (1980) ................................................................................................ 3

5

6

Brinker v. Superior Court
2008 Cal. App. LEXIS 1138 (filed July 22, 2008) ........................................................ 6

7

8

Downtown Palo Alto Comm. for Fair Assessment v. City Council
180 Cal. App. 3d 384 (1986) .......................................................................................... 7

9

10

Grosz v. Boeing Co.
2003 U.S. Dist. LEXIS 25341 (2003) ............................................................................ 8

11

12

Hanlon v. Chrysler Corp.
150 F.3d 1011 (9th Cir. 1998) ....................................................................................... 3

13

14

Hensley v. Eckerhart
461 U.S. 424 (1983) ....................................................................................................... 4

15

16

In re Activision Sec. Litig.
723 F. Supp. 1373 (N.D. Cal. 1989) .............................................................................. 3

17

18

In re FPI/Agretech Sec. Litig.
105 F.3d 469 (9th Cir. 1997) ......................................................................................... 2

19

20

In re Petition of Hill
775 F.2d 1037 (9th Cir. 1985).........................................................................................3

21

22

Kerr v. Screen Guild Extras, Inc.
526 F.2d 67 (9th Cir. 1976) ........................................................................................ 4, 5

23

24

Malek v. Blue Cross of Cal.
121 Cal. App. 4th 44 (2004) ........................................................................................... 7

25

26

Paul, Johnson, Alston & Hunt v. Graulty
886 F.2d 268 (9th Cir. 1989) ......................................................................................... 3

27

28

MEM. OF P. & A. IN SUPPORT OF PL.'S MOT. FOR AWARD OF ATT'Y'S FEES & REIMBURSEMENT OF COSTS

Powers v. Eichen
229 F.3d 1249 (9th Cir. 2000) ........................................................................................ 2

Six Mexican Workers v. Ariz. Citrus Growers
904 F.2d 1301 (9th Cir. 1990) ........................................................................................ 3

Torrisi v. Tucson Elec. Power Co.
8 F.3d 1370 (9th Cir. 1993) ........................................................................................... 4

Vizcaino v. Microsoft Corp.
290 F.3d 1043 (9th Cir. 2002) ........................................................................... 3, 4, 8, 9

***Statutes***

Cal. Lab. Code § 218.5 ................................................................................................ 10

Cal. Lab. Code § 226 ................................................................................................. 7, 9

Cal. Lab. Code § 226.7 .................................................................................................. 6

Cal. Lab. Code § 512 ..................................................................................................... 6

8 Cal. Code Regs. § 11050 ............................................................................................ 6

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

MEM. OF P. & A. IN SUPPORT OF PL.'S MOT. FOR AWARD OF ATT'Y'S FEES & REIMBURSEMENT OF COSTS

1    ***I.***      ***Introduction.***

2         This Court should grant Plaintiff's Motion for Award of Attorney's Fees and

3    Reimbursement of Costs by awarding Plaintiff's counsel thirty percent of the common

4    fund and by approving a claims-administration award of $9,000 plus costs.  In this case,

5    there was a distinct possibility that class certification would be denied, and, even if class

6    certification were granted, substantial hurdles would have remained with regard to

7    prevailing on any of the legal theories advanced by Plaintiff.  For example, there were

8    substantial defenses to the claims for damages under section 226 of the California Labor

9    Code, which section requires employers to detail workers' hours and rates of pay in

10   periodic pay stubs.  In addition, with respect to Plaintiff's claims for missed meal breaks

11   and rest breaks, whether class certification is possible in such cases remains an

12   unresolved issue that would have threatened the successful prosecution of this case.  In

13   short, this matter presented substantial risks and required a tremendous commitment of

14   resources from Class Counsel.  Under the circumstances, this Court should award

15   Plaintiff's counsel the requested fee.  Indeed, assuming that the Court grants Plaintiff's

16   request for attorney's fees and costs and Plaintiff's request for administration fees and

17   costs in full, *each Claimant will receive well over one-thousand dollars in settlement of*

18   *his or claims*.

19        This class-action case was initially filed on July 7, 2007.  Plaintiff alleged that

20   Defendants Maid Brigade, Inc. and BMJ LLC violated state labor laws and the Fair

21   Labor Standards Act ("FLSA").  The Litigation includes, but is not limited to, claims

22   alleging that BMJ LLC's employees in California have been improperly denied overtime

23   wages and meal and rest periods.  Plaintiff further alleged that, as a consequence of BMJ

24   LLC's alleged failure to pay overtime wages and to provide meal and rest periods, BMJ

25   LLC failed to pay California employees who have quit or been fired all final wages due

26   within the time required by California law.  Furthermore, Plaintiff alleged that the

27   Settling Defendants' conduct violated the FLSA and constitutes unfair business

28   practices, entitling her to disgorgement of profits and injunctive relief under California's

1   Unfair Competition Law.  Plaintiff sought to recover damages, equitable relief, penalties,

2   interest, attorney's fees, and costs on behalf of herself and the putative Class, along with

3   civil penalties under the California Labor Code Private Attorneys General Act

4   ("LCPAGA").

5       Plaintiff will file a Motion to be heard with this fee petition that seeks the Court's

6   final approval of the $90,000 class-action settlement, which settlement has received

7   preliminary approval.  The settlement also provides that Defendants pay a civil penalty

8   to California's Labor and Workforce Development Agency in an amount of $2,500 from

9   the $90,000.  (See Stipulation of Settlement §§ 5.1.R., 5.3.F.3.)

10      The Stipulation of Settlement does not specify the amount to which Plaintiff's

11  counsel is entitled in attorney's fees, which fees are to be paid out of the $90,000

12  settlement amount.  (See Stipulation of Settlement § 5.2.B.2. (stating that "Plaintiff's

13  Counsel shall file a motion for award of attorneys' fees, costs and expenses *not to exceed*

14  $30,000") (emphasis supplied).)  Plaintiff's counsel hereby requests that the Court award

15  Harris & Ruble attorney's fees and costs in the amount of $30,000.  The fee-and-cost

16  request totals thirty percent of the settlement amount.  Importantly, to date, no Class

17  Member has objected to the settlement or to the fact, *outlined in the Class Notice*, that

18  Plaintiff's counsel's fee will be deducted from the settlement amount.  (See Decl. of Alan

19  Harris in Supp. of Mot. for Award of Attorneys' Fees and Reimbursement of Costs

20  ("Harris Decl.") ¶ 3, Ex. 9.)  As explained more fully below, Plaintiff's request for fees

21  and reimbursement of expenses should be granted.

22  **II.    Argument.**

23      **A.    Plaintiff's Attorneys Are Entitled to Recover Attorney's Fees from the**

24          **Common Fund.**

25      Courts have broad discretion in assessing the reasonableness of attorney's fees in

26  class actions.  Powers v. Eichen, 229 F.3d 1249, 1256 (9th Cir. 2000); In re

27  FPI/Agretech Sec. Litig., 105 F.3d 469, 472 (9th Cir. 1997).  In this case, Plaintiff's

28  counsel seeks an award of fees under the "common fund" doctrine, which doctrine

1  allows a litigant or lawyer who recovers a common fund for the benefit of others to

2  recover a reasonable attorney's fee from the fund as a whole.  Boeing Co. v. Van

3  Gemert, 444 U.S. 472, 478 (1980); Vizcaino v. Microsoft Corp., 290 F.3d 1043, 1047

4  (9th Cir. 2002).  The common-fund doctrine is properly applied when "(1) the class of

5  beneficiaries is sufficiently identifiable, (2) the benefits can be accurately traced, and (3)

6  the fee can be shifted with some exactitude to those benefiting."  Petition of Hill, 775

7  F.2d 1037, 1041 (9th Cir. 1985).  Here, the common-fund fee recovery is appropriate

8  because "each [M]ember of [the] certified [C]lass has an undisputed and mathematically

9  ascertainable claim to part of a lump-sum recovered on his [or her] behalf."  Van Gemert,

10  444 U.S. at 479.

11  **_B._**      **_The Ninth Circuit Has Set a Benchmark for Common-Fund Fee Awards_**

12  **_Between Twenty-Five and Thirty Percent._**

13       In this case, Plaintiff's counsel seeks thirty percent, or $30,000, of the common

14  fund for its attorney's fees and costs.  The Ninth Circuit has held that twenty-five to

15  thirty percent "[i]s the 'benchmark' award that should be given in common fund cases."

16  Six Mexican Workers v. Ariz. Citrus Growers, 904 F.2d 1301, 1311 (9th Cir. 1990)

17  (stating that twenty to thirty percent is the usual common-fund award amount); Vizcaino,

18  290 F.3d at 1050 (approving a twenty-eight-percent contingency-fee award of

19  $27,127,800); Hanlon v. Chrysler Corp., 150 F.3d 1011, 1029 (9th Cir. 1998) (stating

20  that "25 percent has been a proper benchmark figure" and that any modification should

21  be "accompanied by a reasonable explanation of why the benchmark is unreasonable

22  under the circumstances") (internal citations omitted); Paul, Johnson, Alston & Hunt v.

23  Graulty, 886 F.2d 268, 272 (9th Cir. 1989) (approving recovery of one-third of clients'

24  recovery based on contingency agreement in retainer, plus twenty-five percent of

25  common fund); In re Activision Sec. Litig., 723 F. Supp. 1373, 1378–79 (N.D. Cal.

26  1989) (finding that, in most cases, the benchmark is thirty percent and that an award of

27  thirty percent is substantially justified).

28       Contingency fees are intended to reward class counsel for carrying the financial

3

1   burden of a case, effectively prosecuting it, and achieving a settlement for the class.

2   Torrisi v. Tucson Elec. Power Co., 8 F.3d 1370, 1377 (9th Cir. 1993).  As will be

3   discussed more fully in Plaintiff's Motion for Final Approval of Settlement, to be filed

4   on October 1, 2008, the Stipulation of Settlement confers a substantial benefit to

5   Claimants, who will finally receive compensation for foregone meal and rest breaks, for

6   inappropriate pay-stubs, for unpaid overtime, and for the non-timely payment of final

7   wages.  The results are quite beneficial to Claimants, who have waited years to be

8   compensated for Defendants' alleged violations.  The contingent nature of this case and

9   the results obtained clearly justify the requested fee, which fee falls within the

10   percentages awarded in other class actions in the Ninth Circuit and which fee is

11   appropriate in this case because each Claimant will receive well over one-thousand

12   dollars *even if the fee request is granted in full*.  In light of these facts, the fee request is

13   entirely reasonable and fair.

14   ### *C.    The Lodestar Cross-Check Confirms that the Requested Attorney's Fee Is*

15   ### *Reasonable.*

16   The appropriateness of a percentage award is subject to a "lodestar cross-check"

17   that involves examining the time expended by counsel, counsel's market rate, and the

18   appropriateness of a multiplier to verify the reasonableness of the percentage recovery

19   sought.  See Vizcaino, 290 F.3d at 1050 (stating that reference to the lodestar "may

20   provide a useful perspective on the reasonableness of a given percentage award").  In

21   determining attorney's fees under the lodestar approach, courts generally begin by

22   multiplying the number of hours reasonably expended on the litigation by a reasonable

23   hourly rate.  Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).  Typically, courts adjust

24   the lodestar by a multiplier to increase the lodestar amount, using the factors set out in

25   Kerr v. Screen Guild Extras, Inc., 526 F.2d 67 (9th Cir. 1976).  These factors include (1)

26   the time and labor required; (2) the novelty and difficulty of the issues litigated; (3) the

27   skill needed to perform properly the legal service; (4) the preclusion of other

28   employment due to the acceptance of work; (5) the customary fee; (6) whether the fee is

1  fixed or contingent; (7) the time limitations imposed by the client or the circumstances;

2  (8) the amount at issue and the results obtained; (9) the experience, reputation, and

3  ability of the attorney or attorneys; (10) the "undesirability" of the case; (11) the length

4  and nature of the professional relationship between the attorney and the client; and (12)

5  awards in similar cases. Id. at 70.

6       In the present case, the above factors support the requested $30,000 award.

7  Plaintiff's attorneys have devoted a great deal of time and effort to this litigation, the

8  defense of which was driven by the franchisor (Maid Brigade, Inc.) of the local corporate

9  Defendant (BMJ LLC). Under the circumstances, counsel who secure recovery on

10 behalf of a small class of wage earners at the bottom of the economic scale—a

11 particularly undesirable case from the perspective of a typical attorney, given the small

12 recovery amounts at play—deserve the requested fee. As detailed below, Class Counsel

13 have expended approximately $126,536 in attorney's fees in this case—over four times

14 the amount requested in this fee petition. In addition, Defendants have steadfastly and

15 repeatedly denied all of Plaintiff's contentions and allegations, making it clear from early

16 on that they would oppose both the merits of the case and class certification. Indeed, to

17 this day, Defendants still deny Plaintiff's contentions. Moreover, Plaintiff's counsel

18 took this case on a contingency-fee basis. Accordingly, the prosecution of this class

19 action involved significant financial risk for Plaintiff's counsel, as counsel undertook the

20 obligation to prosecute this matter with no guarantee of recovery. In the absence of a

21 contingency-fee arrangement under which Plaintiff's counsel undertook the

22 responsibility to pursue this case, the matter simply could not have been brought.

23 Plaintiff herself simply does not have the resources to advance the necessary costs, much

24 less pay the normal hourly rates that counsel would charge. Counsel's undertaking to

25 prosecute a matter of this magnitude and complexity requires that they be prepared to

26 advance substantial costs and defer any fee whatsoever, pending a favorable outcome.

27      Perhaps most importantly, however, *Plaintiff's counsel undertook this case at a*

28 *time when the outcome of the bulk of the asserted claims was highly uncertain*. Again,

MEM. OF P. & A. IN SUPPORT OF PL.'S MOT. FOR AWARD OF ATT'Y'S FEES & REIMBURSEMENT OF COSTS

1  Plaintiff asserted that Defendants had violated the California Labor Code by failing to

2  provide its employees with the ten-minute rest periods and thirty-minute meal periods

3  mandated by sections 226.7 and 512 of the California Labor Code.[1]  Accordingly,

4  Plaintiff contended that Defendants' employees were entitled to "one additional hour of

5  pay at [their] regular rate of compensation for each work day that the meal or rest period

6  [w]as not provided."  Cal. Lab. Code § 226.7(b).  However, Plaintiff's counsel concedes

7  that, oftentimes, the number of breaks missed by any given Class Member requires a

8  rather individualized inquiry, depending, for example, on the employee's own behavior.

9  See, e.g., Brinker v. Superior Court, 2008 Cal. App. LEXIS 1138 at *31–71 (filed July

10  22, 2008) (vacating a class-certification order by explaining that whether employees

11  have been denied the rest and meal breaks to which they were entitled or whether they

12  voluntarily chose not to take them was a highly individualized inquiry).

13      In addition to the substantial risk with respect to Plaintiff's claims for meal and

14  rest breaks, such risk also existed with respect to Plaintiff's claims for Defendants'

15  alleged pay-stub violations.  Plaintiff alleged that Defendants failed to provide

16  information concerning the employees' applicable hourly rates.  Plaintiff's counsel,

17  however, recognized that Defendants had arguable defenses with respect to whether such

18  violations merited awarding each Settlement Class Member his or her maximum award

19  of $4000.[2]  First, Defendants could claim that it substantially complied with the relevant

20      [1] Section 512 of the California Labor Code states, in pertinent part:

21      An employer may not employ an employee for a work period of more than
        five hours per day without providing the employee with a meal period of not
22      less than 30 minutes, except that if the total work period per day of the
        employee is no more than six hours, the meal period may be waived by
23      mutual consent of both the employer and employee.

24  Cal. Lab. Code § 512(a).  Section 226.7 of the California Labor Code states, in pertinent
    part, that "[n]o employer shall require any employee to work during any meal or rest
25  period mandated by an applicable order of the Industrial Welfare Commission."  Id.
    § 226.7(a).  The applicable Order of the Industrial Welfare Commission is Wage Order
26  No. 5, which Order states (1) that an employer must provide an employee with a thirty-
    minute meal break if the employee works for more than five hours per day, see 8 Cal.
27  Code Regs. § 11050(11)(A), and (2) that an employer must provide an employee with a
    ten-minute rest break if the employee works for at least three and one-half hours per day,
    see id. § 11050(12)(A).
28      [2] Section 226 of the California Labor Code states, in pertinent part:

1  statutory provision:  section 226 of the California Labor Code.  With respect to this

2  defense, courts may look to whether a party has "substantially complied" with statutory

3  requirements—even as to statutes whose provisions are mandatory and employ the term

4  "shall."  Cf. Downtown Palo Alto Comm. for Fair Assessment v. City Council, 180 Cal.

5  App. 3d 384, 395–96 (1986).  Where there is compliance as to all matters of substance,

6  technical deviations may not constitute noncompliance.  Cf. Malek v. Blue Cross of Cal.,

7  121 Cal. App. 4th 44, 72 (2004).  Here, Defendants potentially could show that they

8  literally and substantially complied with the allegedly more important requirements of

9  section 226 and that their pay-stubs provide the necessary information to evaluate

10 whether their employees have been paid properly.  Furthermore, Defendants potentially

11 could argue that Plaintiff would be unable to show that she or any of Defendants'

12 employees "suffered injury" as a result of a "knowing and intentional" violation by

13 Defendants—two additional requirements of section 226.  More specifically, section 226

14 provides, in pertinent part, that "[a]n employee [must] suffer[] injury as a result of a

15 knowing and intentional failure by an employer" to furnish the requisite pay-stub

16 information.  Cal. Lab. Code § 226(e).  An example of such "injury" is the "loss of

17 benefits under a health and welfare plan if the employer failed to make contributions or

18 deductions and the employee was unaware of such failure due to the lack of information

19 on the payroll stub."  See Sept. 7, 1976, Enrolled Bill Memorandum to Governor.

20 Plaintiff and Class Members, Defendants could argue, have no similar "injury" here.

21      In short, from the beginning of this litigation, Plaintiff's eventual recovery was far

22 from assured.  As explained above, Plaintiff faced multiple challenges with regard not

23 only to the theory of liability but also with regard to whether the Class could even be

24

25      An employee suffering injury as a result of a knowing and intentional
26      failure by an employer to [provide all pay-stub information] is entitled to
        recover the greater of all actual damages or fifty dollars ($50) for the initial
        pay period in which a violation occurs and one hundred dollars ($100) per
27      employee for each violation in a subsequent pay period, not exceeding an
        aggregate penalty of four thousand dollars ($4000).
28 Cal. Lab. Code § 226(e).

MEM. OF P. & A. IN SUPPORT OF PL.'S MOT. FOR AWARD OF ATT'Y'S FEES & REIMBURSEMENT OF COSTS

1    certified.  Cf., e.g., Grosz v. Boeing Co., 2003 U.S. Dist. LEXIS 25341 at \*16–17

2    ("Without some evidence of the class-wide use of common decisional criteria or

3    practices, [the p]laintiffs have failed to show the requisite commonality and typicality.")

4    Despite such challenges, Plaintiff's counsel was able to persuade Defendants that a

5    credible case could be marshaled and maintained, which ultimately resulted in the sizable

6    settlement that is before this Court.  Indeed, the experience and ability of Plaintiff's

7    counsel was essential to success in this litigation.  As noted in the Declaration of Alan

8    Harris in Support of Motion for Award of Attorney's Fees and Reimbursement of Costs,

9    Plaintiff's counsel specializes in complex and class-action litigation, and Plaintiff's

10   counsel has substantial familiarity with California wage-and-hour laws.  (See Harris

11   Decl. ¶¶ 2, 5.)  Plaintiff's counsel's skill in developing evidence, arguing the law, and

12   convincing Defendants of their potential exposure were essential to achieving this

13   settlement.

14        Here, Plaintiff's counsel has submitted records showing the amount of time

15   expended on this litigation and the attorneys' corresponding billing rates.  (See Harris

16   Decl. Ex. 1.)  The records indicate the nature of the specific tasks for which

17   compensation is sought.  They are sufficiently detailed, and they reflect a reasonable

18   number of hours given the complexity and risks of this case.  Plaintiff's counsel also has

19   submitted the Declaration of an expert who was retained by the firm in order to calculate

20   the reasonableness of the firm's billing rates. (Harris Decl. Ex. 3.)  Those rates are the

21   rates that are used in Plaintiff's counsel's time records.  Exhibit 1 to the Declaration of

22   Alan Harris in Support of Motion for Award of Attorney's Fees and Reimbursement of

23   Costs provides that Plaintiff's counsel has expended approximately 230.90 total hours

24   working on this case, resulting in a lodestar of $126,536.  Accordingly, with respect to

25   the lodestar cross-check, *no multiplier is necessary in order to justify the requested*

26   *attorney's fees*.  See Vizcaino, 290 F.3d at 1051 n.6 (describing the range of multipliers

27   used in lodestar cross-checks, "finding a range of 0.6–19.6.")

28   / / / / /

MEM. OF P. & A. IN SUPPORT OF PL.'S MOT. FOR AWARD OF ATT'Y'S FEES & REIMBURSEMENT OF COSTS

1

2

***D.    Plaintiff's Counsel's Request for Fees Is Justified in Light of the Speed of Settlement.***

3    This case was litigated in an efficient manner and settled within two years of its

4    commencement.  This should underscore, not undermine, counsel's entitlement to the

5    requested fee.  Many courts have cautioned against any implication that class counsel

6    should be penalized for its skill in settling a case.  On the contrary:

7        [I]n many instances, it may be a relevant circumstance that counsel achieved

8        a timely result for class members in need of immediate relief.  The lodestar

9        method is merely a cross-check on the reasonableness of a percentage

10       figure, and it is widely recognized that the lodestar method creates

11       incentives for counsel to expend more hours than may be necessary on

12       litigating a case so as to recover a reasonable fee, since the lodestar method

13       does not reward early settlement.

14    Vizcaino, 290 F.3d at 1050 n.5.

15

16

***E.    Plaintiff's Attorneys Are Entitled to Reasonable Attorney's Fees and Costs Under the California Labor Code.***

17    Plaintiff alleges that Defendants violated the California Labor Code by failing to

18    pay its employees for foregone meal and rest breaks.  In addition, Plaintiff contends that

19    Defendants failed to provide the pay-stub information required by section 226 of the

20    California Labor Code.  Public policy recognizes the extreme importance of deterring

21    misconduct of this nature.  Accordingly, unlike the prevailing "American Rule" in

22    litigation, in which each party bears its own attorney's fees, in employment cases of this

23    nature, as well as in civil rights cases, antitrust cases, and other unique situations, the law

24    requires that the wrongdoer pay the legal fees of the prevailing party.  Moreover, section

25    226 of the California Labor Code provides that "[a]n employee suffering injury as a

26    result of knowing and intentional failure to [provide the requisite pay-stub information]

27    is . . . entitled to an award of costs and reasonable attorney's fees."  Cal. Lab. Code

28    § 226(e).  Furthermore, section 218.5 of the California Labor Code provides that, "[i]n

9

1   any action brought for the nonpayment of wages . . . the court shall award reasonable

2   attorney's fees and costs to the prevailing party if any party to the action requests

3   attorney's fees and costs upon the initiation of the action."  <u>Id.</u> § 218.5.

4   ***III.   Conclusion.***

5       It is respectfully submitted that this Court award Plaintiff's counsel attorney's fees

6   and costs of $30,000 and that the Court award $9,000 plus costs in claims-administration

7   fees.

8

9   DATED:  August 15, 2008                    HARRIS & RUBLE

10                                         _____/s/_____

11                                         Alan Harris
                                           *Attorneys for Plaintiff*

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MEM. OF P. & A. IN SUPPORT OF PL.'S MOT. FOR AWARD OF ATT'Y'S FEES & REIMBURSEMENT OF COSTS

**PROOF OF SERVICE**

I am an attorney for Plaintiff herein, over the age of eighteen years, and not a party to the within action.  My business address is Harris & Ruble, 5455 Wilshire Boulevard, Suite 1800, Los Angeles, California 90036.  On August 15, 2008, I served the within document(s):  **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR AWARD OF ATTORNEY'S FEES AND REIMBURSEMENT OF COSTS**.

I caused such envelope to be delivered by hand in person to:

    N/A

I caused such to be delivered via the Court's CM/ECF System:

    James Bowles
    jbowles@hillfarrer.com
    docket@hhillfarrer.com
    lforte@hillfarrer.com
    smcloughlin@hillfarrer.com

    Michelle Johnson
    michelle.johnson@nelsonmullins.com

    Patrick Macias
    pmacias@rjlawllp.com

    Edward McLoughlin
    smcloughlin@hillfarrer.com
    avillar@hillfarrer.com
    docket@hillfarrer.com

    Daniel Shea
    daniel.shea@nelsonmullins.com

I am readily familiar with the Firm's practice of collection and processing correspondence for mailing.  Under that practice, the document(s) would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business, addressed as follows:

    N/A

I declare under penalty of perjury that the above is true and correct.  Executed on August 15, 2008, at Los Angeles, California.

        /s/
        David Zelenski

MEM. OF P. & A. IN SUPPORT OF PL.'S MOT. FOR AWARD OF ATT'Y'S FEES & REIMBURSEMENT OF COSTS

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MEM. OF P. & A. IN SUPPORT OF PL.'S MOT. FOR AWARD OF ATT'Y'S FEES & REIMBURSEMENT OF COSTS