Alan Harris (SBN 146079)
David S. Harris (SBN 215224)
David Zelenski (SBN 231768)
HARRIS & RUBLE
5455 Wilshire Boulevard, Suite 1800
Los Angeles, California 90069
Telephone: (323) 931-3777
Facsimile: (323) 931-3366

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIRGINIA PEREZ, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MAID BRIGADE, INC., a Delaware Corporation, and BMJ LLC, a California Limited Liability Company,<br><br>Defendants. | Case No. C 07-3473 SI<br><br>**DECLARATION OF ALAN HARRIS IN SUPPORT OF PLAINTIFF'S MOTION FOR AWARD OF ATTORNEY'S FEES AND REIMBURSEMENT OF COSTS**<br><br>Date: October 24, 2008<br>Time: 9:00 a.m.<br>Dep't: 10<br><br>*Assigned to Hon. Susan Illston* |

ALAN HARRIS declares under penalty of perjury as follows:

1. I am a member in good standing of the State Bar of California and am one of the attorneys for Plaintiff in the above-captioned action. I make this Declaration in Support of Plaintiff's Motion for Award of Attorney's Fees and Reimbursement of Costs. If sworn as a witness, I could competently testify to each and every fact set forth herein from my own personal knowledge.

2. I have been and am licensed as an attorney, first in Illinois (1974) and later in California (1989). I am a graduate of the University of Illinois (A.B. 1970; J.D. 1974). After graduation from law school in January 1974, I was hired as a litigation

associate at a plaintiffs' antitrust boutique in Chicago, Illinois: Freeman, Freeman & Salzman. I became a partner in that firm in 1980, and I started my own practice in 1982. I have represented plaintiffs in complex business litigation for over thirty-four years. E.g., Illinois v. Ill. Brick Co., Inc., 431 U.S. 720 (1977); In re My Left Hook, LLC, 129 Fed. Appx. 352 (9th Cir. 2005); Gregory v. SCIE, LLC, 317 F.3d 1050 (9th Cir. 2003); In re Blue Coal Corp., 986 F.2d 687 (3d Cir. 1993); In re Blue Coal Corp., 206 B.R. 730 (M.D. Pa. 1997); U.S. v. Gleneagles Inv. Co., Inc., 584 F. Supp. 671, 689 (M.D. Pa. 1984), aff'd. in part & vacated in part, and remanded sub. nom. U.S. v. Tabor Ct. Realty Corp. 803 F.2d 1288 (3d Cir. 1986), cert. den. sub. nom. McClellan Realty Co. v. U.S. 483 U.S. 1005 (1987); In re Uranium Antitrust Litig., 503 F. Supp. 33 (N.D. Ill. 1981); In re Grand Jury, 469 F. Supp. 666 (M.D. Pa. 1980); In re Anthracite Coal Antitrust Litig., 82 F.R.D. 364 (M.D. Pa. 1979); In re Folding Carton Antitrust Litig., 83 F.R.D. 251 (N.D. Ill. 1978); In re Anthracite Coal Antitrust Litig., 78 F.R.D. 709 (M.D. Pa. 1978); In re Masterkey Antitrust Litig., 1977 U.S. Dist. LEXIS 12948 (D. Conn. 1977) (jury trial for plaintiffs); A. Cherney Disposal Co. v. Chicago & Suburban Refuse Disposal Corp., 68 F.R.D. 383 (N.D. Ill. 1975); In re Cement-Concrete Block, Chicago Area, Grand Jury Proceedings, 381 F.Supp. 1108 (N.D. Ill. 1974); Lisa Frank, Inc. v. Brown, 2006 Westlaw 1237277 (Cal. Ct. App. 2006); Parmet v. Lapin, 2004 Cal. App. Unpub. LEXIS 5217 (June 1, 2004). I have represented employees in numerous disputes concerning their receipt of pay in connection with their employment, both before the State of California Division of Labor Standards Enforcement and in state and federal courts in California. E.g., Tremblay v. Chevron Stations, Inc., 2008 Westlaw 2020514 (N.D. Cal. May 8, 2008) (certification of collective action); Hoffman v. Uncle P Prods., 2008 Cal. App. Unpub. LEXIS 3609 (three-year statute of limitations applies to section 203 claims for continuing wages); Bithell v. E. P. Management Services, LP, 2007 Westlaw 4216854 (Cal. Ct. App. 2007) (sustaining class settlement of entertainment-industry employees' section 203 and 226 claims against entertainment-industry "payroll companies" and studios); DuPont v. Avalon Hollywood Servs., Inc., 2007 Westlaw

93386 (Cal. App. 2007); <u>Gregory v. Superior Court</u>, 2004 Westlaw 2786357 (Cal. Ct. App. 2004) (employee of entertainment-industry payroll company not subject to arbitration of dispute under collective bargaining agreement).  The undersigned has been appointed lead class counsel in many settled class actions, e.g., <u>Kang v. Albertson's, Inc.</u>, United States District Court for the Central District of California Case No. 2:07-CV-00894-CAS-FFM ($6,637,500 settlement of labor-law claims); <u>Tremblay v. Chevron Stations, Inc.</u>, United States District Court for the Northern District of California, Case No. CV 07-6009 EDL ($4,500,000 settlement of labor-law claims); <u>Jacobs v. CSAA Inter Insurance Bureau</u>, United States District Court for the Northern District of California, Case No. CV 07-00362 MHP ($850,000 settlement of labor-law claims); <u>Doty v. Costco Wholesale Corp.</u>, United States District Court for the Central District of California Case No. CV 05-3241 FMC (JWJx) ($7,500,000 distributed to class members for FLSA and California Labor Code section 203 and 226 violations); <u>Agatep v. Exxon Mobil Corporation</u>, United States District Court, Central District of California No. CV 05-2342 GAF ($1,500,000 settlement on behalf of service-station employees in California); <u>Alfano v. International Coffee & Tea, LLC</u>, United States District Court for the Central District of California Case No. CV 04-8996 SVW (CWx) (FLSA and California Labor Code section 226, 510. and 1194 case); <u>Jenne v. On Stage Audio Corporation</u>, United States District Court for the Central District of California Case No. CV 04-2045 CAS (PJWx) (FLSA and California Labor Code section 203 violations); <u>Hansen v. Advanced Tech Security Services, Inc.</u>, Los Angeles Superior Court, Case No: BC 367175 ($1,050,000 settlement of labor-law claims); <u>Ross v. Human Resources, Inc.</u>, Los Angeles Superior Court, Case Number BC 351506 (California Labor Code section 203 case); <u>Harrington v. Manpay, LLC</u>, Los Angeles Superior Court No. BC 312171 ($1,000,000 distributed to class members in a section 510 and section 1194 case); <u>Brackett v. Saatchi & Saatchi</u>, Los Angeles Superior Court Case No. BC 298728 (over $170,000 distributed to class members in an FLSA and section 203 case); <u>Readmond v. Straw Dogs, Inc.</u>, Los Angeles Superior Court No. BC257394 (over $100,000 distributed

to class members in a section 203 case); <u>Greenberg v. EP Management Services, LP</u>, Los Angeles Superior Court Case No. BC 237787 ($5,348,000 settlement of claims under sections 203 and 226 of California Labor Code); <u>Angel Paws, Inc. v. Avalon Payroll Servs., Inc.</u>, Los Angeles Superior Court No. BC 188982 (over $450,000 distributed to class members in a section 203 case); <u>Saunders v. Metro Image Group</u>, San Diego Superior Court Case No. GIC 809753 (California Labor Code section 203 case); <u>Stratford v. Citicorp West FSB</u>, Monterrey Superior Court Case No. M 81026 ($950,000 settlement of labor-law claims). The majority of the foregoing cases were undertaken on a contingent-fee basis, and Harris & Ruble has sufficient financial resources to engage in that sort of practice.

3. During litigation of this matter, Harris & Ruble secured a $90,000 settlement on behalf of Plaintiff and Members of the Class for payment of unpaid compensation for missed rest breaks and meal breaks under the California Labor Code, as well as for damages owing on account of unpaid overtime and pay-stub violations. The settlement will result in the payment of overdue wages to approximately one-hundred employees. The settlement also provides that Defendant pay civil penalties to the California Labor and Workforce Development Agency of $2,500.

4. The initial investigation of the law and the development of facts began in mid-2007. Attached hereto as Exhibit 1 are detailed records of the time spent by Harris & Ruble in initiating the case, discovery, negotiation of the settlement, and law-and-motion practice. Attached hereto as Exhibit 2 are detailed records of the to-date claims-administration fees and expenses. With respect to attorney's fees, approximately 230 hours of attorney work were required, resulting in a lodestar of $126,536. The mixed hourly rate for these services is $548. As discussed in detail in the Memorandum of Points and Authorities in Support of Plaintiff's Motion for Award of Attorney's Fees and Reimbursement of Costs, filed and served herewith, Harris & Ruble seeks reimbursement of attorney's fees and costs in the amount of $30,000, or 30% of the Settlement Fund, as well as $9,000 plus costs for claims-administration fees and

expenses. These amounts will include compensation for all additional work in this case, including appearing at the hearing for final approval of the settlement, administering the still-open Claim Period, dealing with what should be dozens of inquiries from Class Members, processing valid Claim Forms, and disbursing individual settlement amounts to Claimants.

    5.    During the course of this case, the following employees of Harris & Ruble made substantial contributions:

    a.    Alan Harris. Alan Harris is a graduate of the University of Illinois (AB 1970, JD 1974). He is a member of the bars of Illinois (1974) and California (1989). In this matter, Mr. Harris spent approximately 85 hours in litigation and toward generating a settlement fund. As detailed in the Declaration of Peter D. Zeughauser, attached as Exhibit 3 hereto, the market hourly rate for these services is $725.

    b.    David Zelenski is a graduate of Reed College (BA, 1999) and the University of Southern California (JD 2003) (law review). He is a member of the California bar (June 28, 2004), and his law-school Note, <u>Talent Agents, Personal Managers, and Their Conflicts in the New Hollywood</u>, 76 S. Cal. L. Rev. 979 (2003), has been cited by the California Supreme Court in <u>Marathon Entertainment, Inc. v. Blasi</u>, 42 Cal. 4th 974 (2008). In this matter, Mr. Zelenski spent 50.3 hours in litigation. As supported by the Zeughauser Declaration, the market hourly rate for the services of Mr. Zelenski is $390.

    c.    Abigail Treanor is a graduate of the University of Southern California (BA, 2000) and the University of California, Los Angeles (JD 2003). She is a member of the California bar (December 2, 2003). Ms. Treanor spent 1.10 hours in litigation of this matter and toward generating the settlement fund. As supported by the Zeughauser Declaration, the market rate for the services of Ms. Treanor is $390.

    d.    Jonathan Ricasa is a graduate of the University of California, Los

Angeles (BA 1997) and the University of Southern California (JD 2001). He is a member of the California bar (December 9, 2002). Mr. Ricasa spent .1 hours in litigation of this matter. As supported by the Zeughauser Declaration, the market rate for the services of Mr. Ricasa is $430.

  e. Lisa Owen is a graduate of Northeast Missouri State University (BS 1996) and the University of Kansas (JD 1999). She is a member of the bars of Kansas (September 24, 1999) and California (June 6, 2000). In this matter, Ms. Owen spent 4.8 hours in litigation of this matter. As supported by the Zeughauser Declaration, the market rate for the services of Ms. Owen is $500.

  f. Matthew Kavanaugh is a graduate of Emerson Collect (BA 2000) and Southwestern Law School (JD 2005). In this matter, Mr. Kavanaugh spent .20 hours in litigation of this matter. As supported by the Zeughauser Declaration, the market rate for the services of Mr. Kavanaugh is $320.

  g. David S. Harris is a graduate of the University of Colorado (BS 1994) and the University of San Francisco (JD 2001). After graduation, he became a litigation associate, first at Brobeck, Phleger, & Harrison, LLP, then at Morgan Lewis & Bockius. In 2006, Mr. Harris commenced his own practice. In this matter, Mr. Harris spent 80.30 hours in litigation of this matter. The market rate for the services of Mr. Harris is $500.

  h. Dennis Bjorklund is a graduate of the California State University at San Bernardino (BA 1985). In this matter, Mr. Bjorklund spent 7.30 hours providing services. A reasonable hourly rate for his services is $210.

  i. Kathryn Abrams is a graduate of Wayne State University (JD 2004) and is a member of the bar of the State of Michigan. She is presently studying for the California bar. In this matter, Ms. Abrams spent 1.20 hours providing services. A reasonable hourly rate for her services is $200.

6. It is my practice and the policy of Harris & Ruble that all employees record their professional time on a contemporaneous basis. The recitation of professional time

DECL. OF ALAN HARRIS IN SUPP. OF MOT. FOR AWARD OF ATT'Y'S FEES & REIMBURSEMENT OF COSTS

and expenses in this Declaration is derived from contemporaneously maintained records. I regularly review the time and expense records of all employees. I have reviewed all of the records attached as Exhibit 1, and I believe them to accurately yet conservatively represent the time productively and necessarily spent in the prosecution of this case. In connection with the process of administering Harris & Ruble, I have retained the services of an expert in the field, Peter D. Zeughauser, whose Declaration is attached hereto as Exhibit 3. The hourly rates charged by Harris & Ruble are based on Mr. Zeughauser's expert opinion and on my own understanding of the market rates in Los Angeles, California.

7. In this case, Harris & Ruble successfully undertook to secure back wages owing to current and former hourly employees of Defendants Maid Brigade, Inc. and BMJ LLC.

8. As described in the accompanying Memorandum of Points and Authorities in Support of Plaintiff's Motion for Award of Attorneys Fees and Reimbursement of Costs, class certification presented a tremendous challenge in this case. For instance, the law with regard to whether sections 226 and 226.7 of the California Labor Code was and is unsettled. Even were Plaintiff to succeed in achieving certification of a class or subclasses, there would be substantial hurdles to overcome before securing recovery. With respect to the issues involving section 226 violations, Superior Court decisions after Cicairos v. Summit Logistics, Inc., 133 Cal. App. 4th 949 (2005), have narrowly construed the Cicairos holding and found that, in other cases, pay stubs that were not as confusing as those in Cicairos were in substantial compliance with the statutory requirements expressed in section 226. Based on my experience in other cases, a holding that the pay stubs generated by Defendants were in substantial compliance with state law was certainly within the realm of possibility. In such a case, the Class might have no recovery at all with regard to the section 226 issues. Similarly, based on my understanding, courts are often loathe to grant class certification in meal-and-rest-break cases. See, e.g., Brinker v. Superior Court, 2008 Cal. App. LEXIS 1138 at *31–71 (filed

July 22, 2008) (vacating a class-certification order by explaining that whether employees have been denied the rest and meal breaks to which they were entitled or whether they voluntarily chose not to take them was a highly individualized inquiry). Accordingly, from counsel's viewpoint, this case was extremely risky, with a substantial possibility of years of work and no recovery whatsoever.

9. Notice was mailed out pursuant to the terms specified in the Stipulation of Settlement. Attached hereto as Exhibit 4 is a true and correct copy of the Notice of Pendency of Class Action that was mailed to Class Members. As of August 15, 2008, no objections to the terms of the Stipulation of Settlement have been made.

I have read the foregoing, and the facts set forth therein are true of my own personal knowledge. Executed August 15, 2008, in the County of Los Angeles, State of California.

                                                      /s/
                                              Alan Harris

# PROOF OF SERVICE

I am an attorney for Plaintiff herein, over the age of eighteen years, and not a party to the within action. My business address is Harris & Ruble, 5455 Wilshire Boulevard, Suite 1800, Los Angeles, California 90036. On August 15, 2008, I served the within document(s): **DECLARATION OF ALAN HARRIS IN SUPPORT OF PLAINTIFF'S MOTION FOR AWARD OF ATTORNEY'S FEES AND REIMBURSEMENT OF COSTS**.

I caused such envelope to be delivered by hand in person to:

    N/A

I caused such to be delivered via the Court's CM/ECF System:

    James Bowles
    jbowles@hillfarrer.com
    docket@hhillfarrer.com
    lforte@hillfarrer.com
    smcloughlin@hillfarrer.com

    Michelle Johnson
    michelle.johnson@nelsonmullins.com

    Patrick Macias
    pmacias@rjlawllp.com

    Edward McLoughlin
    smcloughlin@hillfarrer.com
    avillar@hillfarrer.com
    docket@hillfarrer.com

    Daniel Shea
    daniel.shea@nelsonmullins.com

I am readily familiar with the Firm's practice of collection and processing correspondence for mailing. Under that practice, the document(s) would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business, addressed as follows:

    N/A

I declare under penalty of perjury that the above is true and correct. Executed on August 15, 2008, at Los Angeles, California.

                                /s/
                              David Zelenski

DECL. OF ALAN HARRIS IN SUPP. OF MOT. FOR AWARD OF ATT'Y'S FEES & REIMBURSEMENT OF COSTS

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

DECL. OF ALAN HARRIS IN SUPP. OF MOT. FOR AWARD OF ATT'Y'S FEES & REIMBURSEMENT OF COSTS