Alan Harris (SBN 146079)
David Harris (SBN 215224)
David Zelenski (SBN 231768)
HARRIS & RUBLE
5455 Wilshire Boulevard, Suite 1800
Los Angeles, California 90069
Telephone: (323) 931-3777
Facsimile: (323) 931-3366

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIRGINIA PEREZ, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MAID BRIGADE, INC., a Delaware Corporation, and BMJ LLC, a California Limited Liability Company,<br><br>Defendants. | Case No. C 07-3473 SI<br><br>**[PROPOSED] ORDER OF FINAL APPROVAL AND JUDGMENT OF DISMISSAL**<br><br>Date: November 5, 2008<br>Time: 4:00 p.m.<br>Dep't: 10<br><br>*Assigned to Hon. Susan Illston* |

On November 5, 2008, Plaintiff's Motion for Final Approval of Class-Action Settlement and Plaintiff's Motion for Award of Attorney's Fees and Reimbursement of Costs came on for hearing. Jonathan Ricasa of Harris & Ruble appeared on behalf of Plaintiff; Daniel M. Shea and Michelle W. Johnson of Nelson Mullins Riley & Scarborough, as well as James Bowles of Hill, Farrer & Burrill LLP, appeared on behalf of Defendants.

The Court having considered whether to order final approval of the settlement of the above-captioned action pursuant to the Stipulation of Settlement ("Settlement") filed on or about May 23, 2008; having read and considered all of the papers of the parties and their counsel; having granted preliminary approval and directed that notice be given to all Class Members of preliminary approval of the Settlement, the final approval hearing, and the right to be excluded from the settlement; having received no objections to the Settlement; and having concluded that good cause appears therefor, **IT IS HEREBY ORDERED** as follows:

1.  The terms used in this Order have the meaning assigned to them in the Stipulation of Settlement.

2.  This Court has jurisdiction over the claims asserted in the Litigation by Plaintiff Virginia Perez and over Class Members and Settling Defendants.

3.  The Court hereby makes final the conditional class certification contained in the Order Granting Plaintiff's Motion for Preliminary Approval of Class-Action Settlement ("Order of Preliminary Approval and Certification of the Settlement Class") and thus makes final for purposes of the Settlement the certification of a class whose members consist of all persons who, according to BMJ LLC's payroll records, were employed by BMJ LLC as non-exempt employees in California between July 7, 2003, and June 19, 2008, except for those persons who timely requested to be excluded from the Settlement in accordance with the terms thereof, as reported in the Declaration of Alan Harris in Support of Motion for Final Approval of Class-Action Settlement and the

Supplemental Declaration of Alan Harris in Support of Motion for Final Approval of Class-Action Settlement on file herein. The Court notes that no persons requested to be excluded from the Settlement.

4. The Court hereby finds that (1) the Notice of Preliminary Approval and Final Approval Hearing and Right to Be Excluded and (2) the Claim Form, as mailed to all Class Members pursuant to the Stipulation of Settlement, fairly and adequately described the proposed Settlement, the manner in which Class Members could object to or participate in the Settlement, and the manner in which Class Members could opt out of the Class; was the best notice practicable under the circumstances; was valid, due, and sufficient notice to all Class Members; and complied fully with the Federal Rules of Civil Procedure, due process, and all other applicable laws. The Court further finds that a full and fair opportunity has been afforded to Class Members to participate in the proceedings convened to determine whether the proposed Settlement should be given final approval. Accordingly, the Court hereby determines that all Class Members who did not file a timely and proper request to be excluded from the Settlement are bound by this final order.

5. The Court hereby finds that the Settlement is fair, reasonable, and adequate as to the Class, Plaintiff, and Settling Defendants; that it is the product of good-faith, arms-length negotiations between the parties; and that the Settlement is consistent with public policy and fully complies with all applicable provisions of the law. Accordingly, the Court hereby finally and unconditionally approves the Settlement and authorizes Settling Defendants to pay the Individual Settlement Amounts and associated tax obligations from the Settlement Amount in accordance with the terms of the Settlement.

6. Settling Defendants agreed in the Settlement not to object to Plaintiff's request for an enhancement award of $5,000 as payment to her for her service as Plaintiff. The Court has considered Plaintiff's request for an enhancement award of $5,000 and, good cause appearing, hereby grants Plaintiff's request in the amount of

$5,000 and authorizes Settling Defendants to pay this amount from the Settlement Amount in accordance with the terms of the Settlement.

7. Settling Defendants further agreed in the Settlement to pay reasonable attorney's fees, expenses, and costs to Plaintiff's Counsel up to a maximum of $30,000 as approved by the Court. Settling Defendants further agreed in the Settlement to pay from the Settlement Amount the reasonable costs of the Qualified Settlement Administrator associated with the notices to the Class and the administration of the Settlement and all costs associated with distribution of Individual Settlement Amounts to Class Members. Under the terms of the Settlement, and pursuant to the Order of Preliminary Approval and Certification of the Settlement Class, Plaintiff's Counsel was the Qualified Settlement Administrator. The Court has considered Plaintiff's Motion for Award of Attorney's Fees and Reimbursement of Costs and, good cause appearing, hereby awards Plaintiff's Counsel's attorney's fees in the amount of $30,000, as well as $9,000 for all costs and expenses—including claims-administration costs and expenses—incurred in this action. The Court authorizes Settling Defendants to pay such amounts from the Settlement Amount in accordance with the terms of the Settlement.

8. The Litigation is hereby dismissed with prejudice *provided*, however, that, without affecting the finality of this Order, the Court retains exclusive and continuing jurisdiction over the Litigation, Plaintiff, all Class Members, and Settling Defendants for purposes of supervising, administering, implementing, interpreting, and enforcing this Order and the Settlement.

Dated: November 5, 2008

_____
Hon. Susan Illston
U.S. District Court Judge